# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| D.S., | ) |
| Plaintiff, | ) Honorable Judge R. David Proctor |
| v. | ) Case No.: 2:20-cv-02012-RDP |
| JEFFERSON DUNN, et al., | ) |
| Defendants. | ) JURY TRIAL DEMANDED |

## PLAINTIFF'S MOTION FOR LIMITED EXPEDITED DISCOVERY
## TO FACILITATE SERVICE

Plaintiff D.S., by and through his attorneys with the law firms of Loevy & Loevy and the Dagney Johnson Law Group, move this Court for an order allowing Plaintiff to serve the limited subpoena attached as Exhibit A for the sole purpose of facilitating service. In support, Plaintiff states as follows:

1. Plaintiff respectfully seeks leave to serve limited expedited discovery to facilitate timely service in this case. Prior to filing this motion, Plaintiff conferred with counsel for Defendants from Maynard Cooper and Cappell & Howard, who indicated that Defendants oppose Plaintiff's motion.

2. On December 14, 2020, Plaintiff filed a Section 1983 case against current and former employees of the Alabama Department of Corrections ("ADOC") for failing to protect him from brutal assaults on or about January 29, 2019 at St. Clair Correctional Facility, and on or about December 15, 2018, at Donaldson Correctional Facility. Dkt. 1.

3. Plaintiff has thus far completed service with respect to 19 of the 29 defendants in the case. Plaintiff is currently making additional efforts to identify and serve the remaining 10 defendants (Karla Jones, Charles Daniels, Gwendolyn Givens, Sgt. Pickett, Sgt. McCordles, Officer Terry, Officer Streeter, Officer Garland, Jeffrey Baldwin, and Carl Sanders). However, most of these remaining defendants are no longer employed by the ADOC. *See, e.g.*, Dkt. 24 at 1 (defense counsel has agreed to represent Carl Sanders, Earl Pickett and Steve Terry, but "cannot accept service at this time because it appears those Defendants are no longer DOC employees . . ."). In addition, some Defendants, such as Charles Daniels, Jeffrey Baldwin, and Officer Garland, have common names that make identifying their residential addresses difficult. Still others can be identified by Plaintiff based only on last name, to the best of his recollection. *See* Dkt. 24 at 2 n.1 (ADOC has been unable to find a Sgt. McCordles and Officer Garland).

4. To identify the correct, full names and addresses of the remaining Defendants for the purpose of facilitating timely service, Plaintiff thus respectfully seeks an order permitting him to serve the attached subpoena upon ADOC, pursuant to Rule 34 of the Federal Rule of Civil Procedure.

5. Plaintiff seeks only the following documents and information: (a) last known addresses for eight[1] as-yet-unserved Defendants, to the extent available; (b) the incident reports for the January 29, 2019 assault on Plaintiff at St. Clair and the December 15, 2018 assault on Plaintiff at Donaldson, to identify the names of personnel involved; (c) a roster of staff on duty at St. Clair Correctional Facility on January 29, 2019, the date of Plaintiff's assault there, to identify the full and correct names of Defendants relating to Plaintiff's assault at St. Clair; and

---

[1] For two of the unserved Defendants—Carl Sanders and Officer Terry—the parties are discussing potential waiver of service and thus Plaintiff is not seeking their last known addresses at this time.

(d) a list of staff employed at Donaldson Correctional Facility on or about December 15, 2018 to identify the full and correct names of Defendants related to Plaintiff's assault at Donaldson.

6. Federal Rule of Civil Procedure 26(d)(1) allows for limited expedited discovery prior to the parties' discovery conference where good cause is shown. FED. R. CIV. PRO. 26 (d)(1); *United States v. Gachette,* No. 6:14-cv-1539-Orl-37TBS, 2014 WL 5518669, at *1 (M.D. Fla. Sept. 26, 2014). "Good cause may exist where, for example, discovery is necessary…to identify a John Doe defendant so that the plaintiff may serve process and the case can proceed..." *Id.* (citing, e.g., *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 242 (S.D.N.Y. 2012) (finding good cause because "without granting Plaintiff's request, the defendants cannot be identified or served and the litigation cannot proceed")).

7. Good cause exists for expedited discovery here because the proposed subpoena will assist Plaintiff in identifying the correct and full names and addresses of the as-yet-unserved Defendants and promptly serving them within the time remaining for service.

8. The requested discovery is extremely limited in scope. Plaintiff seeks only information that the ADOC routinely maintains: last known addresses for employees; incident reports; duty rosters; and a staff list/directory.

9. Plaintiff brings this motion in good faith and to ensure the timely service of the remaining Defendants.

WHEREFORE, Plaintiff respectfully requests an Order allowing Plaintiff to serve the subpoena attached hereto as Exhibit A to facilitate service on the remaining Defendants.

Respectfully submitted,

**D.S.**

BY: /s/ Ruth Brown
   *Counsel of Record*

BY: /s/ Anil Mujumdar
   *Local Counsel*

*Ruth Z. Brown (pro hac vice) (IL No. 6299187)
Megan Pierce (pro hac vice) (CA No. 314044)
Attorneys for Plaintiff
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
Telephone: 312s-243-5900
Fax: 312-243-5902
Email: ruth@loevy.com, megan@loevy.com
*Counsel of Record

Anil A. Mujumdar (ASB-2004-L65M)
Dagney Johnson Law Group
2170 Highland Avenue, Suite 250
Birmingham, Alabama 35205
T: 205.590.6986
F: 205.809.7899
E: anil@dagneylaw.com
* Local Counsel

# CERTIFICATE OF SERVICE

I, Ruth Brown, hereby certify that on February 12, 2021, I caused the foregoing Motion for Limited Discovery to Facilitate Service to be filed using the Court's CM/ECF system, causing it to be filed on counsel for all Defendants.

/s/ Ruth Brown
*One of Plaintiff's Attorneys*