FILED

2021 Feb-16  AM 08:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT M

Docket 27, Plaintiff's Motion for Leave to Proceed
Under a Pseudonym and to Seal in Part Dkt. Entries 1-3, 15, 17,
19, and 23-26

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| D.S., | ) | |
| | ) | |
| Plaintiff, | ) | Honorable Judge R. David Proctor |
| | ) | |
| v. | ) | Case No.: 2:20-cv-02012-RDP |
| | ) | |
| | ) | |
| | ) | |
| JEFFERSON DUNN, et al., | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |
| | ) | |
| | ) | |

## PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO PROCEED UNDER A PSEUDONYM AND TO SEAL IN PART DOCKET ENTRIES 1-8, 15, 17, 19 and 23-26

Plaintiff D.S., by and through his attorneys with the law firms of Loevy & Loevy and the Dagney Johnson Law Group, respectfully moves this Honorable Court, pursuant to Rule 10 of the Federal Rules of Civil Procedure, to permit him to proceed in this litigation only by his initials and to place prior documents that identify him by name under a partial seal order such that Plaintiff's name, alone, is sealed. In support of this motion, Plaintiff states as follows:

1.      Plaintiff conferred with counsel for Defendants Dunn, Williams, Ellington, Givens, Malone, White, Vincent, Estelle, Boyd, Baldwin, Caldwell, Pickens, Bonner, Ary, Gordy, Ragsdale, and Graham, who indicated that those Defendants have no opposition to Plaintiff proceeding pseudonymously or any other relief sought in this motion. Plaintiff has been unable to determine the position of the remaining Defendants because they have not yet been served and have not consented to representation by defense counsel who have appeared in this matter. Accordingly, Plaintiff respectfully asks that the Court grant him the relief sought—leave to proceed pursuant to a pseudonym—and, should any remaining Defendants object to

proceeding in this manner, permit such Defendants to challenge this result by filing a motion within the timeframe to answer or otherwise plead in response to Plaintiff's Complaint.

2. Plaintiff respectfully seeks leave to proceed in this litigation pursuant to a pseudonym.[1] A party may proceed in litigation under a pseudonym if he is able to show a substantial privacy interest that outweighs the presumptive openness of judicial proceedings. *See Doe v. Neverson*, 820 F. App'x 984, 986 (11th Cir. 2020) (reversing and remanding district court's denial of sexual-assault victim's motion to proceed pseudonymously in a civil suit against her alleged attacker). This request is assessed by consideration of the totality of the circumstances. *In re: Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1247 & n.5 (11th Cir. 2020). The Eleventh Circuit has held that the "first step" is to consider three factors: "whether the party seeking anonymity (1) is challenging government activity; (2) would be compelled, absent anonymity, to disclose information of the utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution." *Id.* at 1247. "[C]ases involving allegations of sexual conduct often implicate sensitive and highly personal information" warranting anonymity. *See S.W. v. Clayton Cty. Pub. Schs.*, No. 1:16-CV-0126-TCB, 2016 WL 8943337, at *2 (N.D. Ga. May 9, 2016). Additionally, the Eleventh Circuit has repeatedly held that "'social stigma' is sufficient to warrant proceeding anonymously."[2] *Neverson*, 820 F. App'x at 988.

3. Here, two factors weigh in favor of allowing Plaintiff to proceed pseudonymously. First, he is challenging government conduct: Actions and omissions of

---

[1] Plaintiff filed his Complaint using his full name. He did so out of an abundance of caution, to ensure notice of the action to Defendants, given that the complaint was filed shortly before expiration of the statute of limitations.

[2] To the extent the distinction between proceeding anonymously and pseudonymously is important to the Court's adjudication of this motion, Plaintiff states that he is not trying to withhold his true identity from Defendants by proceeding anonymously. Instead, his true identity has been disclosed to Defendants, and he seeks to proceed by a pseudonym so his true name is sealed from the public record because he is a survivor of sexual violence.

Defendants (employees and agents of the Alabama Department of Corrections (ADOC)) that caused him to suffer a brutal stabbing at Donaldson Correctional Facility, and then a second brutal stabbing and rape at St. Clair Correctional Facility. Doc. 1. Second, Plaintiff's allegations relate to his sexual assault by a group of male prisoners at St. Clair Correctional Facility. *Id.* Such allegations involve matters of the "utmost intimacy." *See S.B. v. Fla. Agricultural & Mech. Univ. Bd. of Trustees*, No. 4:16CV613-MW/CAS, 2018 WL 11239720, at *2 (N.D. Fla. Feb. 5, 2018). Disclosure of Plaintiff's name in the public filings in this case would expose him to embarrassment, stigma, and suffering, as the litigation involves descriptions of his brutal sexual assault. In fact, the government has recognized the importance of protecting the identity of prisoners who report sexual assault and has taken numerous steps through the Prison Rape Elimination Act (PREA) to do so. *See, e.g.*, 28 C.F.R. § 115.51(b) (requiring prisons to provide prisoners with avenues to report sexual assault or harassment to outside entities and anonymously); 28 C.F.R. § 115.61(b) (prohibiting prison staff from revealing information related to a sexual abuse report to anyone other than designated supervisors and individuals necessary to make treatment, investigation and other security or management decisions).

4.      Moreover, Plaintiff's status as a prisoner further counsels granting him leave to proceed pseudonymously. Incarcerated individuals who report sexual assaults by other prisoners are likely to suffer harassment and threats or acts of violence in retaliation for reporting. *See* National Prison Rape Elimination Commission Report at 135 (June 2009), *available at* https://www.ncjrs.gov/pdffiles1/226680.pdf. Moreover, male prisoners who are known to have engaged in sexual contact with other males (whether consensual or not) are likely to suffer additional embarrassment, harassment and stigma in the prison community. *See* National Prison Rape Elimination Commission Report at 34, 39 (June 2009), *available at* https://www.ncjrs.gov/pdffiles1/226680.pdf. If Plaintiff's name is made public in relation to his

allegations in this litigation, he is likely to suffer increased harassment, embarrassment, and violence from other prisoners.

5.      Defendants will not be prejudiced if Plaintiff is permitted to proceed pseudonymously. Defendants are already either aware of Plaintiff's identity, or will soon be, when service is completed, and "thus are not barred from conducting a full range of discovery in building a defense for trial." *See Plaintiff B v. Francis*, 631 F.3d 1310, 1319 (11th Cir. 2011). Additionally, permitting Plaintiff to proceed pseudonymously will not pose a threat of fundamental unfairness to Defendants because they have not been accused themselves of committing sexual misconduct against Plaintiff. *See Fla. Agricultural & Mech. Univ.*, 2018 WL 11239720, at *2. In sum, "[n]one of the normal harms threatened to defendants when plaintiffs proceed anonymously are present in this case." *See Francis*, 631 F.3d at 1319.

6.      Finally, the public interest in disclosure of Plaintiff's identity is minimal. *See Fla. Agricultural & Mech. Univ.*, 2018 WL 11239720, at *2 (concluding that the public has no interest in "outing a rape victim" in a Title IX case). If anything, consideration of the public good counsels in favor of granting Plaintiff's motion, as victims of sexual assault (including prisoners) are less likely to come forward if they know their identities will be made public.

7.      In addition, Plaintiff respectfully asks the Court to instruct the clerk to place docket entries 1-8, 15, 17, 19 and 23-26, which identify Plaintiff by his full name, under seal, pending resolution of the motion. Plaintiff further asks that the Court grant him leave to file public copies of docket entries 1-3, 6-7 and 15, with the sole change in those documents being that Plaintiff replaces his full name with his initials. Additionally, Plaintiff asks the Court to direct the clerk to redact Plaintiff's name from docket entries 4-5, 8 17, 19 and 23-26, and to file the redacted copies of those documents on the public docket. Finally, Plaintiff asks the Court to

direct the clerk to change the case name to *D.S. v. Dunn et al.*, and make any other necessary changes, so that electronic filings in this case do not utilize Plaintiff's full name.

WHEREFORE, Plaintiff respectfully moves this Honorable Court to enter an Order:

(1) granting him permission to proceed using his initials in this matter, subject to the ability of Defendants Culliver, Daniels, Jones, Brooks, Sanders, McMillian, McCordles, Knott, Pickett, Terry, Streeter, and Garland to later contest this outcome within the timeframe to answer or otherwise plead in response to Plaintiff's complaint;

(2) directing the clerk to seal docket entries 1-8, 15, 17, 19 and 23-26 and file on the public docket copies of docket entries 4, 5, 8, 17, 19 and 23-26 that have Plaintiff's name redacted,

(3) granting Plaintiff leave to file copies of docket entries 1-3, 6-7 and 15 on the public docket with the sole change being that Plaintiff replaces his name with his initials; and,

(4) directing the clerk to change the case name to *D.S. v. Dunn et al.*, and make any other necessary changes, so that electronic filings in this case do not utilize Plaintiff's full name.

Respectfully submitted,

**D.S.**

BY**:** /s/ Megan Pierce
 *Counsel of Record*

BY**:** /s/ Anil Mujumdar
 *Local Counsel*

*Ruth Z. Brown (pro hac vice) (IL No. 6299187)
Megan Pierce (pro hac vice) (CA No. 314044)
Attorneys for Plaintiff
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
Telephone: 312-243-5900
Fax: 312-243-5902

Email: ruth@loevy.com, megan@loevy.com
*Counsel of Record

Anil A. Mujumdar (ASB-2004-L65M)
Dagney Johnson Law Group
2170 Highland Avenue, Suite 250
Birmingham, Alabama 35205
T: 205.590.6986
F: 205.809.7899
E: anil@dagneylaw.com
* Local Counsel


## CERTIFICATE OF SERVICE

I, Megan Pierce, hereby certify that on January 29, 2021, I caused the foregoing Motion

for Leave to Proceed Under a Pseudonym and to Seal in Part Docs. 1-8, 15, 17, 19 and 23-26 to

be filed using the Court's CM/ECF system. Plaintiff will serve a copy of this motion by

electronic mail to counsel for Defendants Dunn, Williams, Ellington, Givens, Malone, White,

Vincent, Estelle, Boyd, Baldwin, Gordy, Ragsdale, Caldwell, Pickens, Bonner, Ary, and

Graham. Plaintiff will mail a copy of the motion to the remaining Defendants' addresses, to the

extent known, or otherwise will serve a copy of the motion to these Defendants or their counsel

with the complaint and summons.

/s/ Megan Pierce
*One of Plaintiff's Attorneys*