IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| D. S., | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 2:20-cv-02012-RDP |
| | ) |
| CARL SANDERS; GARY MALONE; | ) |
| KEVIN WHITE; CARLA GRAHAM; | ) |
| ANGELIA GORDY; WILLIAM RAGSDALE; | ) |
| NEKETRIS ESTELLE; | ) |
| GERALD MCMILLIAN; | ) |
| CHRISTOPHER BOYD; SHANNON | ) |
| CALDWELL; ERROL PICKENS; | ) |
| LISA BONNER; ALLEN KNOTT; | ) |
| EARL PICKETT; SERGEANT MCCORDLES; | ) |
| STEVE TERRY; OFFICER GARLAND; | ) |
| and TANYA ARY, | ) |
| | ) |
|    Defendants. | ) |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR
LIMITED EXPEDITED DISCOVERY TO FACILITATE SERVICE**

Defendants Carl Sanders, Carla Graham, William Ragsdale, Neketris Estelle, Gerald McMillian, Christopher Boyd, Shannon Caldwell, Errol Pickens, Allen Knott, and Tanya Ary submit this response in opposition to Plaintiff D.S.'s Motion for Limited Expedited Discovery to Facilitate Service (ECF 31) and the proposed non-party subpoena to the Alabama Department of Corrections ("ADOC") (ECF 31-1). Plaintiff's motion is due to be denied as it is merely an attempt to ignore the Federal Rules of Civil Procedure's prohibition on pre-Rule 26(f) conference discovery.

    1.    "Discovery is normally barred prior to the Rule 26(f) conference." *Platinum Mfg. Int'l, Inc. v. UniNet Imaging, Inc.*, 2008 WL 927558, at *1 (M.D. Fla. Apr. 4, 2008); *see* FED. R. CIV. P. 26(d)(1). The bar on early discovery is subject to a few limited exceptions. *See* FED. R. CIV.

1

P. 26(d)(1). Here, Plaintiff seeks to invoke the court order exception to serve non-party ADOC with a premature Rule 45 subpoena[1] that requests the production of documents.

2. While the Eleventh Circuit has not adopted a standard for allowing expedited discovery, the district courts faced with this question have adopted a "good cause" standard. *See Rivera v. Parker*, 2020 WL 8258735, at *3 (N.D. Ga. Aug. 28, 2020) (internal citation omitted). These courts have found good cause "where there is some impelling urgency, or hazard of loss, requiring action to be taken forthwith." *Fed. Trade Comm'n v. On Point Glob., LLC*, 2020 WL 32996, at *1 (S.D. Fla. Jan. 2, 2020). Courts look to the following factors in determining whether a party has met the good cause standard:

>   (a) whether a motion for preliminary injunction is pending;
>
>   (b) the breadth of the discovery request;
>
>   (c) the movant's reasons for requesting early discovery;
>
>   (d) the burden on the recipient of the request; and
>
>   (e) how far in advance of the typical discovery process the request is made.

*Rivera*, 2020 WL 8258735, at *3 (internal citation and quotation marks omitted). The movant requesting early discovery bears the burden of establishing good cause, and that the necessity of the discovery outweighs any prejudice to the recipient of the request. *In re Chiquita Brands Int'l, Inc.*, 2015 WL 12601043, at 4 (S.D. Fla. April 7, 2015). Plaintiff fails to carry this burden.

3. Plaintiff has failed to show good cause for, or the necessity of, early discovery because there is not "some impelling urgency, or hazard of loss." *On Point Glob., LLC*, 2020 WL

---

[1] The proposed subpoena is in the form of a Rule 45 non-party subpoena. However, Plaintiff's Motion seeks to serve the proposed subpoena upon ADOC, "pursuant to Rule 34." (ECF 31 at ¶ 4). Rule 34 is not applicable here because it applies only to a party to the litigation and ADOC has not been named as a defendant in this suit.

2

32996, at *1. Plaintiff has not asked for a preliminary injunction. Nor has Plaintiff asserted that the requested documents are at risk of being destroyed or lost.

4.      Plaintiff's discovery request is also overbroad in light of its stated purpose and imposes an undue burden on ADOC. For example, the first item in Plaintiff's proposed subpoena requests "[d]ocuments sufficient to identify the last known addresses by ADOC," for eight unserved defendants. (ECF 31-1). Plaintiff has been advised that some of these individuals are no longer ADOC employees, that Defense counsel has requested such information, and is seeking to contact those individuals. If efforts to contact those individuals are unsuccessful, Defendants' counsel would agree to provide Plaintiff with any last known contact information available to Defendants' counsel. In any event, Plaintiff is ultimately responsible for service of process of defendants and cannot unload its burden of investigating the identity or location of the defendants onto non-party ADOC (some of whom are believed to have retired from ADOC a number of years ago or were misnamed in Plaintiff's Complaint). *See* FED. R. CIV. P. 4(c), (m) (plaintiff is responsible for service of process on each defendant within 90 days). Plaintiff had notice of his claims for over a year before he filed his complaint yet did not determine the true identity or location of the unserved defendants in order to serve them.

5.      Plaintiff's reason for requesting early discovery—"facilitating service"—is not sufficient by itself to dispense with the early discovery bar. Plaintiff asserts that its request will assist in identifying the correct and full names and addresses of the unserved defendants thereby allowing Plaintiff to serve them within the deadline. (ECF 31 at ¶ 7). In support, Plaintiff quotes language from *United States v. Gachette*, 2014 WL 5518669, (M.D. Fla. Sept. 26, 2014), which states, *in dicta*, "[g]ood cause <u>may</u> exist where, for example, discovery is necessary…to identify a John Doe defendant so that the plaintiff may serve process and the case can proceed." (ECF 31 at

3

¶ 6) (emphasis added). However, simply offering the reason of "facilitation of service" alone, does not satisfy the good cause standard. Instead, Plaintiff must show that, despite due diligence, no reasonable alternative exists to identify or locate the unserved defendants and the case cannot proceed without the requested discovery—a showing Plaintiff fails to make.

6. When a movant seeks pre-service discovery to identify or locate a defendant, other district courts, both inside and outside the Eleventh Circuit, have consistently required the movant to show at least that, despite due diligence, the requested subpoena is the only way for the movant to obtain the identities or location of defendant and that the case cannot proceed without that information.

7. In *Gachette*, the case which Plaintiff cites for supporting pre-service discovery, the Middle District of Florida credits its *dicta* to the Southern District of New York. *Gachette*, 2014 WL 5518669, at *1 (citing *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239 (S.D.N.Y. 2012)). The court in *Digital Sin* required more from the movant than a bare-bones assertion that the requested discovery would facilitate service. The Southern District of New York allowed expedited discovery to identify defendants only after the movant showed that he did not "have any reasonable alternative to these subpoenas to obtain the identities of the [Doe defendants]," and that the litigation could not proceed without the discovery. 279 F.R.D. at 241-42.[2]

8. Since issuing the *Gachette* opinion, the Middle District of Florida has consistently required more than a mere assertion that a request will assist service of process. The post-*Gachette*

---

[2] In addition, *dicta* from other Middle District of Florida opinions contradicts the *dicta* statement in *Gachette* that Plaintiff relies on. In *Procaps S.A. v. Patheon, Inc.*, 2012 WL 12845604, (M.D. Fla. Dec. 21, 2012), the court stated that good cause is typically found when a party seeks "information on how to serve parties evading service." 2012 WL 12845604, at *3 (emphasis added). Plaintiff has not asserted that it has been unable to serve the Defendants due to their evasion.

4

case of *Strike 3 Holdings, LLC v. Doe*, 2019 WL 10787748 (M.D. Fla. May 23, 2019) involved an actual pre-service based discovery request which the court allowed only after the movant showed that, despite due diligence, the information sought could not be reasonably obtained from another source, and that the litigation could not proceed without it because all the defendants were John Doe's. *See Strike 3 Holdings, LLC*, 2019 WL 10787748, at *1; *see also Countryman Nevada, LLC v. Doe 38*, 2014 WL 12623679, at *1 (M.D. Fla. April 17, 2014) (allowing early discovery to obtain identity because "despite the exercise of due diligence, no other method exists by which [plaintiff] can obtain [defendant's] true identity and that the information [sought] is time sensitive…"). Accordingly, Plaintiff's assertion that good cause exists here solely on the basis that the requested discovery will facilitate service, (ECF 31 at ¶ 7), is incorrect and contradicted by the case law it cites in support.

9. Here, good cause does not exist to allow Plaintiff to shirk its burden of identifying or locating defendants for service of process because Plaintiff has failed to show the necessity of the requested discovery. Plaintiff has not shown it exercised due diligence to identify or locate the unserved defendants. Nor has it shown that the requested documents are the only sources of the true names and addresses of the unserved Defendants from which the information can be reasonably obtained. Moreover, unlike *Digital Sin* and *Strike 3* where all defendants were John Doe's, Plaintiff's case <u>can</u> proceed without this discovery and service of the unserved defendants because the Plaintiff has already served other defendants. Ultimately, Plaintiff confuses "assisting" service with "necessary" for service. While the documents Plaintiff seeks may help him serve the unserved defendants, he has failed to show that his discovery requests are the only reasonable means by which he can obtain the sought information, thus making them necessary for service.

10. It makes sense to require a movant to show more than a mere assertion that a subpoena is intended to facilitate or will assist with service. Otherwise, the exception would swallow the rule. In virtually every case some other party or non-party will probably know the last possible address or full name of the individual better than the plaintiff. However, it is not another defendant's or non-party recipient's burden to even the playing field for a plaintiff. Rather, Rule 26(d)(1)'s general bar against early discovery requires the plaintiff to obtain such information as part of its Rule 11 pre-Complaint investigation. Under Plaintiff's interpretation, plaintiffs would be able to unload their service responsibility and obligation to investigate on others and require them to do the Plaintiff's work.

11. Notably, Plaintiff's counsel has not, and cannot, demonstrate prejudice if the Motion is denied. Plaintiff will have ample time to engage in discovery and amend the complaint after the Rule 26(f) conference. Documents produced in discovery and perhaps in connection with Initial Disclosures may disclose the identity of current and former ADOC employees that Plaintiff may have misidentified or were otherwise unknown. Thus, Plaintiff would not suffer any prejudice waiting for discovery like any other plaintiff in a federal lawsuit. There is no good cause to allow Plaintiff expedited discovery just because he wants the information now instead of as contemplated by the rules of procedure.

12. If allowed, Plaintiff's Motion would impose a burden on ADOC much larger in scope than the documents and reports they request. As the Court is likely aware, ADOC and its employees are not strangers to such litigation. ADOC has limited resources and staff to gather documents requested in discovery and in connection with Initial Disclosures. If any plaintiff suing ADOC or a similar entity is entitled to seek expedited pre-service discovery any time they wish in

any case, that would overwhelm and unnecessarily over burden ADOC, its legal department, and staff.

13. Accordingly, Defendants Carl Sanders, Carla Graham, William Ragsdale, Neketris Estelle, Gerald McMillian, Christopher Boyd, Shannon Caldwell, Errol Pickens, Allen Knott, and Tanya Ary ask this Court to deny Plaintiff's Motion for early discovery because Plaintiff has not shown good cause to overcome its burden of lifting the bar against conducting discovery prior to the Rule 26(f) conference. Further, Plaintiff has not demonstrated any prejudice in being required to engage in discovery as prescribed by the rules of procedures.

/s/ James N. Walter, Jr.
ROBERT F. NORTHCUTT (ASB-9358-T79R)
C. RICHARD HILL, JR. (ASB-0773-L72C)
JAMES N. WALTER, JR. (ASB-2722-R68J)

*Attorneys for Defendants Carl Sanders, Carla Graham, William Ragsdale, Neketris Estelle, Gerald McMillian, Christopher Boyd, Shannon Caldwell, Errol Pickens, Allen Knott, and Tanya Ary*

OF COUNSEL:
CAPELL & HOWARD, P.C.
150 S. Perry Street (36104)
PO Box 2069
Montgomery, AL  36102-2069
Email:  bob.northcutt@chlaw.com
        rick.hill@chlaw.com
        jimmy.walter@chlaw.com
Phone (334) 241-8000

**CERTIFICATE OF SERVICE**

   I hereby certify that on this 24th day of February, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record (and by U.S. Mail to non-CM/ECF participants) as indicated below:

Ruth M. Brown
Megan Pierce
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607

Anil A. Mujumdar
Dagney Johnson Law Group
2170 Highland Avenue, Suite 250
Birmingham, AL 35205

William R. Lunsford
Stephen C. Rogers
Maynard Cooper & Gale, PC
655 Gallatin Street
Huntsville, AL 35801

                /s/ James N. Walter, Jr.
                Of Counsel