IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| D. S., | ) |
|     Plaintiff, | ) ) ) |
| v. | ) Case No.: 2:20-cv-02012-RDP ) |
| CARL SANDERS; GARY MALONE; KEVIN WHITE; CARLA GRAHAM; ANGELIA GORDY; WILLIAM RAGSDALE; NEKETRIS ESTELLE; GERALD MCMILLIAN; CHRISTOPHER BOYD; SHANNON CALDWELL; ERROL PICKENS; LISA BONNER; ALLEN KNOTT; EARL PICKETT; SERGEANT MCCORDLES; STEVE TERRY; OFFICER GARLAND; and TANYA ARY, | ) ) ) ) ) ) ) ) ) ) ) |
|     Defendants. | ) |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LIMITED EXPEDITED DISCOVERY TO FACILITATE SERVICE**

    Defendants Jefferson S. Dunn ("Commissioner Dunn"), Edward Ellington ("Ellington"), and Jeffery A. Williams ("Williams" and, together with Commissioner Dunn and Ellington, the "Correctional Officials") submit this response brief in opposition to Plaintiff D.S.'s Motion for Limited Expedited Discovery to Facilitate Service (DOC. NO. 31, the "Motion") and the proposed non-party subpoena to the Alabama Department of Corrections ("ADOC") (Doc. No. 31, Exh. A). Plaintiff's Motion is due to be denied as it constitutes a blatant attempt to ignore the Federal Rules of Civil Procedure's prohibition on pre-Rule 26(f) conference discovery. Plaintiff utterly fails to provide an adequate basis for the extraordinary relief sought by his Motion.

    1.    "Discovery is normally barred prior to the Rule 26(f) conference." *Platinum Mfg. Int'l, Inc. v. UniNet Imaging, Inc.*, No. 8:08-cv-310-T-27MAP, 2008 WL 927558, at *1 (M.D. Fla.

{H0570268.1}        1

Apr. 4, 2008); *see* FED. R. CIV. P. 26(d)(1). Rule 26 narrowly limits exceptions to the prohibition on early discovery. *See* FED. R. CIV. P. 26(d)(1). Here, Plaintiff seeks the Court's leave to serve non-party ADOC with a premature Rule 45 subpoena requesting the production of documents based on the purported need to facilitate timely service.[1] However, Plaintiff's service concerns are overblown and result from his own failure to exercise due diligence in serving the named defendants.

        2.      While the Eleventh Circuit has not adopted a standard for a court order excepting a party from the prohibition on pre-26(f) conference discovery, the district courts within this Circuit have adopted a "good cause" standard. *See Rivera v. Parker*, No. 1:20-cv-03210-SCJ, 2020 WL 8258735, at *3 (N.D. Ga. Aug. 28, 2020). These courts have found good cause "where there is some impelling urgency, or hazard of loss, requiring action to be taken forthwith." *Fed. Trade Comm'n v. On Point Glob., LLC*, No. 19-25046-Civ-Scola, 2020 WL 32996, at *1 (S.D. Fla. Jan. 2, 2020). Courts look to the following factors in determining whether a party has met the good cause standard:

        (a)      Whether a motion for preliminary injunction is pending;

        (b)      The breadth of the discovery request;

        (c)      The movant's reasons for requesting early discovery;

        (d)      The burden on the recipient of the request; and

        (e)      How far in advance of the typical discovery process the request is made.

*Rivera*, 2020 WL 8258735, at *3 (internal citation and quotation marks omitted). The movant requesting early discovery bears the burden of establishing good cause, and that the necessity of

---

[1] The proposed subpoena is in the form of a Rule 45 non-party subpoena. However, Plaintiff's Motion seeks to serve the proposed subpoena upon ADOC, "pursuant to Rule 34." (Doc. No. 31 at ¶ 4). Rule 34 is not applicable here because it applies only to a party to the litigation, and ADOC has not been named as a defendant in this action.

the discovery outweighs any prejudice to the recipient of the request. *In re Chiquita Brands Int'l, Inc.*, No., 08-01916-MD-MARRA, 08-80421-CV-MARRA, 08-80508-CV-MARRA, 07-60821-CV-MARRA, 2015 WL 12601043, at 4 (S.D. Fla. April 7, 2015). Plaintiff fails to carry this burden.

3. Plaintiff has failed to show good cause for, or the necessity of, early discovery because there is not "some impelling urgency, or hazard of loss." *On Point Glob., LLC*, No. 19-25046-Civ-Scola, 2020 WL 32996, at *1. Plaintiff has not asked for a preliminary injunction. Nor has Plaintiff asserted that the documents he seeks are at risk of being destroyed or lost. Moreover, the very nature of Plaintiff's request places it far in advance of the start of the typical discovery process. Plaintiff's Motion goes beyond seeking pre-Rule 26(f) conference discovery—it seeks *pre-service* discovery.

4. Plaintiff's extraordinary request is also overbroad in light of its stated purpose and imposes an undue burden on ADOC. For example, the first item in Plaintiff's proposed subpoena requests "[d]ocuments sufficient to identify the last known addresses by ADOC," for the unserved defendants. Undersigned counsel informed Plaintiff that some named defendants are no longer ADOC employees, and that for obvious reasons, defense counsel are seeking to contact the named defendants they represent. Defense counsel previously agreed to accept service for all named defendants who are current ADOC employees and for all former employees who authorize them to accept service. If efforts to contact the named defendants are unsuccessful, Defendants agree to provide Plaintiff with the Defendants' last known contact information within a reasonable time, such as thirty days. In any event, Plaintiff is ultimately responsible for service of process of the named defendants and cannot unload the burden of investigating the identity or location of the defendants he names in his lawsuit onto a non-party, i.e., ADOC. *See* FED. R. CIV. P. 4(c), (m)

(plaintiff is responsible for service of process on each defendant within 90 days). Plaintiff had notice of his claims for over a year before he filed his complaint, providing more than sufficient time for his counsel to investigate information necessary for service.

5. Plaintiff's reason for requesting early discovery—"facilitating service"—does not constitute an exception to the prohibition on early discovery. Plaintiff asserts that his request will assist in identifying the correct and full names and addresses of the unserved Defendants, thereby allowing Plaintiff to serve them within the deadline. (Doc. No. 31 at ¶ 7). In support, Plaintiff quotes language from *United States. v. Gachette*, No, 6:14-cv-1539-Orl-37TBS, 2014 WL 5518669, (M.D. Fla. Sept. 26, 2014), that states, *in dicta*, "[g]ood cause may exist where, for example, discovery is necessary…to identify a John Doe defendant so that the plaintiff may serve process and the case can proceed." (Doc. No. 31 at ¶ 6) (emphasis added).

6. However, simply offering the reason of "facilitation of service" alone, does not satisfy the good cause standard. Instead, Plaintiff must show that, despite due diligence, no reasonable alternative exists to identify or locate the unserved defendants and the case cannot proceed without the requested discovery—a showing Plaintiff fails to make.

7. When a movant seeks pre-service discovery to identify or locate a defendant, courts consistently required the movant to show at least that, despite due diligence, the requested subpoena is the only way for the movant to obtain the identities or location of the defendant, and the case cannot proceed without that information. The United States District Court for the Middle District of Florida's *dicta* in *Gachette* credits the analysis provided by the United States District Court for the Southern District of New York in *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239 (S.D.N.Y. 2012). *Gachette*, 2014 WL 5518669, at *1 (citing *Digital Sin*, 279 F.R.D. at 242). The court in *Digital Sin* required more from the movant than a bare-bones assertion that the requested

discovery would facilitate service. The court allowed expedited discovery to identify defendants only after the movant showed that he did not "have any reasonable alternative to these subpoenas to obtain the identities of the [doe defendants]," and that the litigation could not proceed without the discovery. 279 F.R.D. at 241-42. Moreover, since issuing the *Gachette* opinion, the Middle District of Florida has consistently required more than a mere assertion that a request will assist service of process. Similarly, in *Strike 3 Holdings, LLC v. Doe*, No. 3:19-cv-508-J-34JRK, 2019 WL 10787748 (M.D. Fla. May 23, 2019), the court allowed pre-service discovery only after the movant showed that, despite due diligence, the information sought could not be reasonably obtained from another source, and that the litigation could not proceed without it because all the defendants were John Doe's. *See Strike 3 Holdings, LLC*, 2019 WL 10787748, at *1; *see also Countryman Nevada, LLC v. Doe 38*, No. 8:14-cv-761-T-27TBM, 2014 WL 12623679, at *1 (M.D. Fla. April 17, 2014) (allowing early discovery to obtain identity because "despite the exercise of due diligence, no other method exists by which [plaintiff] can obtain [defendant's] true identity and that the information [sought] is time sensitive…"). Accordingly, Plaintiff's assertion that good cause exists here solely on the basis that the requested discovery will facilitate service, (Doc. No. 31 at ¶ 7), is incorrect and contradicted by the case law cited in Plaintiff's brief.

9. Here, good cause does not exist to allow Plaintiff to shirk his burden of identifying or locating defendants for service of process because Plaintiff has failed to show the necessity of the requested discovery. As an initial matter, Plaintiff has not shown that he has exercised due diligence to identify or locate the unserved Defendants. The undisputed facts confirm Plaintiff made minimal efforts, at best, to locate and serve the named defendants. For example, Plaintiff asserts that Defendant Charles Daniels has a "common name[ ]" that supposedly renders it difficult to locate him. (Doc. No. 31 at ¶ 3). But the Complaint alleges that "Charles Daniels is a former

Associate Commissioner for Operations … for ADOC." (Doc. No. 1 at ¶ 26). A simple Google search of "Charles Daniels, Alabama Department of Corrections" reveals that Charles Daniels is now the Director for the Nevada Department of Corrections.[2] Plaintiff cannot plausibly assert he exercised due diligence to serve Charles Daniels if he never bothered to undertake this simple search. Furthermore, Plaintiff fails to establish the other pre-requisites for obtaining the extraordinary relief requested in his Motion. Plaintiff has not shown that the requested documents are the only sources of the true names and addresses of the unserved defendants from which the information can be reasonably obtained. Moreover, unlike *Digital Sin* and *Strike 3*, this action <u>can</u> proceed without this discovery and service of the unserved defendants because Plaintiff has already served other named defendants. Ultimately, Plaintiff confuses "assisting" service with "necessary" for service. While the documents Plaintiff seeks may help him serve the unserved defendants, he failed to show that his discovery requests are the only reasonable means by which he can obtain the sought information, thus making them necessary for service.

10. In addition, other courts provide necessary correction of the standard articulated in the *dicta* from the *Gachette* court relied on by Plaintiff. In *Procaps S.A. v. Patheon, Inc.*, No. 12-24356-CIV-GRAHAM/GOODMAN, 2012 WL 12845604, (M.D. Fla. Dec. 21, 2012), the court stated that good cause is typically found when a party seeks "information on how to serve parties <u>evading service</u>." 2012 WL 12845604, at *3 (emphasis added). Plaintiff has not asserted that he the named defendants are evading service.

11. The exception to the prohibition on early discovery runs the risk of swallowing the rule if the Court does not hold the Plaintiff's Motion to the standard articulated in *Procaps*. In most actions, a served defendant or non-party may receive better access than the plaintiff to

---

[2] See https://www.montgomeryadvertiser.com/story/news/2019/12/03/charles-daniels-leaves-alabama-department-corrections/2596051001/

information regarding the last possible address or full name of an unserved defendant. However, a defendant or non-party recipient does not bear the burden to even the playing field for a plaintiff. Rather, Rule 26(d)(1)'s general prohibition against early discovery requires the plaintiff to obtain such information as part of its Rule 11 pre-complaint investigation. Under Plaintiff's interpretation of Rule 26, a plaintiff could unload their service responsibility and obligation to investigate onto others and require them to do the plaintiff's work, which is precisely what Plaintiff's Motion seeks to do.

12. Notably, Plaintiff has not, and cannot, demonstrate prejudice if the Motion is denied. Plaintiff will receive ample opportunity to engage in discovery and amend the complaint after the Rule 26(f) conference. Documents produced in discovery and, perhaps even as early as in connection with Initial Disclosures, will likely disclose the identity of current and former ADOC employees that Plaintiff may have misidentified or not known. Thus, Plaintiff will not suffer any prejudice from the denial of his Motion. No good cause exists to allow Plaintiff expedited discovery merely due to his impatience with the procedures set by the Federal Rules of Civil Procedure.

13. If allowed, Plaintiff's Motion would impose a burden on ADOC much larger in scope than the documents and information requested by Plaintiff. ADOC has limited resources and staff to gather documents requested in discovery, including in response to subpoenas. If any plaintiff suing ADOC or a similar entity is entitled to seek expedited pre-service discovery of any documents they choose, any time they wish, in any case, that would overwhelm and unnecessarily over burden ADOC, its legal department, and staff. Furthermore, in this action, Defendants fully expect Plaintiff to seek extensive discovery from ADOC during the discovery period. Plaintiff's Motion would unnecessarily burden ADOC with responding to multiple subpoenas in this action.

14. Accordingly, Defendants ask this Court to deny Plaintiff's Motion for early discovery because Plaintiff has not shown good cause to overcome his burden of lifting the bar against conducting discovery prior to the Rule 26(f) conference, nor demonstrated any prejudice if the Parties initiate in discovery as prescribed by the Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, the Correctional Officials respectfully request that this Court enter an order denying Plaintiff's Motion for Expedited Discovery.

Dated: February 24, 2021

*/s/ Stephen Rogers*
*One of the Attorneys for the Correctional Officials*

William R. Lunsford
Stephen C. Rogers
La Keisha W. Butler
**MAYNARD, COOPER & GALE, PC**
655 Gallatin Street
Huntsville, AL 35801
Telephone: (256) 551-0171
Facsimile: (256) 512-0119
blunsford@maynardcooper.com
srogers@maynardcooper.com
lbutler@maynardcooper.com

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing has been served upon all attorneys of record in this matter, including without limitation the following, by the Court's CM/ECF system on this the 24th day of February, 2021:

Ruth Z. Brown
Megan Pierce
**LOEVY & LOEVY**
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
Telephone: (312)243-5900
Facsimile: (312)243-5902
ruth@loevy.com
megan@loevy.com

Anil A. Mujumdar
**DAGNEY JOHNSON LAW GROUP**
2170 Highland Avenue, Suite 250
Birmingham, AL 35205
Telephone: (205)590-6986
Facsimile: (205)809-7899
anil@dagneylaw.com

*Attorneys for Plaintiff*

Robert R. Northcutt
C. Richard Hill, Jr.
James N. Walter, Jr.
**CAPELL & HOWARD, PC**
P.O. Box 2069
Montgomery, AL 36102
Telephone: (334) 241-8000
Facsimile: (334) 323-8888
bob.northcutt@chlaw.com
rick.hill@chlaw.com
jimmy.walter@chlaw.com

*Attorneys for Carl Sanders, Gary Malone, Kevin White, Carla Graham, Angelia Gordy, William Ragsdale, Neketris Estelle, Gerald McMillian, Christopher Boyd, Shannon Caldwell, Errol Pickens, Lisa Bonner, Allen Knott, Earl Pickett, Steve Terry, and Tanya Ary*

      */s/ Stephen Rogers*
      *Of Counsel*