# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| D.S., | ) | |
|     Plaintiff, | ) | Honorable Judge R. David Proctor |
| v. | ) | Case No.: 2:20-cv-02012-RDP |
| JEFFERSON DUNN, et al., | ) | |
|     Defendants. | ) | JURY TRIAL DEMANDED |

## PLAINTIFF'S *UNOPPOSED* MOTION FOR
## EXTENSION OF RULE 4(m) PERIOD TO COMPLETE SERVICE

Plaintiff D.S., by and through his attorneys with the law firms of Loevy & Loevy and the Dagney Johnson Law Group, moves this Court for a 30-day extension of the Rule 4(m) period to complete service on remaining Defendants. In support of this motion, Plaintiff states as follows:

    1.    Since the filing of Plaintiff's complaint, Plaintiff has successfully served, or obtained commitments to waive service from, 23 of the 29 defendants in this action,[1] but requires an additional time to serve the remaining 6 defendants, identified in Plaintiff's complaint as Defendants Karla Jones, Charles Daniels, McCordles, Streeter, Garland, and Pickett. Plaintiff

---

[1] Defendants Boyd, Pickens, Ragsdale, Graham, Ary, Williams, Caldwell, Dunn, Sanders, and Baldwin were served via certified mail. Dkts. 9, 13, 16, 21, 22 & 48. Defendants Culliver, Brooks, McMillian, and Knott were served via process server. Dkts. 37-40. Defendants Bonner, Gordy, White, and Malone accepted service through their counsel on January 28, 2021. Dkt. 24. Defendant Terry's counsel accepted service for him via email to Plaintiff's counsel on February 17, 2021. Defendants Givens, Baldwin, and Terry agreed to waive service on February 25, 2021, and are executing waivers.

thus respectfully seeks a 30-day extension in the Rule 4(m) period for service. Defense counsel from Maynard Cooper and Cappell & Howard have indicated that their clients are **unopposed** to the 30-day extension sought in Plaintiff's motion.

2.  Rule 4(m) of the Federal Rules of Civil Procedure provides that if a plaintiff "shows good cause" for failing to serve a defendant within the time period specified by the rule, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Rule 4(m) previously afforded 120 days for service; when that period was shortened to 90 days, the advisory committee clarified: "Shortening the presumptive time for service will increase the frequency of occasions to extend the time. More time may be needed, for example, when a request to waive service fails [or] a defendant is difficult to serve . . ." Fed. R. Civ. P. 4(m) advisory committee's note to 2015 amendments. "Good cause exists 'when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'" *Hong-Diep Vu v. Phong Ho*, 756 F. App'x 881, 882 (11th Cir. 2018) (quoting *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007)).

3.  "Even absent a showing of good cause, . . . district courts have discretion to extend the time for service of process" when circumstances so warrant. *Reis v. Comm'r of Soc. Sec.*, 710 F. App'x 828, 829 (11th Cir. 2017); *see also Bilal v. Geo Care*, LLC, 981 F.3d 903, 919 (11th Cir. 2020). Courts have provided permissive extensions where, for example, the plaintiff "acted with reasonable diligence" rather than "simply shirk[ing] his service obligation until it was too late" and an unserved defendant moved out of state. *Prince Hotel, S.A. v. Blake Marine Grp.*, 858 F. Supp. 2d 1287, 1293 (S.D. Ala. 2012). Likewise, "where the statute of limitations would preclude refiling, or where the defendant evades service or hides a problem with attempted service, the Advisory Committee Note to Rule 4(m) suggests that an extension

2

might be appropriate." *Bilal*, 981 F.3d at 919 (citing Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendments) (quotation omitted).

4. Plaintiff has good cause for his unopposed requested extension of time to serve. Plaintiff has now successfully served, or obtained a commitment to execute waivers of service from, 23 defendants in this action, which provides evidence of Plaintiff's diligence. The remaining Defendants have been "difficult to serve." Fed. R. Civ. P. 4(m) advisory committee's note to 2015 amendments. With regard to one Defendant, Plaintiff first attempted to serve her by certified mail (*see* Dkt. 2), and has since employed a service processor, who has made five separate unsuccessful attempts to serve this defendant at her likely residential address and indicated that she may be on vacation. At least one of the remaining defendants has moved out of state, and an attempt at service by certified mail is pending. Dkts. 34 & 43. Over the past month, the parties have also reached an agreed resolution of Plaintiff's motion for limited discovery to facilitate service. Dkts. 31 & 49.

5. Even absent good cause, the same considerations support a permissive extension of the Rule 4(m) period for service. No defendant will suffer any prejudice from a brief extension of time to serve, as the case is in its initial stages, and discovery has not yet commenced. Additionally, all defense counsel have indicated they do not oppose Plaintiff's motion. A statute of limitations defense could prevent recovery by Plaintiff against the unserved defendants for a portion of their misconduct, contravening the preference in the Federal Rules for resolution of cases on the merits. *See Bilal*, 981 F.3d at 919 (citing Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendments). Finally, Plaintiff has diligently sought an extension nearly two weeks prior to the expiration of the time to serve. For these reasons, this Court should grant additional time to serve on a permissive basis even absent a finding of good cause.

## CONCLUSION

WHEREFORE, Plaintiff respectfully seeks a thirty (30) day extension of the Rule 4(m) period (until April 13, 2021), to facilitate service upon the remaining unserved Defendants. Plaintiff has shown good cause for such an extension, and, in the alternative, ample grounds exist for a permissive extension.

Respectfully submitted,

**D.S.**

BY: /s/ Ruth Brown
*Counsel of Record*

BY: /s/ Anil Mujumdar
*Local Counsel*

*Ruth Z. Brown (pro hac vice) (IL No. 6299187)
Megan Pierce (pro hac vice) (CA No. 314044)
Attorneys for Plaintiff
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
Telephone: 312s-243-5900
Fax: 312-243-5902
Email: ruth@loevy.com, megan@loevy.com
*Counsel of Record

Anil A. Mujumdar (ASB-2004-L65M)
Dagney Johnson Law Group
2170 Highland Avenue, Suite 250
Birmingham, Alabama 35205
T: 205.590.6986
F: 205.809.7899
E: anil@dagneylaw.com
* Local Counsel

## **CERTIFICATE OF SERVICE**

      I, Ruth Brown, hereby certify that on March 4, 2021, I caused the foregoing Motion for Extension of Time to Complete Service to be filed using the Court's CM/ECF system, causing it to be filed on counsel for all Defendants.

                                      /s/ Ruth Brown
                                      *One of Plaintiff's Attorneys*