IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| D. S., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 2:20-CV-02012-RDP |
| v. ) | |
| ) | |
| JEFFERSON DUNN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION TO STRIKE

Defendants JEFFERSON S. DUNN ("Commissioner Dunn"), GRANTT CULLIVER ("Culliver"), EDWARD ELLINGTON ("Ellington"), and CHRISTY VINCENT ("Vincent" and collectively with Commissioner Dunn, Culliver, Williams, and Ellington, the "Administrative Officials"); GWENDOLYN GIVENS ("Givens"), ANTHONY BROOKS ("Brooks"), and KARLA JONES ("Jones" and collectively with Givens and Brooks, the "St. Clair Officials"); and JEFFERY BALDWIN ("Baldwin," and with the Administrative Officials, and St. Clair Officials, the "ADOC Officials"), move for entry of an Order dismissing the Complaint (Doc. 1, the "Complaint") filed by Plaintiff D.S. ("Plaintiff") to the extent that it purports to assert claims against the ADOC Officials. Alternatively, the ADOC Officials move for entry of an order striking the Complaint and ordering Plaintiff D.S. to file an amended complaint. As grounds for and in support of this Motion, the ADOC Officials submit their Memorandum of Law in Support of the Motion to Dismiss and further state as follows:

1. Plaintiff is an inmate in the custody of the Alabama Department of Corrections ("ADOC"), currently incarcerated at Limestone Correctional Facility. He purports to assert individual-capacity claims against the ADOC Officials stemming from an alleged attack by other

inmates at Donaldson Correctional Facility ("Donaldson") in December 2018, and a subsequent attack by inmates at St. Clair Correctional Facility ("St. Clair") in January 2019. (Doc. 1, ¶¶ 59, 91, 93). Plaintiff does not allege that the ADOC Officials were present when the alleged assaults occurred or even that they knew of a specific threat to Plaintiff. Instead, the Complaint includes only general allegations that the ADOC Officials were aware of high rates of violence at Donaldson and St. Clair. (Doc. 1, ¶¶ 62, 110).

2. **Plaintiff's Complaint is an impermissible "shotgun pleading."** Plaintiff filed a "shotgun pleading" and, therefore, failed to plausibly plead his section 1983 claims, his federal civil conspiracy claim, and his state law intentional infliction of emotional distress and negligence claims. "Shotgun pleadings" are cumbersome, confusing complaints that do not comply with pleading requirements. See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321-23 nn.11-15 (11th Cir. 2015).[1] "The unifying characteristic of all types of shotgun pleadings is that they fail to … give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323. This Court recently struck two (2) complaints as shotgun pleadings. See Ezell v. Dunn, et al., Case No.: 4:20-cv-02058-ACA, Doc. 30; Pilcher v. Dunn, et al., Case No.: 4:21-cv-00204-ACA, Doc. 14. Ezell involved allegations strikingly similar to those here by the same Plaintiff's counsel. Additionally, Plaintiff's Complaint "assert[s] multiple claims against [multiple] defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against." Weiland, 792 F.3d at 1323. Plaintiff's Complaint represents precisely the type of shotgun pleading

---

[1] The Eleventh Circuit identified four (4) basic types of shotgun pleadings: (1) those in which "each count adopts the allegations of all preceding counts;" (2) those that do not re-allege all preceding counts but are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) those that do not separate each cause of action or claim for relief into a different count; and (4) those that assert multiple claims against multiple defendants without specifying which applies to which. Weiland, 792 F.3d at 1321-23. Plaintiff's Complaint falls into types (1), (2), and (4). (See Doc. 1).

2

repeatedly criticized by the Eleventh Circuit. The Court should strike the Complaint and require Plaintiff to file an amended complaint.

3. **Plaintiff's Complaint represents an impermissible attempt to avoid Eleventh Amendment sovereign immunity.** Eleventh Amendment immunity bars damages claims against ADOC directly or against its officials in their official capacities. Kentucky v. Graham, 473 U.S. 159, 169 (1985). Alabama law also bars state-law damages claims directly against state agencies such as ADOC and against state officials in their official capacities. Ex parte Moulton, 116 So. 3d 1119, 1140 (Ala. 2013). Plaintiff asserts each of his claims against the ADOC Officials in their individual-capacity, in an attempted end-run around Eleventh Amendment and state sovereign immunity. However, Alabama law already contains a mechanism to address damages claims that sovereign immunity would otherwise bar. The Alabama Board of Adjustment possesses "'jurisdiction over claims against the state that are not justiciable in the courts because of the state's constitutional immunity from being made a defendant.'" Vaughan v. Sibley, 709 So. 2d 482, 486 (Ala. Civ. App. 1997) (quoting Lee v. Cunningham, 176 So. 477, 479 (Ala. 1937)). Therefore, to the extent Plaintiff seeks damages for injuries sustained while in ADOC's custody, the Alabama Board of Adjustment exists to adjudicate those claims. Plaintiffs' claims for damages against the ADOC Officials are due to be dismissed.

4. **Plaintiff fails to allege a constitutional violation.** In order to allege supervisory liability, Plaintiff must allege that the ADOC Officials directly participated in the unconstitutional conduct or that a causal connection exists between their conduct and the violation. Harrison v. Culliver, 746 F.3d 1288, 1299 (11th Cir. 1994). The standard for supervisory liability is "extremely rigorous." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003), abrogation in part on other grounds recognized by Stallworth v. Wilkins, 802 F. App'x 435 (11th Cir. 2020). Plaintiff

fails to allege facts that satisfy this standard.

5. Moreover, Plaintiff's Complaint fails to allege that any specific risk of harm existed as to Plaintiff, much less that the ADOC Officials knew of any such specific risk. Plaintiff cannot plausibly allege a deliberate indifference claim against the ADOC Officials utilizing generalized allegations of violence at St. Clair. Marbury v. Warden, 936 F.3d 1227, 1234 (11th Cir. 2019).

6. **Plaintiff fails to clearly establish a constitutional right, therefore qualified immunity protects the ADOC Officials from individual liability.** Even if Plaintiff could allege an underlying constitutional violation, the ADOC Officials would still be entitled to qualified immunity. "Qualified immunity offers 'complete protection for government officials sued in their individual capacities so long as 'their conduct violates no clearly established statutory or constitutional rights which a reasonable person would have known.'" Lee v. Ferraro, 284 F.3d 1188, 1193-94 (11th Cir. 2002) (quoting Thomas v. Roberts, 261 F.3d 1160, 1170 (11th Cir. 2001)). Plaintiff fails to allege the type of conduct necessary to overcome qualified immunity and impose personal liability on the ADOC Officials. Moreover, Plaintiff does not dispute that the ADOC Officials acted within the scope of their discretionary authority. Therefore, Plaintiff cannot contest the ADOC Officials were "(a) performing a legitimate job-related function (that is, pursuing a job-related goal), (b) through means that were within his power to utilize." Holloman ex rel. Holloman v. Harland, 370 F.3d 1252, 1265 (11th Cir. 2004).

7. **Plaintiff fails to plead a plausible claim for deliberate indifference, civil conspiracy, retaliation, and state law intentional infliction of emotional distress and negligence.** Plaintiff further failed to allege a claim for retaliation against the St. Clair Officials. To state a claim for retaliation under section 1983, Plaintiff must plead that he engaged in constitutionally protected speech, suffered adverse action such that the St. Clair Officials'

4

allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and that a causal relationship exists between the allegedly retaliatory action and the protected speech. Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008) (citing Bennett v. Hendrix, 423 F.3d 1247, 1250, 1254 (11th Cir. 2005)). Though Plaintiff pled that he engaged in constitutionally protected speech by reporting his sexual assault, Plaintiff fails to allege any retaliatory conduct much less causation. Therefore, Plaintiff's section 1983 retaliation claim against the St. Clair Officials is due to be dismissed.

8. Plaintiff also fails to state a claim for intentional infliction of emotional distress or negligence. In order to plead a state intentional infliction of emotional distress a plaintiff must plausibly allege "(1) that the defendants either intended to inflict emotional distress, or knew or should have known that emotional distress was likely to result from their conduct; (2) that the defendants' conduct was extreme and outrageous; and (3) that the defendants' conduct caused emotional distress so severe that no reasonable person could be expected to endure it." Drew v. Quest Diagnostics, 992 F.Supp.2d 1177, 1185-86 (N.D. Ala. 2014) (quoting Callens v. Jeff. Cnty. Nursing Home, 769 So. 2d 273, 281 (Ala. 2000) (citations omitted)). Plaintiff's Complaint lacks specific allegations to make out an intentional infliction of emotional distress claim, and his claim against the ADOC Officials due to be dismissed.

9. To plead a claim for negligence, a plaintiff must plead "(1) a duty to a foreseeable plaintiff; (2) a breach of that duty; (3) proximate causation; and (4) damage or injury." Lemley v. Wilson, 178 So.3d 834, 841 (Ala. 2015) (quoting Martin v. Arnold, 643 So.2d 564, 567 (Ala. 1994) (internal citations omitted)). Plaintiff alleges "Defendants" had a duty of care to Plaintiff, that the "Defendants" breached their duty, and in so doing acted willfully, maliciously, fraudulently, in bad faith, beyond their authority, or under a mistaken interpretation of the law.

However, Plaintiff does not plead facts establishing a duty on behalf of any ADOC Official, nor does he indicate which facts, if any, support such a claim against each ADOC Official. Plaintiff's claim of negligence against the ADOC Officials is due to be dismissed.

10. **State agent immunity bars claims for state law intentional infliction of emotional distress and negligence.** Plaintiff's state law claims for intentional infliction of emotional distress and negligence fail because state agent immunity protects the ADOC Officials. In Alabama, the defense of state-agent immunity protects an employee of a state government agency *against all civil liability* in the official's personal capacity arising from state law claims. Ex parte Butts, 775 So. 2d 173, 177 (Ala. 2000). Specifically, a state official receives immunity from all personal civil liability when the claim against the official arises from the official "formulating plans, policies, or designs" and/or "exercising his or her judgment in the administration of a department or agency of government, including, but not limited to . . . making administrative adjudications . . ., allocating resources," or "hiring, firing, transferring, assigning, or supervising personnel . . . ." Id. at 177-78. State agent immunity protects the ADOC Officials from Plaintiff's state law claims of intentional infliction of emotional distress and negligence, and, as such, these claims are due to be dismissed.

WHEREFORE, based on the foregoing, the ADOC Officials respectfully request that this Court dismiss all claims asserted against them by the Plaintiff.

Dated: March 15, 2021.

                                                                */s/ William R. Lunsford*
                                                                William R. Lunsford
                                                                *Attorney for the Defendants*

William R. Lunsford
Stephen C. Rogers
La Keisha W. Butler
**MAYNARD, COOPER & GALE, P.C.**
655 Gallatin Street, S.W.
Huntsville, AL 35801
Telephone: (256) 551-0171
Facsimile: (256) 512-0119
blunsford@maynardcooper.com
srogers@maynardcooper.com
lbutler@maynardcooper.com

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing has been served upon all parties in this matter, including without limitation the following, by the Court's CM/ECF system or by U.S. Mail on this the 15th day of March, 2021:

Ruth Z. Brown
Megan Pierce
**LOEVY & LOEVY**
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
Telephone: (312)243-5900
Facsimile: (312)243-5902
ruth@loevy.com
megan@loevy.com

Anil A. Mujumdar
**DAGNEY JOHNSON LAW GROUP**
2170 Highland Avenue, Suite 250
Birmingham, AL 35205
Telephone: (205)590-6986
Facsimile: (205)809-7899
anil@dagneylaw.com

*Attorneys for Plaintiff*

Robert R. Northcutt
C. Richard Hill, Jr.
James N. Walter, Jr.
**CAPELL & HOWARD, PC**
P.O. Box 2069
Montgomery, AL 36102
Telephone: (334) 241-8000
Facsimile: (334) 323-8888
bob.northcutt@chlaw.com
rick.hill@chlaw.com
jimmy.walter@chlaw.com

*Attorneys for Carl Sanders, Gary Malone,*
*Kevin White, Carla Graham, Angelia*
*GordyWilliam Ragsdale,*
*Neketris Estelle, Gerald McMillian,*
*Christopher Boyd, Shannon Caldwell, Errol*
*Pickens,*
*Lisa Bonner, Allen Knott, Earl Pickett,*
*Steve Terry, and*
*Tanya Ary*

                                   */s/ La Keisha W. Butler*
                                   Of Counsel