**Case No.: 2:20-cv-02012-RDP**

**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ALABAMA
(SOUTHERN DIVISION)**

**D.S,**

**Plaintiff,**

**v.**

**JEFFERSON DUNN, et al.**

**Defendants.**

---

**MOVANT'S INITIAL SUBMISSION IN RESPONSE TO EXHIBIT B OF THE COURT'S
ORDER IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR, IN THE
ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT**

---

Robert F. Northcutt
C. Richard Hill
James N. Walter, Jr.
W. Jackson Britton

**CAPELL & HOWARD, P.C.**
150 South Perry Street
Montgomery, AL 36104
Phone: (334) 241-8000
Fax: (334) 323-8888
bob.northcutt@chlaw.com
rick.hill@chlaw.com
jimmy.walter@chlaw.com
jackson.britton@chlaw.com

*Attorneys for Defendants Carl Sanders, Gary Malone, Kevin White, Carla Graham, Angelia
Gordy, William Ragsdale, Neketris Estelle, Gerald McMillian, Christopher Boyd, Shannon
Caldwell, Errol Pickens, Lisa Bonner, Allen Knott, Earl Pickett, Steve Terry and Tanya Ary*

# TABLE OF CONTENTS

INTRODUCTION.................................................................................................... 1

STANDARD OF REVIEW ...................................................................................... 2

ARGUMENT ............................................................................................................ 3

   I.      PLAINTIFF'S COMPLAINT IS A SHOTGUN PLEADING THAT FAILS TO COMPLY WITH RULES 8(a)(2) AND 10(b).------------------------------------------------------- 3

   II.     PLAINTIF'S COMPLAINT IS DUE TO BE DISMISSED PURSUANT TO RULE 12(b)(6). ------------------------------------------------------------------------------------------- 7

     A.     ALL OF PLAINTIFF'S FOURTEENTH AMENDMENT CLAIMS ARE DUE TO BE DISMISSED. ............................................................................. 7

     B.     QUALIFIED IMMUNITY BARS PLAINTIFF'S CLAIMS AGAINST DEFENDANTS. ............................................................................................ 7

     C.     DEFENDANTS CANNOT BE HELD VICARIOUSLY LIABLE. ...................... 11

     D.     PLAINTIFF DOES NOT ALLEGE SUFFICIENT FACTS TO SUPPORT A CLAIM FOR SUPERVISOR LIABILITY. ................................................. 13

     E.     PLAINTIFF'S FAILURE TO PROTECT CLAIM IS DUE TO BE DISMISSED................................................................................................... 15

     F.     PLAINTIFF'S RETALIATION CLAIM IS DUE TO BE DISMISSED............ 15

     G.     PLAINTIFF'S FAILURE TO INTERVENE CLAIM IS DUE TO BE DISMISSED................................................................................................... 16

     H.     PLAINTIFF'S STATE LAW CLAIMS ARE DUE TO BE DISMISSED. ......... 16

     I.    PLAINTIFF'S CONSPIRACY CLAIMS ARE DUE TO BE DISMISSED........... 19

CONCLUSION ......................................................................................................... 20

CERTIFICATE OF SERVICE ................................................................................. 21

**MOVANT'S INITIAL SUBMISSION IN RESPONSE TO EXHIBIT B OF THE COURT'S ORDER IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT**

Defendants Carl Sanders ("Sanders"), Gary Malone ("Malone"), Kevin White ("White"), Carla Graham ("Graham"), Angelia Gordy ("Gordy"), William Ragsdale ("Ragsdale"), Neketris Estelle ("Estelle"), Gerald McMillian ("McMillian"), Christopher Boyd ("Boyd"), Shannon Caldwell ("Caldwell"), Errol Pickens ("Pickens"), Lisa Bonner ("Bonner"), Allen Knott ("Knott"), Earl Pickett ("Pickett"), Steve Terry ("Terry") and Tanya Ary ("Ary")[1] ("Defendants") submit this Memorandum of Law in Support of their Motion to Dismiss Plaintiff's Complaint or, in the Alternative, Motion for More Definite Statement.

**INTRODUCTION**

This action arises from alleged altercations between Plaintiff, D.S., and other inmates at William E. Donaldson Correctional Facility ("Donaldson") and at St. Clair Correctional Facility ("St. Clair") (Doc. 32-1 at ¶ 51-60, 90-109). Plaintiff's 55-page Complaint (Doc. 32-1) is a classic example of a shotgun pleading that violates Federal Rules of Civil Procedure 8(a)(2) and 10(b). As shown in Section I herein, Plaintiff's Complaint names 29 defendants and contains well over 200 paragraphs of factual allegations, and each count of the Complaint incorporates by reference every preceding paragraph. (Doc. 32-1 at ¶¶ 51-289, 291, 297, 305, 311, 316, 321, 325, 330). In addition, all eight counts assert multiple claims against all 29 defendants without specifying which

---

[1] Plaintiff alleges claims against a "Sergeant McCordles" and an "Officer Garland." Neither a "Sergeant McCordles" nor an "Officer Garland" has been served in this case. The undersigned counsel understand that Plaintiff's counsel intend to serve or substitute other individuals as defendants. Defendants' counsel have advised Plaintiff's counsel that Defendants Allen Knott and Earl Pickett left their employment with the Alabama Department of Corrections years before the incidents alleged in the Complaint. Defendants' counsel understand Plaintiff's counsel intend to dismiss both Defendants and/or substitute other yet to be named defendants in their place.

of the defendants are responsible for which acts or omissions giving rise to that particular count. Plaintiff's Complaint should be dismissed or Plaintiff should be required to replead his claims in compliance with Rules 8(a)(2) and 10(b). Further, Plaintiff's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for the additional reasons detailed in Section II herein, including that Plaintiff's Complaint fails to state cognizable claims against Defendants and Defendants are entitled to qualified immunity and state agent immunity.

## **STANDARD OF REVIEW**

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled facts alleged in the complaint as true; however, the court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). In evaluating the sufficiency of a plaintiff's pleadings, a court can make reasonable inferences in the plaintiff's favor, but it is "not required to draw [p]laintiff['s] inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id.* (internal quotation and citation omitted); *see also Iqbal*, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true" citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007)). Indeed, to survive a motion to dismiss, the complaint must contain factual matter, the sufficiency of which states "a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Simply stated, the

"[f]actual allegations must be enough to raise a right to relief above the speculative level."

*Twombly*, 550 U.S. at 555.

As this Court has noted, "[d]istrict courts have the inherent authority to dismiss complaints on shotgun pleading grounds." *Cincinnati Ins. Co. v. Samsung SDI Co. Ltd.,* 2018 WL 3928995, at *3 (N.D. Ala. Aug. 16, 2018) (citing *Vibe Micro, Inc. v. Shabanets,* 878 F.3d 1291, 1295 (11th Cir. 2018)). However, "the court must grant a plaintiff at least one chance to remedy such shotgun pleading deficiencies *sua sponte* before dismissing an action on shotgun pleading grounds." *Id.*

## ARGUMENT

### I.     PLAINTIFF'S COMPLAINT IS A SHOTGUN PLEADING THAT FAILS TO COMPLY WITH RULES 8(a)(2) AND 10(b).

Plaintiff's Complaint is a shotgun pleading that fails to comply with federal pleading standards. As the Eleventh Circuit recently stated in *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021):

> A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both. Rule 8(a)(2) requires the complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "If doing so would promote clarity," Rule 10(b) also mandates that "each claim founded on a separate transaction or occurrence … be stated in a separate count …" *Id.* The self-evident purpose of these rules is to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading. These rules were also written for the benefit of the court, which must be able to determine which facts support which claims, whether the plaintiff has stated any claims upon which relief can be granted, and whether evidence introduced at trial is relevant.

(quotation marks and citations omitted).

The Eleventh Circuit has "identified four rough types or categories of shotgun pleadings." *Id.* (internal citation omitted). It has described those categories as follows:

> The first is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The second is a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third is a complaint that does not separat[e] each cause of action or claim for relief into a different count." And the final type of shotgun pleading is a compliant that assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Id.* at 1324-1325 (quotation marks and citations omitted).

This Court and the Eleventh Circuit have repeatedly and vehemently condemned shotgun pleadings. *See, e.g., Id.; Hirsch v. Ensurety Ventures, LLC*, 805 F. App'x 987, 991 (11th Cir. 2020) ("And lest it need still be said, shotgun pleadings do not comport with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and the Supreme Court's instructions laid out in *Bell Atl. Corp v. Twombly* and *Ashcroft v. Iqbal*."); *Est. of Bass v. Regions Bank*, 947 F.3d 1352, 1356 n.3 (11th Cir. 2020) ("As of 2008, [the Eleventh Circuit] had explicitly condemned shotgun pleadings upward of fifty times.") (quotation marks and citation omitted); *Snow v. Etowah Cnty. Sheriff's Dep't.*, 2020 WL 6899168, at *1 (N.D. Ala. Nov. 24, 2020) ("Plaintiffs' most recent complaint is 264 pages long, but like Plaintiffs' first complaint, it is a quintessential shotgun pleading that fails to properly notify Defendants of the claims against them and makes it impossible for the court to determine whether Plaintiffs have stated a claim for relief."); *Hawkins v. Holy Fam. Cristo Rey Cath. High Sch.*, 2018 WL 6326485, at *3 (N.D. Ala. Dec. 4, 2018) ("The court may dismiss shotgun pleadings that violate either Rule 8(a)(2) or Rule 10(b) of the Federal Rules of Civil Procedure.") (internal citation omitted)); *Fed. Home Mortg.*

*Corp. v. McGough*, 2018 WL 5116844, at *1 (N.D. Ala. Oct. 19, 2018) ("The Eleventh Circuit has repeatedly stated that such [shotgun] pleadings exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwanted expense on the litigants, the court and the court's parajudicial personnel and resources.") (quotation marks and citation omitted).

Within the past month, Judge Axon granted a Motion to Strike a similar shotgun complaint filed by the same Plaintiff's counsel in *Lakeisha Ezell v. Jefferson Dunn, et al.,* Case No. 4:20-cv-02058-ACA (Feb. 25, 2021).[2] A copy of that Order is attached as Exhibit A. The Complaint in this case contains the same shotgun pleading deficiencies.

At the very least, Plaintiff's Complaint here is a shotgun pleading of the first and fourth types. The first category of shotgun pleading is a complaint containing multiple counts where each adopts the allegations of all preceding counts. *Barmapov*, 986 F.3d at 1324; *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). As the Court observed in *Snow*:

> The first category of shotgun pleading is a complaint containing multiple counts where each adopts the allegations of all preceding counts. *Weiland*, 792 F.3d at 1321. This has the effect of causing "each successive count to carry all that came before." *Id.* In this type of shotgun pleading, the "allegations of each count are . . . rolled into every successive count on down the line." *Id.* at 1324. This leads to a "situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions." *Id.*

2020 WL 6899168, at *3.

---

[2]  Counsel for Defendants filed a Motion for More Definite Statement in the instant case, rather than a Motion to Strike as filed in the *Ezell* case, in accordance with Judge Tjoflat's recent guidance in *Barmapov*, 986 F.3d at 1329-1330 (Tjoflat, J. concurring).

Plaintiff's Complaint is a textbook example of the first category of shotgun pleadings. The Complaint consists of over 40 pages and 250 paragraphs of factual allegations before alleging eight conclusory claims in its final five pages. None of the eight counts setting forth those claims contain factual allegations; instead each count begins "Plaintiff incorporates each paragraph of this Complaint as if fully restated here." (Doc. 32-1 at ¶¶ 291, 297, 305, 311, 316, 321, 325, 330). Plaintiff's Complaint provides no indication which of the hundreds of fact allegations pertain to which count. "Shotgun pleadings of the first type make 'it . . . exceedingly difficult, if not impossible, to know which allegations pertain to [which] count.'" *Snow*, 2020 WL 6899168 at *4 (quoting *Keith v. DeKalb Cnty., Ga.*, 749 F.3d 1034, 1045 (11th Cir. 2014)). Plaintiff's Complaint should be dismissed for that reason. *See Cincinatti Ins. Co.,* 2018 WL 3928995; *Rice v. Seterus, Inc.,* 2018 WL 4052180 (N.D. Ala. Aug. 24, 2018).

Plaintiff's Complaint is also the fourth type of impermissible shotgun pleading that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1323. Plaintiff's Complaint repeatedly refers to large groups of defendants as either Defendants, Donaldson Defendants, or St. Clair Defendants with each designation consisting of multiple defendants. There are 29 defendants in this case, and it is impossible for them all to be responsible for each of the eight claims alleged. And, even if it were possible, specific defendants are unable to discern which of the hundreds of factual allegations are asserted against him or her. Plaintiff's Complaint should be dismissed or Plaintiff should be required to replead all of the claims in this action if he wishes to proceed. *Cincinnati Ins. Co.,* 2018 WL 392 8995 at *3.

## II. PLAINTIF'S COMPLAINT IS DUE TO BE DISMISSED PURSUANT TO RULE 12(b)(6).[3]

### A. ALL OF PLAINTIFF'S FOURTEENTH AMENDMENT CLAIMS ARE DUE TO BE DISMISSED.

In Counts II and III of the Complaint (Doc. 32-1 ¶¶ 297-310), Plaintiff includes claims for violations of constitutional rights pursuant to the Fourteenth Amendment. These claims are due to be dismissed as the Fourteenth Amendment has no application to Plaintiff. Rather, only the Eighth Amendment applies to claims regarding conditions of confinement for those convicted of crimes and housed in prisons. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

### B. QUALIFIED IMMUNITY BARS PLAINTIFF'S CLAIMS AGAINST DEFENDANTS.

Plaintiff sues the Defendants in their individual capacities. (Doc. 32-1 ¶ 12). The long-recognized doctrine of qualified immunity protects government officers when they are sued in their individual capacities from liability for civil damages so long as "their conduct [did] not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)); *see Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) ("Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct.").

A public official seeking the protection of qualified immunity "must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002) (internal quotation marks and citation

---

[3]    In addition to the arguments set forth below, Defendants adopt and incorporate herein all grounds and arguments for dismissal of the Complaint asserted by other defendants.

omitted). The burden then shifts to the plaintiff "to show that (1) the officer violated a constitutional right and (2) the right was clearly established at the time of the alleged violation." *Piazza v. Jefferson Cnty., Ala.,* 923 F.3d 947, 951 (11th Cir. 2019) (citing *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1264 (11th Cir. 2004)). A court "may consider these two prongs in either order; an official is entitled to qualified immunity if the plaintiff fails to establish either." *Id.* (citing *Jacoby v. Baldwin Cnty.*, 835 F.3d 1338, 1344 (11th Cir. 2016)).

Throughout the analysis, it must be kept in mind that "qualified immunity for government officials is the rule, liability and trials for liability the exception." *Alexander v. Univ. of N. Fla.*, 39 F.3d 290, 291 (11th Cir. 1994). As this Court has stated, "[t]he Court must consider the defense of qualified immunity as soon as possible in the litigation, including at the motion to dismiss stage." *Hadder v. Walker Cnty., Ala.*, 2014 WL 2465322, at *4 (N.D. Ala. May 30, 2014) (citing *Hunter v. Bryant*, 502 U.S. 224, 223-34 (1991)). Further, the Eleventh Circuit recently observed: "Generally speaking, it is proper to grant a motion to dismiss on qualified immunity grounds when the 'complaint fails to allege the violation of a clearly established constitutional right.'" *Dickinson v. Cochran*, 833 F. App'x 268, 271 (11th Cir. 2020) (quoting *Corbitt v. Vickers*, 929 F.3d 1304, 1311 (11th Cir. 2019) (further internal citation omitted)).

A government employee acts within his discretionary authority when he is "(a) performing a legitimate job-related function (that is, pursuing a job-related goal), (b) through means that were within his power to utilize." *Holloman*, 370 F.3d at 1265. The question at this stage is not "whether the act complained of was done for improper purpose, but 'whether the act complained of, if done for a proper purpose, would be within, or reasonably related to, the outer perimeter of an official's discretionary duties.'" *Plotkin v. United States*, 465 F. App'x 828, 831-32 (11th Cir. 2012) (quoting *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1282 (11th Cir. 1998)). The only question to

consider is whether the acts "are of a type that fell within the employee's job responsibilities." *Holloman*, 370 F.3d at 1265.

Here, it is undisputed that Defendants were acting within their discretionary authority. Plaintiff's Complaint makes no allegation that the actions of these Defendants were outside the line and scope of their duties as employees of the Alabama Department of Corrections ("DOC"). To the contrary, Plaintiff's Complaint alleges duties of the Defendants as DOC employees. (Doc. 32-1 ¶¶ 17, 35-44, 46, 48-50).

Once discretionary authority is established, a court is "obliged to grant qualified immunity to a law enforcement officer unless the plaintiff can demonstrate: first, that the facts when viewed in a light most favorable to the plaintiff establish a constitutional violation; and, second, that illegality of the officer's actions was clearly established at the time of the incident." *Oliver v. Fiorino*, 586 F.3d 898, 905 (11th Cir. 2009) (citing *Pearson v. Callahan*, 555 U.S. 223, 232, 235 (2009)). Thus, to survive a motion to dismiss, Plaintiff must present a plausible claim that a constitutional violation occurred and that these Defendants' conduct clearly violated established law. *See Iqbal*, 556 U.S. at 678.

Plaintiff's Complaint fails to present a plausible claim that a constitutional violation occurred or that these Defendants' conduct clearly violated established law. Plaintiff alleges that a prior class-action lawsuit, a DOJ investigation and an Equal Justice Initiative report put these Defendants on notice that their conduct clearly violated established law. (Doc. ¶¶ 166-182). Plaintiff's counsel also assumes that DOC employees have the time to read the myriad of pleadings filed by attorneys involving the DOC or its employees. However, even assuming that the Plaintiff had alleged facts which could support a violation of constitutional rights, the alleged lawsuit, investigation and report are not binding precedent that would have put these Defendants on notice

that their conduct clearly violated established law. "To be clearly established, a right must be sufficiently clear that every reasonable official would [have understood] that what he is doing violates that right. In other words, existing precedent must have placed the statutory or constitutional question beyond debate." *Reichle v. Howards*, 566 U.S. 658, 664 (2012) (internal quotation marks and citations omitted) (alteration in original). The Court should look "only to binding precedent—cases from the United States Supreme Court, the Eleventh Circuit, and the highest court of the state under which the claim arose—to determine whether the right in question was clearly established at the time of the violation." *Coffin v. Brandau*, 642 F.3d 999, 1013 (11th Cir. 2011) (citation omitted). Moreover, "[w]hile multiple cases in this Circuit have put prison officials on notice that they have a duty to protect inmates from violence at the hands of other inmates, each of those cases has required that the prison officials in question have more than a generalized idea that the plaintiff could be subjected to violence." *Marbury v. Estes*, 2017 WL 2060346, at *8 (N.D. Ala. May 1, 2017).

Here, Plaintiff has alleged no clearly established law or existing precedent that would have provided these Defendants with "fair warning" that his or her conduct as correctional officers at Donaldson or St. Clair deprived the Plaintiff of a constitutional right. To the contrary, the Eleventh Circuit held at the approximate time of the inmate-on-inmate attack at issue here that "the evidence [the plaintiff] has presented regarding a general risk of inmate-on-inmate violence [at St. Clair] does not rise to the level necessary to show deliberate indifference to a substantial risk of serious harm required by our caselaw." *Marbury v. Warden*, 936 F.3d 1227, 1235 (11th Cir. 2019). The plaintiff in *Marbury* was attacked by a fellow prisoner at St. Clair after making multiple requests to be transferred to a different dormitory or put in protective lock-up. He sent letters to the warden and made several in-person transfer requests to a prison officer before being stabbed and assaulted

by another inmate. Based on those facts—which provide far more notice of a risk of harm to the inmate than Plaintiff's alleged statements that he had enemies relating to a 2018 attack at another prison (Doc. 32-1 ¶¶ 51-56, 72-75)—the Eleventh Circuit affirmed the district court's order granting the St. Clair's warden's and officer's motions for summary judgment based on qualified immunity. *Id.* at 1232-38.[4]

Accordingly, Plaintiff cannot present a plausible claim that a constitutional violation occurred and that these Defendants' conduct clearly violated established law when both this Court and the Eleventh Circuit held otherwise with respect to an inmate-on-inmate assault at St. Clair based upon facts that were similar to those alleged in Plaintiff's Complaint here.

### C.    DEFENDANTS CANNOT BE HELD VICARIOUSLY LIABLE.

Defendants Sanders, Malone, White, Graham, Estelle, Gordy, Ragsdale, Knott, Pickett and Boyd are alleged to be liable based on the activities of subordinate employees. These Defendants cannot be held vicariously liable for the alleged wrongdoing of a subordinate employee because Plaintiff brings his claims pursuant to 42 U.S.C. § 1983. It is well accepted in the Eleventh Circuit under § 1983 principles that supervising officials cannot be held liable for the unconstitutional acts of subordinates under a theory of respondeat superior or vicarious liability. *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) (citing *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994)). Instead, the Eleventh Circuit previously stated that a plaintiff may only pursue supervisor liability when:

> the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the

---

[4]  In the year prior to the incidents at issue in the present case, Magistrate Judge England's Report and Recommendation in the *Marbury* case recommended that the motion for summary judgment be granted, and Judge Kallon entered a Memorandum Opinion adopting and accepting that recommendation. *See Marbury v. Estes*, 2017 WL 2021071 (N.D. Ala. May 12, 2017); *Marbury*, 2017 WL 2060346.

> supervising official and the alleged constitutional deprivation. The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences.

*Hartley*, 193 F.3d at 1269 (quoting *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990)) (internal quotations omitted).

Here, Plaintiff's Complaint falls well below the pleading standard imposed by Rule 12 and *Hartley*. For example, Plaintiff merely alleges that these supervisory Defendants are somehow responsible for Plaintiff's alleged constitutional violations but does not allege any specific conduct these Defendants participated in that resulted in the alleged constitutional violation.

In an attempt to remedy his failure to plead specific allegations against these supervisory Defendants, Plaintiff apparently contends that it was the policies and customs of the Defendants somehow that caused the altercations between Plaintiff and other inmates. This is insufficient under § 1983 jurisprudence. As stated above, a plaintiff seeking to recover from a supervisor under § 1983 must show that the complained of conduct was so obvious, flagrant, rampant, and of continued duration such that the defendants were put on notice. Plaintiff has failed to do that here. Instead, Plaintiff relies on allegations of isolated incidents to attempt to prove his claim. These attempts are insufficient to state a claim against these Defendants.

A plaintiff's complaint must establish facial plausibility by pleading facts sufficient to permit the "court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plaintiff's Complaint fails to make such factual allegations and, instead, makes the "[t]hreadbare recitals of the elements of a cause of action" and "conclusory statements" that are insufficient to satisfy facial plausibility. *Id.* Similarly, Plaintiff's Complaint is

rife with legal conclusions that are not entitled to the presumption of truth. *See id.* at 680. Because Plaintiff's Complaint merely makes conclusory statements of liability against these Defendants without any factual support to the statements, Plaintiff failed to set forth a claim upon which this Court could grant relief. Therefore, Defendants' Motion to Dismiss is due to be granted as to these Defendants.

### D. PLAINTIFF DOES NOT ALLEGE SUFFICIENT FACTS TO SUPPORT A CLAIM FOR SUPERVISOR LIABILITY.

Plaintiff's Complaint is deficient and should be dismissed because Plaintiff failed to allege sufficient facts to support the claim for Eighth Amendment supervisor liability. In order to succeed on his claims against these Defendants, Plaintiff must prove the Defendants acted "with deliberate indifference, [and] exposed [the Plaintiff] to a sufficiently substantial 'risk of serious damage to his future health.'" *Farmer*, 511 U.S. at 843 (citing *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). The standard for deliberate indifference is akin to criminal negligence such that a plaintiff must prove all of the following: (1) the defendant knew of and disregarded "an excessive risk to inmate health or safety;" (2) the defendant was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed;]" and (3) the defendant "must also draw that inference." *Id*. at 837. Further, the condition must be "extreme" such that there is a "strong likelihood of injury, rather than a mere possibility, before an official's failure to act can constitute deliberate indifference." *Est. of Owens v. GEO Grp., Inc.*, 660 F. App'x 763, 767 (11th Cir. 2016) (citations and internal quotations omitted). Therefore, Plaintiff must show significantly more than mere civil recklessness or negligence. *See Losey v. Warden*, 521 F. App'x 717, 720 (11th Cir. 2013).

In addition to establishing an Eighth Amendment duty to act, the Plaintiff must prove a "necessary causal link" between the defendant's conduct and harm to the inmate. *See Rodriguez*,

508 F.3d at 622. To resolve whether the necessary causal link is established, the court must individually analyze the prison official's "duties, discretion, and means." *Williams v. Bennett*, 689 F.2d 1370, 1384 (11th Cir. 1982). Elaborating further, in *Williams* the Eleventh Circuit stated:

> [t]here can be no duty, the breach of which is actionable, to do that which is beyond the power, authority, or means of the charged party. One may be callously indifferent to the fate of prisoners and yet not be liable for their injuries. Those whose callous indifference results in liability are those under a duty-possessed of authority and means-to prevent the injury.

*Id.* Thus, the Plaintiff must also prove that these Defendants were empowered to protect against the risk of the harm.

Finally, the *Farmer* Court identified the following three methods for a prison official to avoid Eighth Amendment liability: (1) the prison official "did not know of the underlying facts indicating a sufficiently substantial danger and that they were unaware of that danger[;]" (2) the prison official "knew of the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent[;]" or (3) if the prison official "responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844-45.

The standard for deliberate indifference equates to recklessness in criminal law and is subjective. *Farmer*, 511 U.S. 839-40. Only the unnecessary and wanton infliction of pain violates the Eighth Amendment. *Id.* at 834. Obduracy and wantonness, not inadvertence or error in judgment, are required. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Nothing in Plaintiff's Complaint can be read to rise to the level of obduracy and wantonness on the part of these Defendants.

### E.	PLAINTIFF'S FAILURE TO PROTECT CLAIM IS DUE TO BE DISMISSED.

Plaintiff's allegations against Defendants on the failure to protect claim in Count I of the Complaint (Doc. 32-1 ¶¶ 291-296) are lumped together. Plaintiff generally alleges that Defendants moved Plaintiff into general population housing with notice that Plaintiff had known enemies.

As previously discussed, in *Marbury*, an inmate at St. Clair Correctional Facility complained of an assault by another inmate, 936 F.3d at 1231. Before the assault, the *Marbury* plaintiff told the corrections staff that he had witnessed fifteen stabbings over a six-year period and that there was a specific threat made against him. In addition, he had lodged numerous requests for transfer and protective custody. *Id.* at 1233. The Eleventh Circuit found that these allegations were insufficient to establish deliberate indifference. The Court determined that the evidence did not indicate that the inmates at St. Clair were "'exposed to something even approaching the constant threat of violence.'" *Id.* at 1235 (quoting *Harrison v. Culliver*, 746 F.3d 1288, 1299-1300 (11th Cir. 2014)). The *Marbury* plaintiff's evidence of communications of threats against him by other inmates was much more compelling and detailed than Plaintiff's allegations here that he advised some Defendants that he had enemies in the prison population. Therefore, the allegations of Plaintiff's Complaint are insufficient to state a failure to protect claim in Count I against these Defendants.

### F.	PLAINTIFF'S RETALIATION CLAIM IS DUE TO BE DISMISSED.

Plaintiff alleges in Count III (Doc. 32-1 ¶¶ 305-310) that Defendants subjected Plaintiff to segregation and exposure to his enemies to retaliate against him for reporting a sexual assault in violation of his First Amendment rights.  Plaintiff alleges emotional pain and suffering as damages for this claim.  (Doc. 32-1 ¶ 310).  However, the Prison Litigation Reform Act, 42 U.S.C. § 1997(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other

correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." *Al.-Amin v. Smith,* 637 F.3d 1192, 1195 (11th Cir. 2011). Therefore, Plaintiff's retaliation claim for emotional pain and suffering damages in Count III must be dismissed

### G. PLAINTIFF'S FAILURE TO INTERVENE CLAIM IS DUE TO BE DISMISSED.

Plaintiff alleges in Count VI (Doc. 32-1 ¶¶ 321-324) that Defendants failed to intervene to prevent the violation of Plaintiff's constitutional rights. In order to be liable under a failure to intervene theory, a defendant official must have observed the violation and be in a position to intervene at the time of the violation; therefore, the violation must take place in the official's presence. *See Ensley v. Soper*, 142 F.3d 1402, 1407 (11th Cir. 1998). No such allegations exist in Plaintiff's Complaint; therefore, Plaintiff's failure to intervene claim in Count VI must be dismissed.

### H. PLAINTIFF'S STATE LAW CLAIMS ARE DUE TO BE DISMISSED.

Counts VII and VIII of Plaintiff's Complaint (Doc. 32-1 ¶¶ 325-334) allege state law claims for intentional infliction of emotional distress and negligence. Those alleged state law claims are barred by state agent immunity.

In *Ex parte Cranman,* 792 So.2d 392, 405 (Ala. 2000), the Supreme Court of Alabama enunciated the rule governing State-agent immunity as follows:

> A State agent shall be immune from civil liability in his or her personal capacity when the conduct made the basis of the claim against the agent is based upon the agent's
>
> (1)  formulating plans, policies, or designs; or
>
> (2)  exercising his or her judgment in the administration of a department or agency of government, including, but not limited to, examples such as:

      (a)  making administrative adjudications;

      (b)  allocating resources;

      (c)  negotiating contracts;

      (d)  hiring, firing, transferring, assigning, or supervising personnel; or

(3) discharging duties imposed on a department or agency by statute, rule, or regulation, insofar as the statute, rule, or regulation prescribes the manner for performing the duties and the State agent performs the duties in that manner; or

(4) exercising judgment in the enforcement of the criminal laws of the State, including, but not limited to, law-enforcement officers' arresting or attempting to arrest persons; or

(5) exercising judgment in the discharge of duties imposed by statute, rule, or regulation in releasing prisoners, counseling or releasing persons of unsound mind, or educating students.

Notwithstanding anything to the contrary in the foregoing statement of the rule, a State agent shall not be immune from civil liability in his or her personal capacity

(1) when the Constitution or laws of the United States, or the Constitution of this State, or laws, rules, or regulations of    this State enacted or promulgated for the purpose of regulating the activities of a governmental agency require otherwise, or

(2) when the State agent acts willfully, maliciously, fraudulently, in bad faith, beyond his or her authority, or under a mistaken interpretation of the law.

*See also Ex parte Randall*, 971 So. 2d 652, 662 (Ala. 2007) ("Although *Cranman* was a plurality decision, the restatement of law as it pertains to State-agent immunity set forth in *Cranman* was subsequently adopted by this Court's decisions in *Ex parte Rizk*, 791 So. 2d 911 (Ala. 2000) and *Ex parte Butts*, 775 So. 2d 173 (Ala. 2000).").[5]

---

[5] Defendants are likewise entitled to immunity from Plaintiff's state law claims pursuant to ALA. CODE § 6-5-338.

As noted above, a state agent shall be immune from liability when the conduct on which the claim is based is the state agent's "formulating plans, policies, or designs"; and "hiring, firing, transferring, assigning, or supervising personnel." *Cranman*, 792 So. 2d at 405. Plaintiff's claims are based in part on allegations that the Defendants failed to properly monitor and supervise personnel. Because *Cranman* specifically established that state agents shall be immune from liability for claims based on their alleged conduct, the Court should dismiss these state law claims.

In a wrongful death case in which a two-month old infant was killed by a day care worker, after a social worker failed to detect that the day care worker was administering medication without parental consent or documentation, the Alabama Supreme Court held that the claims against the social worker were barred by state-agent immunity. *Randall*, 971 So. 2d at 664. Even though the Alabama Supreme Court conceded that the social worker was "either quite gullible or negligent or perhaps even reckless," the Court explained that such conduct was consistent only with negligent or wanton behavior. *Id*. As the Court explained, "[t]his Court has previously held that poor judgment or wanton misconduct, an aggravated form of negligence, does not rise to the level of willfulness or maliciousness necessary to put the State agent beyond the immunity recognized in *Cranman*." *Id.* State-agent immunity "is not abrogated for negligent and wanton behavior; instead, immunity is withheld only upon a showing that the State agent acted willfully, maliciously, fraudulently, in bad faith, or beyond their authority." *Giambrone v. Douglas*, 874 So. 2d 1046, 1052 (Ala. 2003).

Plaintiff's allegations do not rise to the level of "willfulness or maliciousness necessary to put the [Defendants] beyond the immunity recognized in *Cranman*." *Randall*, 971 So. 2d at 664. Plaintiff's bare recitation of the exception for State agent immunity does not satisfy the requisite pleading requirements.

# I. PLAINTIFF'S CONSPIRACY CLAIMS ARE DUE TO BE DISMISSED.

Plaintiff's civil conspiracy claims alleged in Counts IV and V (Doc. 32-1 ¶¶ 311-320) must be dismissed. To maintain a civil conspiracy claim under 42 U.S.C. § 1983, the Plaintiff must show an underlying denial of constitutional rights. *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1370 (11th Cir. 1998). The Plaintiff must also show that the Defendants reached an agreement to violate his rights. *Rowe v. City of Ft. Lauderdale*, 279 F.3d 1271, 1283 (11th Cir. 2002). As shown in the preceding sections, Plaintiff has not pled a cognizable denial of constitutional rights by these Defendants; nor has Plaintiff alleged that any agreement existed to violate those rights.

> A plaintiff bringing a conspiracy claim must inform the defendants of the nature of the conspiracy alleged. It is not enough to aver in the complaint that a conspiracy existed. A "plaintiff claiming a conspiracy under § 1983 must make particularized allegations that conspiracy exists." *See GJR Invs., Inc. v. Cnty.. of Escambia,* 132 F.3d 1359, 1370 (11th Cir. 1998). Vague and conclusory allegations that merely suggest a § 1983 conspiracy are insufficient to withstand a motion to dismiss. The claims must include enough factual allegations to 'raise a right to relief above the speculative level.' See *Twombly*, 550 U.S. at 554.

*Pittman v. State Farm Fire & Cas. Co.*, 662 F. App'x 873, 880 (11th Cir. 2016) (some internal citations omitted).

Even if Plaintiff had properly alleged a claim for civil conspiracy, the claim would nonetheless be barred by the intracorporate conspiracy doctrine. The doctrine operates to attribute the acts of an entity's agents to the entity itself, thereby negating the multiplicity of actors necessary for the formation of a conspiracy. *Grider v. City of Auburn*, 618 F.3d 1240, 1261 (11th Cir. 2010) (quoting *McAndrew v. Lockheed Martin Corp.*, 206 F.3d 1031, 1036 (11th Cir. 2000). An entity cannot conspire with its employees, and its employees, when acting in the scope of their employment, cannot conspire among themselves. *Id.* Here, the only alleged conspirators are

Alabama Department of Corrections employees with no outside actors alleged to be involved.  As a result, the intracorporate conspiracy doctrine bars Plaintiff's conspiracy claim.

<u>**CONCLUSION**</u>

Based upon the foregoing, Defendants Sanders, Malone, White, Graham, Gordy, Ragsdale, Estelle, McMillian, Boyd, Caldwell, Pickens, Bonner, Knott, Terry and Ary request that this Court enter an Order granting their Motion to Dismiss Plaintiff's Complaint or, in the alternative, granting Defendants' Motion for More Definite Statement.

Respectfully submitted this the 15th day of March, 2021.

/s/ James N. Walter, Jr.
ROBERT F. NORTHCUTT (ASB-9358-T79R)
C. RICHARD HILL, JR. (ASB-0773-L72C)
JAMES N. WALTER, JR. (ASB-2722-R68J)
W. JACKSON BRITTON (ASB-8252-K46Y)

*Attorneys for Defendants Carl Sanders, Gary Malone, Carla Graham, Angelia Gordy, William Ragsdale, Neketris Estelle, Gerald McMillian, Christopher Boyd, Shannon Caldwell, Errol Pickens, Lisa Bonner, Allen Knott, Earl Pickett, Steve Terry and Tanya Ary*

**CAPELL & HOWARD, P.C.**
150 S. Perry Street (36104)
PO Box 2069
Montgomery, AL  36102-2069
Phone (334) 241-8000
Email: bob.northcutt@chlaw.com
        rick.hill@chlaw.com
        jimmy.walter@chlaw.com
        jackson.britton@chlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of March, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record (and by U.S. Mail to non-CM/ECF participants) as indicated below:

Ruth M. Brown
Megan Pierce
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
ruth@loevy.com
megan@loevy.com

Anil A. Mujumdar
DAGNEY JOHNSON LAW GROUP
2170 Highland Avenue, Suite 250
Birmingham, AL 35205
anil@dagneylaw.com

William R. Lunsford
Stephen C. Rogers
La Keisha W. Butler
MAYNARD COOPER & GALE, PC
655 Gallatin Street
Huntsville, AL 35801
blunsford@maynardcooper.com
srogers@maynardcooper.com
lbutler@maynardcooper.com

/s/ James N. Walter, Jr.
Of Counsel