**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **D. S.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | **Case No. 2:20-CV-02012-RDP** |
| v. ) | |
| ) | |
| **JEFFERSON DUNN,** *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MOTION TO DISMISS OR, IN THE
ALTERNATIVE, MOTION TO STRIKE**

Defendants JEFFERSON S. DUNN ("Commissioner Dunn"), GRANTT CULLIVER ("Culliver"), EDWARD ELLINGTON ("Ellington"), and CHRISTY VINCENT ("Vincent" and collectively with Commissioner Dunn, Culliver, Williams, and Ellington, the "Administrative Officials"); GWENDOLYN GIVENS ("Givens"), ANTHONY BROOKS ("Brooks"), and KARLA JONES ("Jones" and collectively with Givens and Brooks, the "St. Clair Officials"); and JEFFERY BALDWIN ("Baldwin," and with the Administrative Officials, and St. Clair Officials, the "ADOC Officials"), move for entry of an Order dismissing the Amended Complaint (Doc. 67, the "Amended Complaint") filed by Plaintiff D.S. ("Plaintiff") to the extent that it purports to assert claims against the ADOC Officials. Alternatively, the ADOC Officials move for entry of an order striking the Amended Complaint. As grounds for and in support of this Motion, the ADOC Officials submit their Memorandum of Law in Support of the Motion to Dismiss and further state as follows:

1. Plaintiff is an inmate in the custody of the Alabama Department of Corrections ("ADOC"). He purports to assert individual-capacity claims against the ADOC Officials

stemming from an alleged attack by other inmates at Donaldson Correctional Facility ("Donaldson") in December 2018, and a subsequent attack by inmates at St. Clair Correctional Facility ("St. Clair") in January 2019.  (Doc. 67, ¶¶ 56, 92-95).  Plaintiff does not allege that the ADOC Officials were present when the alleged assaults occurred or even that they knew of a specific threat to Plaintiff.  Instead, the Complaint includes only general allegations that the ADOC Officials were aware of high rates of violence at Donaldson and St. Clair.

2. **Plaintiff's Complaint constitutes an impermissible "shotgun pleading."** "Shotgun pleadings" are cumbersome, confusing complaints that do not comply with pleading requirements.  See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321-23 nn.11-15 (11th Cir. 2015).[1]  "The unifying characteristic of all types of shotgun pleadings is that they fail to … give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."  Id. at 1323.  Despite an opportunity to fix the deficiencies in his pleading, Plaintiff's Amended Complaint continues to "assert multiple claims against [multiple] defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against."  Weiland, 792 F.3d at 1323.  Because Plaintiff already received an opportunity to file an amended complaint, the Court should dismiss the Amended Complaint with prejudice.

3. **Plaintiff's Complaint represents an impermissible attempt to avoid Eleventh Amendment sovereign immunity.**  Eleventh Amendment immunity bars damages claims against ADOC directly or against its officials in their official capacities.  Kentucky v. Graham, 473 U.S.

---

[1] The Eleventh Circuit identified four (4) basic types of shotgun pleadings: (1) those in which "each count adopts the allegations of all preceding counts;" (2) those that do not re-allege all preceding counts but are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) those that do not separate each cause of action or claim for relief into a different count; and (4) those that assert multiple claims against multiple defendants without specifying which applies to which.  Weiland, 792 F.3d at 1321-23.  Plaintiff's Complaint falls into types (1), (2), and (4).  (See Doc. 1).

2

159, 169 (1985). Alabama law also bars state-law damages claims directly against state agencies such as ADOC and against state officials in their official capacities. Ex parte Moulton, 116 So. 3d 1119, 1140 (Ala. 2013). Plaintiff asserts each of his claims against the ADOC Officials in their individual-capacity, in an attempted end-run around Eleventh Amendment and state sovereign immunity. However, Alabama law already contains a mechanism to address damages claims that sovereign immunity would otherwise bar. The Alabama Board of Adjustment possesses "'jurisdiction over claims against the state that are not justiciable in the courts because of the state's constitutional immunity from being made a defendant.'" Vaughan v. Sibley, 709 So. 2d 482, 486 (Ala. Civ. App. 1997) (quoting Lee v. Cunningham, 176 So. 477, 479 (Ala. 1937)). Therefore, to the extent Plaintiff seeks damages for injuries sustained while in ADOC's custody, the Alabama Board of Adjustment exists to adjudicate those claims.

4. **Plaintiff fails to allege a section 1983 claim.** Plaintiff fails to allege that any ADOC Official directly participated in the unconstitutional conduct or that a causal connection exists between their conduct and the violation. Harrison v. Culliver, 746 F.3d 1288, 1299 (11th Cir. 1994). The standard for supervisory liability is "extremely rigorous." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003), abrogation in part on other grounds recognized by Stallworth v. Wilkins, 802 F. App'x 435 (11th Cir. 2020). Plaintiff fails to allege facts that satisfy this standard.

5. Moreover, the Amended Complaint fails to allege that any specific risk of harm existed as to Plaintiff, much less that the ADOC Officials knew of any such specific risk. Plaintiff cannot plausibly allege a deliberate indifference claim against the ADOC Officials utilizing generalized allegations of inmate-on-inmate violence. Marbury v. Warden, 936 F.3d 1227, 1234 (11th Cir. 2019).

6. **Qualified immunity protects the ADOC Officials from individual liability.**

Even if Plaintiff could allege an underlying constitutional violation, the ADOC Officials would still be entitled to qualified immunity. "Qualified immunity offers 'complete protection for government officials sued in their individual capacities so long as 'their conduct violates no clearly established statutory or constitutional rights which a reasonable person would have known.'" Lee v. Ferraro, 284 F.3d 1188, 1193-94 (11th Cir. 2002) (quoting Thomas v. Roberts, 261 F.3d 1160, 1170 (11th Cir. 2001)). Plaintiff fails to allege the type of conduct necessary to overcome qualified immunity and impose personal liability on the ADOC Officials.

7. **State agent immunity bars Plaintiff's state-law claims.** Plaintiff's state law claims for intentional infliction of emotional distress and negligence fail because state agent immunity protects the ADOC Officials. In Alabama, the defense of state-agent immunity protects an employee of a state government agency *against all civil liability* in the official's personal capacity arising from state law claims. Ex parte Butts, 775 So. 2d 173, 177 (Ala. 2000). Specifically, a state official receives immunity from all personal civil liability when the claim against the official arises from the official "formulating plans, policies, or designs" and/or "exercising his or her judgment in the administration of a department or agency of government, including, but not limited to . . . making administrative adjudications . . ., allocating resources," or "hiring, firing, transferring, assigning, or supervising personnel . . . ." Id. at 177-78. Plaintiff's claims fall within this well-recognized immunity.

8. **Plaintiff fails to state a state-law claim.** Even if state-agent immunity did not protect the ADOC Officials, the Amended Complaint lacks specific allegations to make out an intentional infliction of emotional distress or negligence claim.

WHEREFORE, based on the foregoing, the ADOC Officials respectfully request that this Court dismiss all claims asserted against them by the Plaintiff in the Amended Complaint..

4

Dated: April 19, 2021.

                                            */s/ William R. Lunsford*
                                            William R. Lunsford
                                            *Attorney for the Defendants*

William R. Lunsford
Stephen C. Rogers
La Keisha W. Butler
**MAYNARD, COOPER & GALE, P.C.**
655 Gallatin Street, S.W.
Huntsville, AL 35801
Telephone: (256) 551-0171
Facsimile: (256) 512-0119
blunsford@maynardcooper.com
srogers@maynardcooper.com
lbutler@maynardcooper.com

# CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing has been served upon all parties in this matter, including without limitation the following, by the Court's CM/ECF system or by U.S. Mail on this the 19th day of April, 2021:

Ruth Z. Brown
Megan Pierce
**LOEVY & LOEVY**
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
Telephone: (312)243-5900
Facsimile: (312)243-5902
ruth@loevy.com
megan@loevy.com

Anil A. Mujumdar
**DAGNEY JOHNSON LAW GROUP**
2170 Highland Avenue, Suite 250
Birmingham, AL 35205
Telephone: (205)590-6986
Facsimile: (205)809-7899
anil@dagneylaw.com

*Attorneys for Plaintiff*

Robert R. Northcutt
C. Richard Hill, Jr.
James N. Walter, Jr.
**CAPELL & HOWARD, PC**
P.O. Box 2069
Montgomery, AL 36102
Telephone: (334) 241-8000
Facsimile: (334) 323-8888
bob.northcutt@chlaw.com
rick.hill@chlaw.com
jimmy.walter@chlaw.com

*Attorneys for Carl Sanders, Gary Malone,*
*Kevin White, Carla Graham, Angelia*
*GordyWilliam Ragsdale,*
*Neketris Estelle, Gerald McMillian,*
*Christopher Boyd, Shannon Caldwell, Errol*
*Pickens,*
*Lisa Bonner, Allen Knott, Earl Pickett,*
*Steve Terry, and*
*Tanya Ary*

                                       */s/ William R. Lunsford*
                                       Of Counsel