FILED
2021 Apr-19  PM 06:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit A

FILED
2021 Feb-25 AM 10:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **LAKEISHA EZELL**, as representative of the Estate of Terrence Andrews, | } } } } |
| Plaintiff, | } } Case No.: 4:20-cv-02058-ACA |
| v. | } } |
| **JEFFERSON DUNN, et al.,** | } } |
| Defendants. | } |

## **ORDER**

This case arises out of the death of Plaintiff Lakeisha Ezell's son, Terrance Andrews. Mr. Andrews was an inmate at St. Clair Correctional Facility when his cellmate stabbed and killed him. (Doc. 1). Ms. Ezell, as a representative of Mr. Andrews' estate brought this action, alleging that 17 Defendants—fifteen named and two fictitious—violated her son's constitutional rights and are responsible for his death under Alabama state law. (*Id.*).

Before the court is Defendants Carl Sanders, Gary Malone, Kevin White, Carla Graham, Neketris Estelle, Larry Baker, and Tanya Ary's motion to dismiss

Ms. Ezell's complaint, or in the alternative, motion to strike the complaint as an impermissible shotgun pleading. (Doc. 28).

For the reasons explained below, the court **GRANTS** the motion to the extent that it asks the court to strike the complaint for failure to comply with federal pleading standards. Because the court will order Ms. Ezell to file an amended complaint, the court **DENIES** as **MOOT** the balance of the motion to dismiss. Defendants Sanders, Malone, White, Graham, Estelle, Baker, and Ary may renew their arguments for dismissal on the merits, if necessary, in response to the amended complaint.

Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." And Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." The Eleventh Circuit has explained that pleadings "that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015). And the Court has repeatedly and vehemently condemned such pleadings. *See Estate of David Bass*

*v. Regions Bank*, 947 F.3d, 1352, 1358 & n.3 (11th Cir. 2020); *see also Weiland*, 792 F.3d at 1321.

Shotgun pleadings fall into "four rough types of categories." *Weiland*, 792 F.3d at 1323. The first "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Id.* The second is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* The third is one that does "not separate[e] into a different count each cause of action or claim for relief." *Id.* And the fourth complaint "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.*

The complaint here is a shotgun pleading of the first and third types. For example, the complaint contains 200 paragraphs of factual allegations, and each count incorporates by reference every preceding paragraph. (Doc. 1 at ¶¶ 233, 239, 247, 254, 259, 263). This makes it "exceedingly difficult, if not impossible, to know which allegations to pertain to [which] count." *Keith v. DeKalb Cnty., Ga.*, 749 F.3d 1034, 1045 n.39 (11th Cir. 2014).

3

In addition, all six counts assert multiple claims against all defendants "without specifying which of the defendants are responsible for which acts or omissions" giving rise to that particular claim. (Doc. 1 at 38–42). This makes it impossible for the Defendants to determine which of the over 200 factual allegations are applicable to him or her and whether his or her individual conduct forms the basis of the claim.

Accordingly, the court **STRIKES** the complaint. **On or before March 12, 2021**, Ms. Ezell **SHALL** replead her complaint in conformity with Rules 8(a)(2) and 10(b) and the Eleventh Circuit's instructions about pleading a complaint. *See, e.g.*, *Weiland*, 792 F.3d at 1320.

The amended complaint should contain a separate count for each claim against one defendant, and the factual basis for that claim only. For instance, each count must allege facts showing how one specific defendant's acts or omissions give rise to the claim, and where applicable to certain § 1983 claims, facts showing how that specific defendant had requisite knowledge of underlying information sufficient to state a claim.

The court also instructs Ms. Ezell to consider whether her use of fictitious party pleading conforms with the use of such pleading in this Circuit. *See Dean v. Barber*, 951 F.2d 1210, 1215–16 & n.6 (11th Cir. 1992) (fictitious party pleading

generally is not allowed, except where the plaintiff "adequately describe[s] the person to be sued so that the person c[an] be identified for service").

Defendants **SHALL** respond to Ms. Ezell's amended complaint within the time prescribed by Federal Rule of Civil Procedure 15(a)(3).

**DONE** and **ORDERED** this February 25, 2021.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE

5