IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| D. S., | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:20-CV-02012-RDP |
| JEFFERSON DUNN, *et al.*, | ) |
| Defendants. | ) |

## ADOC OFFICIALS' PARTIAL MOTION TO DISMISS THE THIRD AMENDED COMPLAINT

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendants JEFFERSON S. DUNN ("Commissioner Dunn"), GRANTT CULLIVER ("Culliver"), JEFFERY WILLIAMS ("Williams"), CHARLES DANIELS ("Daniels"), EDWARD ELLINGTON ("Ellington"), CHRISTY VINCENT ("Vincent" and, collectively with Commissioner Dunn, Culliver, Williams, Daniels, and Ellington, the "Supervisory Officials"), GWENDOLYN GIVENS ("Givens"), ANTHONY BROOKS ("Brooks"), and KARLA JONES ("Jones" and, collectively with Givens and Brooks, the "Wardens," and collectively with the Supervisory Officials, Givens, and Brooks, the "ADOC Officials") move for entry of an Order dismissing the claims (other than Count III against the Wardens) asserted against them in the Third Amended Complaint (Doc. 134, the "Third Amended Complaint") filed by Plaintiff D.S. ("Plaintiff"). As grounds for and in support of this Motion, the ADOC Officials submit their Memorandum of Law in Support of this Partial Motion to Dismiss and further state as follows:

1. **Plaintiff's Third Amended Complaint represents an impermissible attempt to avoid Eleventh Amendment sovereign immunity.** Eleventh Amendment immunity bars damages claims against ADOC directly or against its officials in their official capacities. Kentucky

v. Graham, 473 U.S. 159, 169 (1985).  Alabama law also bars state-law damages claims directly against state agencies such as ADOC and against state officials in their official capacities.  Ex parte Moulton, 116 So. 3d 1119, 1140 (Ala. 2013).  Plaintiff asserts each of his claims against the ADOC Officials in their individual capacities, in an attempted end-run around Eleventh Amendment and state sovereign immunity.  However, Alabama law already contains a mechanism to address damages claims that sovereign immunity would otherwise bar.  The Alabama Board of Adjustment possesses "'jurisdiction over claims against the state that are not justiciable in the courts because of the state's constitutional immunity from being made a defendant.'"  Vaughan v. Sibley, 709 So. 2d 482, 486 (Ala. Civ. App. 1997) (quoting Lee v. Cunningham, 176 So. 477, 479 (Ala. 1937)).  Therefore, to the extent Plaintiff seeks damages arising from his confinement at St. Clair, the Alabama Board of Adjustment exists to adjudicate those claims.

    2.    **Plaintiff fails to state a section 1983 claim against any ADOC Official for "policy and practice liability."**  Plaintiff bases his "policy and practice" claims pursuant to 42 U.S.C. § 1983 ("section 1983") solely on the ADOC Officials' positions as supervisors and alleged general knowledge of violence at St. Clair.  However, "'[i]t is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability.'"  Harrison v. Culliver, 746 F.3d 1288, 1299 (11th Cir. 2014) (quoting Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003)); Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999).  "[A] plaintiff seeking to hold a supervisor liable for constitutional violations must show that the supervisor either participated directly in the unconstitutional conduct or that a causal connection exists between the supervisor's actions and the alleged constitutional violation."  Id. (citing Cottone, 326 F.3d at 1360).  Plaintiff fails to meet this standard as to his "policy and practice" claims.

3. Plaintiff fails to allege that any ADOC Official was present and able to intervene in the criminal attack on Plaintiff. Ledlow v. Givens, 500 F. App'x 910, 914 (11th Cir. 2012). Accordingly, Plaintiff's failure-to-intervene claim fails.

4. Plaintiff fails to allege that the ADOC Officials reached any "understanding" to violate Plaintiff's rights to support his section 1983 conspiracy claim. Grider v. City of Auburn, Ala., 618 F.3d 1240, 1260 (11th Cir. 2010). Even if Plaintiff did make such an allegation, his section 1983 conspiracy claim would fail under the intra-corporate conspiracy doctrine. Id.

5. **Qualified immunity protects the ADOC Officials from Plaintiff's section 1983 "policy and practice" claims.** Even if Plaintiff could allege an underlying constitutional violation with respect to his "policy and practice" claims, the ADOC Officials would still be entitled to qualified immunity. "Qualified immunity offers 'complete protection for government officials sued in their individual capacities so long as 'their conduct violates no clearly established statutory or constitutional rights which a reasonable person would have known.'" Lee v. Ferraro, 284 F.3d 1188, 1193-94 (11th Cir. 2002) (quoting Thomas v. Roberts, 261 F.3d 1160, 1170 (11th Cir. 2001)). Plaintiff fails to allege the type of conduct necessary to overcome qualified immunity and impose personal liability on the ADOC Officials with respect to his "policy and practice" claims.

1. **State and state-agent immunity bar Plaintiff's state-law claims.** Any duties the ADOC Officials owed Plaintiff arose "solely because of their official positions in which they acted for the State." Barnhart v. Ingalls, 275 So. 3d 1112, 1126 (Ala. 2018). Accordingly, even though Plaintiff labeled his claims "individual-capacity" claims, they "are, in effect, claims against the State that are barred by § 14." Id. Even if state immunity did not bar Plaintiff's claims, state-agent immunity bars them. In Alabama, state-agent immunity protects an employee of a state government agency *against all civil liability* in the official's personal capacity arising from state-


law claims.  Ex parte Butts, 775 So. 2d 173, 177 (Ala. 2000).  Specifically, a state official receives immunity from all personal civil liability when the claim against the official arises from the official "formulating plans, policies, or designs" and/or "exercising his or her judgment in the administration of a department or agency of government, including, but not limited to . . . making administrative adjudications . . ., allocating resources," or "hiring, firing, transferring, assigning, or supervising personnel . . . ."  Id. at 177-78.  Plaintiff's claims fall within this well-recognized immunity.

6. **Plaintiff fails to state a state-law claim.**  Even if state-agent immunity did not protect the ADOC Officials, the Third Amended Complaint lacks specific factual allegations to plausibly allege an intentional infliction of emotional distress ("IIED") or negligence claim. Plaintiff fails to allege any facts that support his allegation that any ADOC Official intended to inflict emotional distress or knew or should have known emotional distress was likely to occur. Nor does Plaintiff allege any facts that would support his conclusory allegation that "the acts of the [ADOC Officials] were both extreme and outrageous."  (Doc. 134, ¶ 404).  As to Plaintiff's negligence claim, none of Plaintiff's conclusory allegations plausibly suggest that any of the ADOC Officials possessed an individual duty of care to Plaintiff, or, if any ADOC Official did possess such a duty, how he or she breached that duty.  Thus, the Third Amended Complaint is completely devoid of specific allegations to satisfy the basic requirements of an IIED or negligence claim.

WHEREFORE, based on the foregoing, the ADOC Officials respectfully request that this Court dismiss with prejudice all claims asserted against them by the Plaintiff in the Third Amended Complaint other than Count III against the Wardens.

Dated: December 22, 2021

                                 */s/ Stephen C. Rogers*
                                 Stephen C. Rogers
                                 *Attorney for the ADOC Officials*

Stephen C. Rogers
William R. Lunsford
Matthew B. Reeves
M. Landon Whatley
**MAYNARD, COOPER & GALE, P.C.**
655 Gallatin Street, S.W.
Huntsville, AL 35801
Telephone: (256) 551-0171
Facsimile: (256) 512-0119
srogers@maynardcooper.com
blunsford@maynardcooper.com
mreeves@maynardcooper.com
lwhatley@maynardcooper.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon all parties in this matter, including without limitation the following, by the Court's CM/ECF system or by U.S. Mail on this the 22nd day of December, 2021:

| | |
|---|---|
| Ruth Z. Brown<br>Megan Pierce<br>**LOEVY & LOEVY**<br>311 N. Aberdeen, 3rd Floor<br>Chicago, IL 60607<br>Telephone: (312)243-5900<br>Facsimile: (312)243-5902<br>ruth@loevy.com<br>megan@loevy.com<br><br>Anil A. Mujumdar<br>**DAGNEY JOHNSON LAW GROUP**<br>2170 Highland Avenue, Suite 250<br>Birmingham, AL 35205<br>Telephone: (205)590-6986<br>Facsimile: (205)809-7899<br>anil@dagneylaw.com<br><br>*Attorneys for Plaintiff* | Robert F. Northcutt<br>C. Richard Hill, Jr.<br>James N. Walter, Jr.<br>**CAPELL & HOWARD, PC**<br>P.O. Box 2069<br>Montgomery, AL 36102<br>Telephone: (334) 241-8000<br>Facsimile: (334) 323-8888<br>bob.northcutt@chlaw.com<br>rick.hill@chlaw.com<br>jimmy.walter@chlaw.com<br><br>*Attorneys for Carl Sanders, Gary Malone,*<br>*Kevin White, Carla Graham, Angelia*<br>*Gordy, William Ragsdale, Neketris Estelle,*<br>*Gerald McMillian, Christopher Boyd,*<br>*Shannon Caldwell, Errol Pickens, Lisa*<br>*Bonner, Allen Knott, Earl Pickett, Steve*<br>*Terry, and Tanya Ary* |

*/s/ Stephen C. Rogers*
Of Counsel