FILED
 2022 Jan-12  AM 12:05
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

FILED
 2010 Apr-02  PM 12:37
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TRAVIS CALDWELL,         ) | |
| )  | |
| Plaintiff,        ) | |
| v.                                                    ) | 1:09-cv-2210-KOB-TMP |
| )  | |
| CONSTANCE REESE, et al,   ) | |
| )  | |
| Defendants.      ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Travis Caldwell, hereinafter referred to as plaintiff, has filed a *pro se* complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 395-97, 91 S.Ct. 1999, 2004-05, 29 L.Ed.2d 619 (1971), and 28 U.S.C. § 1331, on October 30, 2009, alleging that rights, privileges, or immunities afforded him under the Constitution or laws of the United States have been abridged during his incarceration at the Federal Correctional Institution in Talladega, Alabama. Plaintiff named as defendants in the complaint Warden Constance Reese, Unit Manager Ellsten, Lieutenant Williams, Lieutenant Myrike, Correctional Officer Jenkins, and Correctional Officer Mayer. On January 11, 2010, plaintiff filed an amended complaint in which he named two additional defendants, Counsel P. Jones and Lieutenant Davis, and clarified his allegations of fact. (Doc. 8). Plaintiff seeks declaratory relief in addition to compensatory and punitive damages. In accordance with the usual practices of this court and 28 U.S.C. § 636(b)(1), the complaint was referred to the undersigned magistrate judge for a preliminary report and recommendation. *See McCarthy v. Bronson*, 500 U.S. 136, 111 S.Ct. 1737 (1991).

**Exhibit A**

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, § 804, 110 Stat. 1321, and 28 U.S.C. § 1915A, requires this court to screen complaints filed by prisoners against officers or employees of governmental entities and to dismiss the complaint or any portion of the complaint that it finds frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. Thus, under § 1915A, the court may *sua sponte* dismiss a prisoner's complaint prior to service. Nevertheless, in order to protect a *pro se* prisoner's right of access to the courts, these complaints are read by less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595 (1972); *Harmon v. Berry*, 728 F.2d 1407, 1409 (11th Cir. 1984); *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976).

Allegations

On September 9, 2009, inmate J. Pinson started a fire in a cell he shared with the plaintiff in the Special Management Unit at FCI Talladega. (Doc.#1, p. 2). Defendants Williams, Ellsten, Jenkins, and Mayer responded. Plaintiff and Pinson were handcuffed and removed from the cell, strip searched, and placed in "full chain body restraints."[1] (Doc. #1, p. 4). As plaintiff was being removed from the cell, his foot fell into an open drain, which he had reported three weeks earlier as being uncovered and a safety hazard. As a result plaintiff twisted his knee, for which he recieved medical attention.

Plaintiff alleges he was left in full body restraints for seven hours before he was returned to his cell. *Id.* As defendants Williams, Ellsten, Jenkins and Mayer escorted plaintiff back to his cell,

---

[1]Plaintiff further complains that while being removed from his cell he stepped into an uncovered water drain and twisted his right knee. (Doc. #1, p. 4).

**Exhibit A**

plaintiff told them that he feared his life was in danger and did not want to be placed back in the cell with Pinson. *Id.* Defendants simply smiled and shrugged. When released from full-body restraints, he again told defendant Davis that he feared for his life if put back in the cell with inmate Pinson, but Davis simply said that plaintiff "had to deal with it."

The following morning, plaintiff was in his cell reading a book when Pinson came up behind the plaintiff and placed plaintiff in a chokehold until plaintiff passed out. *Id.* When plaintiff regained consciousness, his hands and feet were bound, and he was bleeding from his nose and had a gash on his head. *Id.* Pinson, wielding a large shank, yelled through the cell door that he was going to kill plaintiff. After approximately 90 minutes of negotiations with Pinson, the guards were able to remove the plaintiff from the cell. Plaintiff received a medical examination by the prison doctor who referred plaintiff to a free world hospital for a CAT scan of his head injuries and examination for sexual assault. When plaintiff returned to FCI Talladega, he was assigned to the Special Housing Unit.

The plaintiff claims that the defendants' actions constituted a "callous indifference" to a known risk of harm to plaintiff in violation of the Eighth Amendment. (Doc. #1, p. 7).

Legal Analysis

***Failure to Protect***. It is well established that the Eighth Amendment's prohibition on cruel and unusual punishment imposes upon institutional officials the duty to "take reasonable measures to guarantee the safety of the inmates" in their custody. *Farmer v. Brennan*, 511 U.S. 825, 832, 114 S.Ct. 1970, 1976 (1994) (internal citations omitted). Prisoners are entitled to be "reasonably protected from the constant threat of violence." *Morgan v. Toombs County*, 400 F.3d 1313, 1321

**Exhibit A**

(11th Cir. 2005). "It is not, however, every injury suffered by one inmate at the hands of another that translates into a constitutional liability for prison officials responsible for the victim's safety." *Farmer,* 511 U.S. at 834, 114 S.Ct. at 1977. The Eighth Amendment is violated when a prisoner is incarcerated under conditions which expose him to a "substantial risk of serious harm" and only when prison officials are "deliberately indifferent" to that risk. *Farmer,* 511 U.S. at 834, 114 S.Ct. at 1977. A danger or risk is "known" only if the institutional official is both "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he . . . draw[s] th[at] inference." *Farmer*, 511 U.S. at 837. "The known risk of injury must be a strong likelihood, rather than a mere possibility[,] before a guard's failure to act can constitute deliberate indifference." *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990). Furthermore, "an official's failure to alleviate a significant risk that he should have perceived, but did not," is not sufficient to establish liability on the part of the official. *Farmer,* 511 U.S. at 838, 114 S.Ct. at 1977. "Deliberate indifference describes a state of mind more blameworthy than negligence," and ordinary lack of due care for a prisoner's interest or safety will not support an Eighth Amendment claim. *Id.* at. 835.

Plaintiff has pleaded sufficient facts to allege that the failure of defendants Williams, Davis, and Ellsten to separate plaintiff from his cellmate after plaintiff allegedly stated that he feared for his life, and after the cellmate, Pinson, had started a fire in the cell, constitutes a reckless disregard of a known risk. *Falls v. Nesbitt*, 966 F.2d 375, 379 (8th Cir. 1992). These defendants' actions must be considered in the context of what was going on at the time, assuming as true the facts alleged by the plaintiff and viewing the facts in the light most favorable to him. Defendants knew that Pinson had set a fire in the cell shared with plaintiff, and plaintiff expressed to them an explicit fear that Pinson imposed a substantial risk of serious harm to him. He alleges their only response was to

**Exhibit A**

smile, shrug, and say "deal with it." According to facts alleged by plaintiff, there was no denial of the claimed threat, there was no attempt to investigate or assess the substantiality of the risk of harm, and there was no effort made to determine any alternative to the risk. Thus, the alleged facts support a finding that Pinson posed a known risk of assault on plaintiff and that defendants Williams, Davis, and Ellsten were deliberately indifferent to the risk. Unlike the unpublished case of *McBride v. Rivers*, 170 Fed. Appx. 648, 655 (11th Cir. 2006), in which the court of appeals held that, although the plaintiff had informed prison officials "that he feared for his life" if placed in the same cell with his eventual assailant, he "did not identify a specific prior incident, from which the defendant could infer that a substantial risk existed," the fire set by Pinson surely added weight to this plaintiff's expressed concern for his life. Because the facts alleged by plaintiff assert that he faced a substantial risk of serious harm from assault by Pinson, and that defendants Williams, Davis, and Ellsten subjectively drew the inference that he did, the plaintiff's failure-to-protect claim against these three defendants may go forward.

Although plaintiff alleges that he also informed Corrections Officers Mayers and Jenkins of the threat posed by Pinson, they are not liable for failing to protect plaintiff because the decision whether to return plaintiff to the cell with Pinson was made by officers superior in rank to them. AS explained above, plaintiff has alleged that he informed two lieutenants and a unit manager of the danger, yet they returned him to the cell shared with Pinson. As corrections officers, Mayers and Jenkins were out-ranked and could do nothing to change the decision made by their superiors, even if they had disagreed with it.[2] Thus, there is no proximate cause link between any act or decision by

---

[2] The possibility that Mayers and Jenkins may have agreed with the decision to return plaintiff to the cell shared with Pinson does not change the analysis. Being out-ranked by superior officers, they were in no position to make a different decision whether they agreed or not, and, thus,

**Exhibit A**

Mayers and Jenkins and plaintiff's injuries. Plaintiff's failure-to-protect claim against Mayers and Jenkins should be dismissed with prejudice.

Likewise, plaintiff alleges no facts from which it can be inferred that defendants Reese, Myrike, and Jones were aware of his concern about being returned to the cell. There is no allegation that he made any comments to them about his fear or that they otherwise were aware of and indifferent to it. Accordingly, the failure-to-protect claim against Reese, Myrike, and Jones is due to be dismissed with prejudice.

*Excessive Force*. In addition to his failure-to-protect claim, the plaintiff's complaint, construed liberally,[3] asserts a claim of excessive force via the use of full body restraints for seven hours. (Doc. #1, p. 4). The Eighth Amendment's prohibition against cruel and unusual punishment is triggered when a prisoner is subjected to an "unnecessary and wanton infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078, 1084 (1986). When force is applied by prison officials, any Eighth Amendment inquiry must concentrate on whether the force was applied in a good faith effort to maintain discipline, or was carried out maliciously or sadistically for the purpose of causing harm. *Hudson v. McMillian,* 503 U.S. 1, 6, 112 S.Ct. 995, 998 (1992)(citation omitted). Courts have held that even simple inmate insubordination, such as refusal of verbal orders, may in appropriate circumstances justify the use of force. *See, e.g., Williams v. Benjamin*, 77 F.3d 756, 762-63 (4th Cir. 1996).

---

cannot be held liable for failing to make a different decision.

[3] It is not clear that plaintiff is attempting to state such a claim, as the only explicit statement of a claim relates to the failure to protect. Nevertheless, to liberally construe the amended complaint, it is possible that an excessive-force claim is lurking in his factual allegations.

**Exhibit A**

In *Hudson,* the Supreme Court set out certain factors that should be considered in evaluating whether the use of force was wanton and unnecessary. They include (1) the need for the application of force; (2) the relationship between the need and the amount of force used; (3) the threat reasonably perceived by the prison official; (4) any efforts made to temper the severity of a forceful response; and, (5) the extent of the injury suffered by the inmate. *Id*.

In this case, the use of restraints was justified. The facts do not support a finding that defendants applied restraints in a malicious or sadistic manner; rather, plaintiff and his cellmate were placed in restraints in an effort to restore order after a fire was set in plaintiff's cell. The plaintiff's bare allegations do not show that defendants' actions were unnecessary or wanton when viewed in the context of a prison setting where the need for security, order, and discipline are paramount. As stated above, when force is used in a good faith effort to maintain or restore discipline, the Constitution is not necessarily violated. In this case, the plaintiff has pled no facts which address the four factors outlined in *Hudson* for evaluating excessive force complaints, nor do his bare allegations alone show that the defendants' actions were undertaken maliciously. Therefore, the plaintiff has not stated facts to support an Eighth Amendment claim. *See Boddie v. Schnieder,* 105 F.3d 857, 862 (2nd Cir. 1997).

***Personal Injury Claim.*** In addition to his § 1983 claims, plaintiff complains that while being removed from his cell he stepped into an uncovered water drain and twisted his right knee. (Doc. #1, p. 4). It is well settled that mere negligence does not implicate the due process clause and will not support an action under § 1983.[4] *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986).

---

[4] In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S. Ct. 1999 (1971), the Supreme Court established that victims of a constitutional violation by a federal official may recover damages against that official in federal court despite the absence of

**Exhibit A**

Additionally, because the Eighth Amendment requires the plaintiff to show that prison officials acted with "deliberate indifference," neither negligence nor gross negligence will support a claim based upon alleged prison conditions. *Miller v. King*, 384 F.3d 1248, 1261 (11th Cir. 2004). The facts surrounding the plaintiff's knee injury as a result of stepping on an uncovered drain do not rise above the level of negligence on the part of the prison staff. The plaintiff has pleaded no facts to show that the defendants were deliberately indifferent to his health and safety with respect to injury sustained as a result of stepping into an uncovered water drain. Although he contends that he reported the missing drain cover three weeks before the incident involved here, that alone is not enough to support and inference of deliberate indifference *by these named defendants*. Thus, his claim does not support a § 1983 cause of action.

Recommendation and Notice Of Right To Object

Accordingly, for the reasons stated above, the magistrate judge RECOMMENDS that this action be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1) with respect to defendants Reese, Myrike, Jones, Mayers, and Jenkins. Further, the magistrate judge RECOMMENDS that all claims against defendants Williams, Ellsten, and Davis, with the exception of the failure-to-protect claim, be DISMISSED WITH PREJUDICE.

---

any statute conferring such right. Such action is brought pursuant to 28 U.S.C. § 1331 and the applicable provisions of the United States Constitution. "The effect of *Bivens* was, in essence, to create a remedy against federal officers, acting under color of federal law, that was analogous to the section 1983 action against state officials." *Dean v. Gladney*, 621 F.2d 1331, 1336 (5th Cir. 1980), *cert. denied sub nom*. *Dean v. County of Brazoria*, 450 U.S. 983 (1981). Thus, courts generally apply § 1983 law to *Bivens* cases. *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995).

**Exhibit A**

It is RECOMMENDED that plaintiff's FAILURE-TO-PROTECT claim only be referred to the undersigned magistrate judge for further proceedings against defendants Williams, Davis, and Ellsten.

Plaintiff may file specific written objections to this report and recommendation within fifteen (15) days from the date it is filed in the office of the Clerk.  Failure to file written objections to the proposed findings and recommendations contained in this report and recommendation within fifteen (15) days from the date it is filed shall bar an aggrieved party from attacking the factual findings on appeal.  Written objections shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection.   IT IS NOT NECESSARY FOR PLAINTIFF TO REPEAT HIS LEGAL ARGUMENTS.  AS TO THE FACTS, IF PLAINTIFF DOES RESPOND, HE SHOULD LIMIT HIMSELF TO ADDRESSING THE STATEMENTS OF FACT CONTAINED IN THE REPORT AND RECOMMENDATION TO WHICH HE OBJECTS; THE FILING OF OBJECTIONS IS NOT A PROPER VEHICLE TO MAKE NEW ALLEGATIONS OR PRESENT ADDITIONAL EVIDENCE. Objections not meeting the specificity requirement set out above will not be considered by a district judge.

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a district judge.

**Exhibit A**

The Clerk is DIRECTED to serve a copy of this report and recommendation upon the plaintiff.

DATED this 2nd day of April, 2010.

/s/ T. Michael Putnam
T. MICHAEL PUTNAM
U.S. MAGISTRATE JUDGE

**Exhibit A**

FILED
2010 Apr-28  AM 10:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TRAVIS CALDWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:09-cv-2210-KOB-TMP |
| ) | |
| CONSTANCE REESE, et al, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OF OPINION AND ORDER

The magistrate judge filed a report and recommendation on April 2, 2010, recommending that this action be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1) with respect to defendants Reese, Myrike, Jones, Mayers, and Jenkins.  Further, the magistrate judge recommended that all claims against defendants Williams, Ellsten, and Davis, **with the exception of the failure-to-protect claim**, be DISMISSED WITH PREJUDICE, and that plaintiff's FAILURE-TO-PROTECT claim only be referred to the magistrate judge for further proceedings against defendants Williams, Davis, and Ellsten.  The plaintiff filed objections to the report and recommendation on April 14, 2010.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is ACCEPTED.  Accordingly, all claims **EXCEPT** plaintiff's failure to protect claim against defendants Williams, Davis and Ellsten are due to be dismissed pursuant to 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted.

**Exhibit A**

The case is again referred to the magistrate judge for further proceedings as to the Plaintiff's failure to protect claim against Defendants Williams, Davis, and Ellsten.

DATED this 28th day of April 2010.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE

**Exhibit A**