## IN THE UNITED STATES DISTRICT COURT FOR
## THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

D. S.,                                    )
                                          )
     **Plaintiff,**                         )
                                          )
v.                                        )   **Case No.: 2:20-cv-02012-RDP**
                                          )
JEFFERSON DUNN, et al.,                   )
                                          )
     **Defendants.**                        )

## THE FACILITY DEFENDANTS' ANSWER TO
## PLAINTIFF'S THIRD AMENDED COMPLAINT

COME NOW Defendants Gary Malone ("Malone"), Kevin White ("White"), Carla Graham ("Graham"), Angelia Gordy ("Gordy"), William Ragsdale ("Ragsdale"), Neketris Estelle ("Estelle"), Gerald McMillian ("McMillian"), Christopher Boyd ("Boyd"), Lisa Bonner ("Bonner"), William McLemore ("McLemore"), and Tanya Ary ("Ary") (collectively, "the Facility Defendants") and pursuant to Federal Rule of Civil Procedure 8 hereby respond to Plaintiff's Third Amended Complaint, (doc. 134), as follows:

### INTRODUCTION[1]

1.     The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 1 of the Third Amended Complaint. Strict proof is demanded thereof.

---

[1] Facility Defendants Amended Answer uses the section headings from the Third Amended Complaint as a matter of convenience for the Court and parties. The use of those headings shall not be construed as an admission by the Facility Defendants or a waiver of any objection or denial that the Facility Defendants may have to Plaintiff's allegations.

2.	The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 2 of the Third Amended Complaint. Strict proof is demanded thereof.

3.	With respect to the allegations contained in Paragraph 3 of the Third Amended Complaint, Defendant Lisa Bonner admits that the Plaintiff was housed in William E. Donaldson Correctional Facility and is without knowledge or information sufficient to either admit or deny whether the Plaintiff sustained physical injuries in an altercation at Donaldson. Defendant Bonner expressly denies the remaining allegations stated in Paragraph 3 of the Third Amended Complaint. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 3 of the Third Amended Complaint. Strict proof is demanded thereof.

4.	With respect to the allegations contained in Paragraph 4 of the Third Amended Complaint, the Facility Defendants admit that the Plaintiff was transferred to St. Clair Correctional Facility. Otherwise, the Facility Defendants expressly deny the allegations stated against them in Paragraph 4 of the Third Amended Complaint. Strict proof is demanded thereof.

5.	With respect to the allegations contained in Paragraph 5 of the Third Amended Complaint, the Facility Defendants admit, upon information and belief, that Plaintiff sustained physical injuries on or about January 29, 2019, but are without knowledge or information sufficient to either admit or deny the manner of injury alleged. Otherwise, the Facility Defendants expressly deny the allegations stated against them in Paragraph 5 of the Third Amended Complaint. Strict proof is demanded thereof.

6.	The Facility Defendants expressly deny the allegations stated against them in Paragraph 6 of the Third Amended Complaint. Strict proof is demanded thereof.

7.     The Facility Defendants expressly deny the allegations stated against them in Paragraph 7 of the Third Amended Complaint. Strict proof is demanded thereof.

## JURISDICTION AND VENUE

8.     Paragraph 8 of the Third Amended Complaint contains only legal averments, not factual allegations requiring a response from the Facility Defendants.

9.     The Facility Defendants deny that this Court possesses subject-matter jurisdiction over Plaintiff's section 1983 claims due to sovereign immunity. Except as expressly admitted hereinabove, the Facility Defendants deny the remaining allegations in Paragraph 9 of the Third Amended Complaint.

10.     The Facility Defendants admit that venue is proper before this Court.

## PARTIES

11.     The Facility Defendants admit that the Plaintiff is an adult in the custody of the Alabama Department of Corrections and, upon information and belief, admit that the Plaintiff was housed at Donaldson, then St. Clair, at approximately the times alleged. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 11 of the Third Amended Complaint. Strict proof is demanded thereof.

12.     Paragraph 12 of the Third Amended Complaint contains only legal averments, not factual allegations requiring a response from the Facility Defendants.

13.     The Facility Defendants expressly deny the allegations stated against them in Paragraph 13 of the Third Amended Complaint. Strict proof is demanded thereof.

14.     The Facility Defendants admit the material factual allegations contained in Paragraph 14 of the Third Amended Complaint.

**"The Defendants"**

15.     The Facility Defendants deny as stated the allegations contained in Paragraph 15 of the Third Amended Complaint. Strict proof is demanded thereof.

*The Defendant ADOC Supervisors*

16.     No response is required from the Facility Defendants with respect to the allegations contained in Paragraph 16 of the Third Amended Complaint.

17.     With respect to the allegations contained in Paragraph 17 of the Third Amended Complaint, the Facility Defendants admit, upon information and belief, that Jefferson Dunn served as the Commissioner of ADOC during the times alleged. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 17 of the Third Amended Complaint. Strict proof is demanded thereof.

18.     With respect to the allegations contained in Paragraph 18 of the Third Amended Complaint, the Facility Defendants admit, upon information and belief, that Grantt Culliver served as ADOC's Associate Commissioner for Operations during the times alleged. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 18 of the Third Amended Complaint. Strict proof is demanded thereof.

19.     With respect to the allegations contained in Paragraph 19 of the Third Amended Complaint, the Facility Defendants admit, upon information and belief, that Charles Daniels served as ADOC's Associate Commissioner for Operations during the times alleged. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 19 of the Third Amended Complaint. Strict proof is demanded thereof.

20.     With respect to the allegations contained in Paragraph 20 of the Third Amended Complaint, the Facility Defendants admit, upon information and belief, that Jeffery Williams served as ADOC's interim Associate Commissioner for Operations during the times alleged. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 20 of the Third Amended Complaint. Strict proof is demanded thereof.

21.     With respect to the allegations contained in Paragraph 21 of the Third Amended Complaint, the Facility Defendants admit, upon information and belief, that Edward Ellington served ADOC's Institutional Coordinator for the Northern Region during the times alleged. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 21 of the Third Amended Complaint. Strict proof is demanded thereof.

22.     With respect to the allegations contained in Paragraph 22 of the Third Amended Complaint, the Facility Defendants admit, upon information and belief, that Christy Vincent served ADOC's PREA Director during the times alleged. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 22 of the Third Amended Complaint. Strict proof is demanded thereof.

23.     With respect to the allegations contained in Paragraph 23 of the Third Amended Complaint, the Facility Defendants admit that Defendants Dunn, Culliver, Daniels, Williams, Ellington, and Vincent acted in a supervisory capacity over employees at St. Clair. The Facility Defendants expressly deny the existence of constitutional injuries and the existence of a pattern and practice of misconduct at St. Clair. Otherwise, the Facility Defendants are without knowledge

or information sufficient to either admit or deny the factual allegations contained in Paragraph 23 of the Third Amended Complaint. Strict proof is demanded thereof.

*The Defendant St. Clair Facility Supervisors*

24.     No response is required from the Facility Defendants with respect to the allegations contained in Paragraph 24 of the Third Amended Complaint.

25.     With respect to the allegations contained in Paragraph 25 of the Third Amended Complaint, the Facility Defendants admit, upon information and belief, that Karla Jones served as the Warden III of St. Clair during the times alleged. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 25 of the Third Amended Complaint. Strict proof is demanded thereof.

26.     With respect to the allegations contained in Paragraph 26 of the Third Amended Complaint, the Facility Defendants admit, upon information and belief, that Gwendolyn Givens served as the Warden II of St. Clair during the times alleged. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 26 of the Third Amended Complaint. Strict proof is demanded thereof.

27.     With respect to the allegations contained in Paragraph 27 of the Third Amended Complaint, the Facility Defendants admit, upon information and belief, that Anthony Brooks served as the Warden I of St. Clair during the times alleged. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 27 of the Third Amended Complaint. Strict proof is demanded thereof.

28.     Because all claims against Carl Sanders have been dismissed from this lawsuit, no response is required from the Facility Defendants with respect to the allegations contained in Paragraph 28 of the Third Amended Complaint.

29.    With respect to the allegations contained in Paragraph 29 of the Third Amended Complaint, the Facility Defendants admit, upon information and belief, that Gary Malone served as a Captain at St. Clair during the times alleged and, in that capacity, supervised security staff at St. Clair. Defendant Malone denies as stated the remaining allegations contained in Paragraph 29 of the Third Amended Complaint. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 29 of the Third Amended Complaint. Strict proof is demanded thereof.

30.    With respect to the allegations contained in Paragraph 30 of the Third Amended Complaint, the Facility Defendants admit, upon information and belief, that Kevin White served as a Captain at St. Clair during the times alleged and, in that capacity, supervised security staff at St. Clair. Defendant White denies as stated the remaining allegations contained in Paragraph 30 of the Third Amended Complaint. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 30 of the Third Amended Complaint. Strict proof is demanded thereof.

31.    With respect to the allegations contained in Paragraph 31 of the Third Amended Complaint, the Facility Defendants admit, upon information and belief, that Carla Graham served as a Captain at St. Clair during the times alleged and, in that capacity, supervised security staff at St. Clair. Defendant White denies as stated the remaining allegations contained in Paragraph 31 of the Third Amended Complaint. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 31 of the Third Amended Complaint. Strict proof is demanded thereof.

32.    With respect to the allegations contained in Paragraph 32 of the Third Amended Complaint, the Facility Defendants admit, upon information and belief, that Angelia Gordy served

as the Institutional PREA Compliance Manager at St. Clair during the times alleged. Defendant Gordy denies as stated the remaining allegations contained in Paragraph 32 of the Third Amended Complaint. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 32 of the Third Amended Complaint. Strict proof is demanded thereof.

33. With respect to the allegations contained in Paragraph 33 of the Third Amended Complaint, the Facility Defendants admit, upon information and belief, that William Ragsdale served as the Backup Institutional PREA Compliance Manager at St. Clair during the times alleged. Defendant Ragsdale denies as stated the remaining allegations contained in Paragraph 33 of the Third Amended Complaint. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 33 of the Third Amended Complaint. Strict proof is demanded thereof.

34. With respect to the allegations contained in Paragraph 34 of the Third Amended Complaint, the Facility Defendants admit, upon information and belief, that Neketris Estelle served as the Backup Institutional PREA Compliance Manager at St. Clair during the times alleged. Defendant Estelle denies as stated the remaining allegations contained in Paragraph 34 of the Third Amended Complaint. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 34 of the Third Amended Complaint. Strict proof is demanded thereof.

35. The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 35 of the Third Amended Complaint. Strict proof is demanded thereof.

36.     The Facility Defendants expressly deny the allegations stated against them in Paragraph 36 of the Third Amended Complaint. Strict proof is demanded thereof.

*Additional Defendants*

37.     With respect to the allegations contained in Paragraph 37 of the Third Amended Complaint, the Facility Defendants admit, upon information and belief, that Tanya Ary served as a classification officer at St. Clair during the times alleged. Defendant Ary denies as stated the remaining allegations contained in Paragraph 37 of the Third Amended Complaint. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 37 of the Third Amended Complaint. Strict proof is demanded thereof.

38.     With respect to the allegations contained in Paragraph 38 of the Third Amended Complaint, the Facility Defendants admit, upon information and belief, that Gerald McMillian served as a Corrections Officer at St. Clair during the times alleged. Defendant McMillian denies as stated the remaining allegations contained in Paragraph 38 of the Third Amended Complaint. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 38 of the Third Amended Complaint. Strict proof is demanded thereof.

39.     With respect to the allegations contained in Paragraph 39 of the Third Amended Complaint, the Facility Defendants admit, upon information and belief, that William McLemore served as a Corrections Officer at St. Clair during the times alleged. Defendant McMillian denies as stated the remaining allegations contained in Paragraph 39 of the Third Amended Complaint. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit

or deny the factual allegations contained in Paragraph 39 of the Third Amended Complaint. Strict proof is demanded thereof.

40.     With respect to the allegations contained in Paragraph 40 of the Third Amended Complaint, the Facility Defendants admit, upon information and belief, that Christopher Boyd served as a Corrections Lieutenant at St. Clair during the times alleged. Defendant Boyd denies as stated the remaining allegations contained in Paragraph 40 of the Third Amended Complaint. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 40 of the Third Amended Complaint. Strict proof is demanded thereof.

41.     No response is required from the Facility Defendants with respect to the allegations contained in Paragraph 41 of the Third Amended Complaint.

42.      With respect to the allegations contained in Paragraph 42 of the Third Amended Complaint, the Facility Defendants admit, upon information and belief, that Lisa Bonner served as a classification supervisor at Donaldson during the times alleged. Defendant Bonner denies as stated the remaining allegations contained in Paragraph 42 of the Third Amended Complaint. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 42 of the Third Amended Complaint. Strict proof is demanded thereof.

**"D.S. Suffers Multiple Violent Attacks in ADOC Custody"**

43.     The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 43 of the Third Amended Complaint. Strict proof is demanded thereof.

44. The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 44 of the Third Amended Complaint. Strict proof is demanded thereof.

45. Upon information and belief, Defendant Bonner admits the material factual allegations contained in Paragraph 45 of the Third Amended Complaint. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 45 of the Third Amended Complaint. Strict proof is demanded thereof.

46. The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 46 of the Third Amended Complaint. Strict proof is demanded thereof.

47. The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 47 of the Third Amended Complaint. Strict proof is demanded thereof.

48. Defendant Bonner expressly denies the allegations stated against her in Paragraph 48 of the Third Amended Complaint. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 48 of the Third Amended Complaint. Strict proof is demanded thereof.

49. Defendant Bonner expressly denies the allegations stated against her in Paragraph 49 of the Third Amended Complaint. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 49 of the Third Amended Complaint. Strict proof is demanded thereof.

50. Defendant Bonner expressly denies the allegations stated against her in Paragraph 50 of the Third Amended Complaint. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 50 of the Third Amended Complaint. Strict proof is demanded thereof.

51. The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 51 of the Third Amended Complaint. Strict proof is demanded thereof.

## "THE ST. CLAIR DEFENDANTS' FAILURE TO PROTECT D.S."

### "The Substantial Risk of Serious Harm to D.S. at St. Clair"

52. The Facility Defendants admit, upon information and belief, that the Plaintiff was transferred to St. Clair in order to prevent a risk of contact with an identified enemy at Donaldson. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 52 of the Third Amended Complaint. Strict proof is demanded thereof.

53. With respect to the allegations contained in Paragraph 53 of the Third Amended Complaint, Defendant Bonner admits that she approved the Plaintiff's transfer to St. Clair in order to prevent a risk of contact with an identified enemy at Donaldson. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 53 of the Third Amended Complaint. Strict proof is demanded thereof.

54. Upon information and belief, the Facility Defendants expressly deny the allegations stated against them in Paragraph 54 of the Third Amended Complaint. Strict proof is demanded thereof.

55.     The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 55 of the Third Amended Complaint. Strict proof is demanded thereof.

56.     The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 56 of the Third Amended Complaint. Strict proof is demanded thereof.

57.     The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 57 of the Third Amended Complaint. Strict proof is demanded thereof.

58.     The Facility Defendants expressly deny the allegations stated against them in Paragraph 58 of the Third Amended Complaint. Strict proof is demanded thereof.

59.     Defendants Ary and Estelle deny as stated the allegations contained in Paragraph 59 of the Third Amended Complaint. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 59 of the Third Amended Complaint. Strict proof is demanded thereof.

60.     The Facility Defendants expressly deny the allegations stated against them in Paragraph 60 of the Third Amended Complaint. Strict proof is demanded thereof.

61.     Defendant Bonner expressly denies the allegations stated against her in Paragraph 61 of the Third Amended Complaint. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 61 of the Third Amended Complaint. Strict proof is demanded thereof.

62.     With respect to the allegations contained in Paragraph 62 of the Third Amended Complaint, the Facility Defendants admit, upon information and belief, that the Plaintiff was

classified as a potential PREA victim while in custody at St. Clair. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 62 of the Third Amended Complaint. Strict proof is demanded thereof.

63. The Facility Defendants deny as stated the allegations contained in Paragraph 63 of the Third Amended Complaint. Strict proof is demanded thereof.

64. With respect to the allegations contained in Paragraph 64 of the Third Amended Complaint, the Facility Defendants admit, upon information and belief, that the Plaintiff was housed in general population for portions of his incarceration at St. Clair. The Facility Defendants expressly deny that the Plaintiff was housed with his enemies or their associates. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 64 of the Third Amended Complaint. Strict proof is demanded thereof.

65. Defendants Jones, Estelle, Givens, and Brooks expressly deny the allegations stated against them in Paragraph 65 of the Third Amended Complaint. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 65 of the Third Amended Complaint. Strict proof is demanded thereof.

66. Defendant Malone expressly denies the allegations stated against him in Paragraph 66 of the Third Amended Complaint. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 66 of the Third Amended Complaint. Strict proof is demanded thereof.

67. Defendant Malone expressly denies the allegations stated against him in Paragraph 67 of the Third Amended Complaint. Otherwise, the Facility Defendants are without knowledge

or information sufficient to either admit or deny the factual allegations contained in Paragraph 67 of the Third Amended Complaint. Strict proof is demanded thereof.

68. The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 68 of the Third Amended Complaint. Strict proof is demanded thereof.

69. Defendant White expressly denies the allegations stated against him in Paragraph 69 of the Third Amended Complaint. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 69 of the Third Amended Complaint. Strict proof is demanded thereof.

70. Defendant White expressly denies the allegations stated against him in Paragraph 70 of the Third Amended Complaint. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 70 of the Third Amended Complaint. Strict proof is demanded thereof.

71. The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 71 of the Third Amended Complaint. Strict proof is demanded thereof.

72. Defendant Gordy expressly denies the allegations stated against him in Paragraph 72 of the Third Amended Complaint. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 72 of the Third Amended Complaint. Strict proof is demanded thereof.

73. The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 73 of the Third Amended Complaint. Strict proof is demanded thereof.

74.     The Facility Defendants expressly deny the allegations stated against them in Paragraph 74 of the Third Amended Complaint. Strict proof is demanded thereof.

75.     The Facility Defendants expressly deny the allegations stated against them in Paragraph 75 of the Third Amended Complaint. Strict proof is demanded thereof.

76.     The Facility Defendants expressly deny the allegations stated against them in Paragraph 76 of the Third Amended Complaint. Strict proof is demanded thereof.

77.     The Facility Defendants expressly deny the allegations stated against them in Paragraph 77 of the Third Amended Complaint. Strict proof is demanded thereof.

**"The Beating, Stabbing, and Rape of D.S. at St. Clair"**

78.     The Facility Defendants deny as stated the allegations contained in Paragraph 78 of the Third Amended Complaint. Strict proof is demanded thereof.

79.     The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 79 of the Third Amended Complaint. Strict proof is demanded thereof.

80.     The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 80 of the Third Amended Complaint. Strict proof is demanded thereof.

81.     The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 81 of the Third Amended Complaint. Strict proof is demanded thereof.

82.     The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 82 of the Third Amended Complaint. Strict proof is demanded thereof.

83. The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 83 of the Third Amended Complaint. Strict proof is demanded thereof.

84. Defendants McLemore and McMillian expressly deny the allegations stated against them in Paragraph 84 of the Third Amended Complaint. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 84 of the Third Amended Complaint. Strict proof is demanded thereof.

85. The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 85 of the Third Amended Complaint. Strict proof is demanded thereof.

86. Defendant White expressly denies the allegations stated against him in Paragraph 86 of the Third Amended Complaint. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 86 of the Third Amended Complaint. Strict proof is demanded thereof.

87. Defendant White expressly denies the allegations stated against him in Paragraph 87 of the Third Amended Complaint. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 87 of the Third Amended Complaint. Strict proof is demanded thereof.

88. The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 88 of the Third Amended Complaint. Strict proof is demanded thereof.

89.     The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 89 of the Third Amended Complaint. Strict proof is demanded thereof.

90.     The Facility Defendants admit, upon information and belief, that D.S. was housed in a segregation unit for a period of time after he sustained physical injuries at St. Clair. Otherwise, the Facility Defendants expressly deny the allegations stated against them in Paragraph 90 of the Third Amended Complaint. Strict proof is demanded thereof.

91.     The Facility Defendants expressly deny the allegations stated against them in Paragraph 91 of the Third Amended Complaint. Strict proof is demanded thereof.

92.     With respect to the allegations contained in Paragraph 92 of the Third Amended Complaint, the Facility Defendants expressly deny that any enemy of the Plaintiff worked as a "runner" in segregation. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 92 of the Third Amended Complaint. Strict proof is demanded thereof.

93.     The Facility Defendants expressly deny the allegations stated against them in Paragraph 93 of the Third Amended Complaint. Strict proof is demanded thereof.

94.     The Facility Defendants admit, upon information and belief, that D.S. was taken to a clinic for a sexual assault examination. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 94 of the Third Amended Complaint. Strict proof is demanded thereof.

95.     The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 95 of the Third Amended Complaint. Strict proof is demanded thereof.

96.     The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 96 of the Third Amended Complaint. Strict proof is demanded thereof.

97.     The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 97 of the Third Amended Complaint. Strict proof is demanded thereof.

**"The Security Crisis at St. Clair"**

98.     The Facility Defendants expressly deny the allegations stated against them in Paragraph 98 of the Third Amended Complaint. Strict proof is demanded thereof.

99.     The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 99 of the Third Amended Complaint. Strict proof is demanded thereof.

100.    The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 100 of the Third Amended Complaint. Strict proof is demanded thereof.

101.    The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 101 of the Third Amended Complaint. Strict proof is demanded thereof.

102.    The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 102 of the Third Amended Complaint. Strict proof is demanded thereof.

103.     The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 103 of the Third Amended Complaint. Strict proof is demanded thereof.

104.     The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 104 of the Third Amended Complaint. Strict proof is demanded thereof.

105.     The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 105 of the Third Amended Complaint. Strict proof is demanded thereof.

106.     The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 106 of the Third Amended Complaint. Strict proof is demanded thereof.

107.     The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 107 of the Third Amended Complaint. Strict proof is demanded thereof.

108.     The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 108 of the Third Amended Complaint. Strict proof is demanded thereof.

109.     The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 109 of the Third Amended Complaint. Strict proof is demanded thereof.

110.     The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 110 of the Third Amended Complaint. Strict proof is demanded thereof.

111.     The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 111 of the Third Amended Complaint. Strict proof is demanded thereof.

112.     The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 112 of the Third Amended Complaint. Strict proof is demanded thereof.

113.     (a.– e.) The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 113 of the Third Amended Complaint. Strict proof is demanded thereof.

114.     The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 114 of the Third Amended Complaint. Strict proof is demanded thereof.

115.     (a.–c.) The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 115 of the Third Amended Complaint. Strict proof is demanded thereof.

116.     The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 116 of the Third Amended Complaint. Strict proof is demanded thereof.

117. (a.–d.) The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 117 of the Third Amended Complaint. Strict proof is demanded thereof.

118. The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 118 of the Third Amended Complaint. Strict proof is demanded thereof.

119. (a.–f.) The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 119 of the Third Amended Complaint. Strict proof is demanded thereof.

120. The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 120 of the Third Amended Complaint. Strict proof is demanded thereof.

121. (a.–d.) The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 121 of the Third Amended Complaint. Strict proof is demanded thereof.

122. The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 122 of the Third Amended Complaint. Strict proof is demanded thereof.

123. (a.–f.) The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 123 of the Third Amended Complaint. Strict proof is demanded thereof.

124.    The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 124 of the Third Amended Complaint. Strict proof is demanded thereof.

125.    The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 125 of the Third Amended Complaint. Strict proof is demanded thereof.

126.    The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 126 of the Third Amended Complaint. Strict proof is demanded thereof.

127.    The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 127 of the Third Amended Complaint. Strict proof is demanded thereof.

128.    (a.–f.) The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 128 of the Third Amended Complaint. Strict proof is demanded thereof.

129.    The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 129 of the Third Amended Complaint. Strict proof is demanded thereof.

130.    (a.–d.) The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 130 of the Third Amended Complaint. Strict proof is demanded thereof.

131.     The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 131 of the Third Amended Complaint. Strict proof is demanded thereof.

132.     (a.–c.) The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 132 of the Third Amended Complaint. Strict proof is demanded thereof.

133.     The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 133 of the Third Amended Complaint. Strict proof is demanded thereof.

134.     (a.–f.) The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 134 of the Third Amended Complaint. Strict proof is demanded thereof.

135.     The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 135 of the Third Amended Complaint. Strict proof is demanded thereof.

136.     The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 136 of the Third Amended Complaint. Strict proof is demanded thereof.

137.     The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 137 of the Third Amended Complaint. Strict proof is demanded thereof.

138.     (a.–i.) The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 138 of the Third Amended Complaint. Strict proof is demanded thereof.

139.     The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 139 of the Third Amended Complaint. Strict proof is demanded thereof.

140.     (a.–e.) The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 140 of the Third Amended Complaint. Strict proof is demanded thereof.

141.     The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 141 of the Third Amended Complaint. Strict proof is demanded thereof.

142.     (a.–b.) The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 142 of the Third Amended Complaint. Strict proof is demanded thereof.

143.     The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 143 of the Third Amended Complaint. Strict proof is demanded thereof.

144.     (a.–b.) The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 144 of the Third Amended Complaint. Strict proof is demanded thereof.

145.     The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 145 of the Third Amended Complaint. Strict proof is demanded thereof.

146.     The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 146 of the Third Amended Complaint. Strict proof is demanded thereof.

147.     The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 147 of the Third Amended Complaint. Strict proof is demanded thereof.

148.     The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 148 of the Third Amended Complaint. Strict proof is demanded thereof.

149.     The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 149 of the Third Amended Complaint. Strict proof is demanded thereof.

**"Notice of the Substantial Risk of Serious Harm to D.S. at St. Clair"**

150.     The Facility Defendants expressly deny the allegations stated against them in Paragraph 150 of the Third Amended Complaint. Strict proof is demanded thereof.

151.     The Facility Defendants expressly deny the allegations stated against them in Paragraph 151 of the Third Amended Complaint. Strict proof is demanded thereof.

152.     The Facility Defendants expressly deny the allegations stated against them in Paragraph 152 of the Third Amended Complaint. Strict proof is demanded thereof.

153.     The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 153 of the Third Amended Complaint. Strict proof is demanded thereof.

154.     With respect to the allegations contained in Paragraph 154 of the Third Amended Complaint, The Facility Defendants admit, upon information and belief, that the Equal Justice Initiative ("EJI") filed a class action lawsuit on behalf of St. Clair prisoners on or about the date alleged. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 154 of the Third Amended Complaint. Strict proof is demanded thereof.

155.     To the extent the allegations in Paragraph 155 of the Third Amended Complaint advance the truth of the matter asserted in EJI's complaint, the Facility Defendants expressly deny the allegations stated against them in Paragraph 155 of the Third Amended Complaint. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 155 of the Third Amended Complaint. Strict proof is demanded thereof.

156.     Defendants Malone, White, Graham, Gordy, Ragsdale, and Estelle admit that they became aware of the EJI lawsuit. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 156 of the Third Amended Complaint. Strict proof is demanded thereof.

157.     The Facility Defendants expressly deny the allegations stated against them in Paragraph 157 of the Third Amended Complaint. Strict proof is demanded thereof.

158.     The Facility Defendants expressly deny the allegations stated against them in Paragraph 158 of the Third Amended Complaint. Strict proof is demanded thereof.

159. With respect to the allegations contained in Paragraph 159 of the Third Amended Complaint, the Facility Defendants admit, upon information and belief, that the United States Department of Justice opened an investigation into Alabama's men's prisons on or about the date alleged. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 159 of the Third Amended Complaint. Strict proof is demanded thereof.

160. With respect to the allegations contained in Paragraph 160 of the Third Amended Complaint, Defendants Malone, White, Graham, Gordy, Ragsdale, and Estelle admit that they became aware of the DOJ investigation. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 160 of the Third Amended Complaint. Strict proof is demanded thereof.

161. The Facility Defendants expressly deny the allegations stated against them in Paragraph 161 of the Third Amended Complaint. Strict proof is demanded thereof.

162. The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 162 of the Third Amended Complaint. Strict proof is demanded thereof.

163. With respect to the allegations contained in Paragraph 163 of the Third Amended Complaint, Defendants Malone, White, Graham, Vincent, Gordy, Ragsdale, and Estelle admit that they became aware of the existence of a settlement agreement. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 163 of the Third Amended Complaint. Strict proof is demanded thereof.

164. The Facility Defendants expressly deny the allegations stated against them in Paragraph 164 of the Third Amended Complaint. Strict proof is demanded thereof.

165. The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 165 of the Third Amended Complaint. Strict proof is demanded thereof.

166. With respect to the allegations contained in Paragraph 166 of the Third Amended Complaint, the Facility Defendants admit, upon information and belief, that EJI has reinstated its lawsuit. Otherwise, the Facility Defendants expressly deny the allegations stated against them in Paragraph 166 of the Third Amended Complaint. Strict proof is demanded thereof.

167. The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 167 of the Third Amended Complaint. Strict proof is demanded thereof.

168. The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 168 of the Third Amended Complaint. Strict proof is demanded thereof.

169. The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 169 of the Third Amended Complaint. Strict proof is demanded thereof.

170. The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 170 of the Third Amended Complaint. Strict proof is demanded thereof.

171. The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 171 of the Third Amended Complaint. Strict proof is demanded thereof.

172.     The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 172 of the Third Amended Complaint. Strict proof is demanded thereof.

173.     The Facility Defendants expressly deny the allegations stated against them in Paragraph 173 of the Third Amended Complaint. Strict proof is demanded thereof.

174.     With respect to the allegations contained in Paragraph 174 of the Third Amended Complaint, Defendants Malone, White, Graham, Gordy, Estelle, McMillian, and Ary admit that individual prisoners have filed lawsuits against them in the past. Defendants Malone, Gordy, Ary, and Estelle also admit that they have provided deposition testimony in response to lawsuits filed by individual prisoners. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 174 of the Third Amended Complaint. Strict proof is demanded thereof.

175.     The Facility Defendants expressly deny the allegations stated against them in Paragraph 175 of the Third Amended Complaint. Strict proof is demanded thereof.

176.     The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 176 of the Third Amended Complaint. Strict proof is demanded thereof.

177.     The Facility Defendants expressly deny the allegations stated against them in Paragraph 177 of the Third Amended Complaint. Strict proof is demanded thereof.

178.     The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 178 of the Third Amended Complaint. Strict proof is demanded thereof.

179.     The Facility Defendants expressly deny that "[t]he violence at St. Clair continued unabated." Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 179 of the Third Amended Complaint. Strict proof is demanded thereof.

180.     The Facility Defendants expressly deny the allegations stated against them in Paragraph 180 of the Third Amended Complaint. Strict proof is demanded thereof.

**"Defendants' Failure to Provide Adequate Supervision and
Monitoring in the P/Q Blocks at St. Clair"**

181.     The Facility Defendants expressly deny the allegations stated against them in Paragraph 181 of the Third Amended Complaint. Strict proof is demanded thereof.

182.     The Facility Defendants expressly deny the allegations stated against them in Paragraph 182 of the Third Amended Complaint. Strict proof is demanded thereof.

183.     The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 183 of the Third Amended Complaint. Strict proof is demanded thereof.

184.     The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 184 of the Third Amended Complaint. Strict proof is demanded thereof.

185.     The Facility Defendants expressly deny the allegations stated against them in Paragraph 185 of the Third Amended Complaint. Strict proof is demanded thereof.

186.     The Facility Defendants expressly deny the allegations stated against them in Paragraph 186 of the Third Amended Complaint. Strict proof is demanded thereof.

187.     The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 187 of the Third Amended Complaint. Strict proof is demanded thereof.

188.     The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 188 of the Third Amended Complaint. Strict proof is demanded thereof.

189.     The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 189 of the Third Amended Complaint. Strict proof is demanded thereof.

190.     The Facility Defendants expressly deny the allegations stated against them in Paragraph 190 of the Third Amended Complaint. Strict proof is demanded thereof.

191.     The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 191 of the Third Amended Complaint. Strict proof is demanded thereof.

192.     The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 192 of the Third Amended Complaint. Strict proof is demanded thereof.

193.     The Facility Defendants expressly deny the allegations stated against them in Paragraph 193 of the Third Amended Complaint. Strict proof is demanded thereof.

194.     The Facility Defendants expressly deny the allegations stated against them in Paragraph 194 of the Third Amended Complaint. Strict proof is demanded thereof.

195.     The Facility Defendants expressly deny the allegations stated against them in Paragraph 195 of the Third Amended Complaint. Strict proof is demanded thereof.

196.     The Facility Defendants expressly deny the allegations stated against them in Paragraph 196 of the Third Amended Complaint. Strict proof is demanded thereof.

197.     The Facility Defendants expressly deny the allegations stated against them in Paragraph 197 of the Third Amended Complaint. Strict proof is demanded thereof.

198.     The Facility Defendants expressly deny the allegations stated against them in Paragraph 198 of the Third Amended Complaint. Strict proof is demanded thereof.

199.     The Facility Defendants expressly deny the allegations stated against them in Paragraph 199 of the Third Amended Complaint. Strict proof is demanded thereof.

200.     The Facility Defendants expressly deny the allegations stated against them in Paragraph 200 of the Third Amended Complaint. Strict proof is demanded thereof.

201.     The Facility Defendants expressly deny the allegations stated against them in Paragraph 201 of the Third Amended Complaint. Strict proof is demanded thereof.

202.     The Facility Defendants expressly deny the allegations stated against them in Paragraph 202 of the Third Amended Complaint. Strict proof is demanded thereof.

203.     The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 203 of the Third Amended Complaint. Strict proof is demanded thereof.

204.     The Facility Defendants expressly deny the allegations stated against them in Paragraph 204 of the Third Amended Complaint. Strict proof is demanded thereof.

205.     The Facility Defendants expressly deny the allegations stated against them in Paragraph 205 of the Third Amended Complaint. Strict proof is demanded thereof.

**"Defendants' Failure to Address the Widespread Proliferation**
**of Contraband Weapons at St. Clair"**

206.    The Facility Defendants expressly deny the allegations stated against them in Paragraph 206 of the Third Amended Complaint. Strict proof is demanded thereof.

207.    The Facility Defendants expressly deny the allegations stated against them in Paragraph 207 of the Third Amended Complaint. Strict proof is demanded thereof.

208.    The Facility Defendants expressly deny the allegations stated against them in Paragraph 208 of the Third Amended Complaint. Strict proof is demanded thereof.

209.    The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 209 of the Third Amended Complaint. Strict proof is demanded thereof.

210.    The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 210 of the Third Amended Complaint. Strict proof is demanded thereof.

211.    The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 211 of the Third Amended Complaint. Strict proof is demanded thereof.

212.    The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 212 of the Third Amended Complaint. Strict proof is demanded thereof.

213.    The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 213 of the Third Amended Complaint. Strict proof is demanded thereof.

214. The Facility Defendants expressly deny the allegations stated against them in Paragraph 214 of the Third Amended Complaint. Strict proof is demanded thereof.

215. The Facility Defendants expressly deny the allegations stated against them in Paragraph 215 of the Third Amended Complaint. Strict proof is demanded thereof.

216. The Facility Defendants expressly deny the allegations stated against them in Paragraph 216 of the Third Amended Complaint. Strict proof is demanded thereof.

217. The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 217 of the Third Amended Complaint. Strict proof is demanded thereof.

218. The Facility Defendants expressly deny the allegations stated against them in Paragraph 218 of the Third Amended Complaint. Strict proof is demanded thereof.

219. The Facility Defendants expressly deny the allegations stated against them in Paragraph 219 of the Third Amended Complaint. Strict proof is demanded thereof.

220. The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 220 of the Third Amended Complaint. Strict proof is demanded thereof.

221. The Facility Defendants expressly deny the allegations stated against them in Paragraph 221 of the Third Amended Complaint. Strict proof is demanded thereof.

222. The Facility Defendants expressly deny the allegations stated against them in Paragraph 222 of the Third Amended Complaint. Strict proof is demanded thereof.

223. The Facility Defendants expressly deny the allegations stated against them in Paragraph 223 of the Third Amended Complaint. Strict proof is demanded thereof.

**"Defendants' Failure to Protect Vulnerable Prisoners from Enemies"**

224.     The Facility Defendants expressly deny the allegations stated against them in Paragraph 224 of the Third Amended Complaint. Strict proof is demanded thereof.

225.     The Facility Defendants expressly deny the allegations stated against them in Paragraph 225 of the Third Amended Complaint. Strict proof is demanded thereof.

226.     The Facility Defendants expressly deny the allegations stated against them in Paragraph 226 of the Third Amended Complaint. Strict proof is demanded thereof.

227.     The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 227 of the Third Amended Complaint. Strict proof is demanded thereof.

228.     The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 228 of the Third Amended Complaint. Strict proof is demanded thereof.

229.     With respect to the allegations contained in Paragraph 229 of the Third Amended Complaint, the Facility Defendants admit, upon information and belief, that D.S. was classified as a potential PREA victim while in custody at St. Clair. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 229 of the Third Amended Complaint. Strict proof is demanded thereof.

230.     The Facility Defendants expressly deny the allegations stated against them in Paragraph 230 of the Third Amended Complaint. Strict proof is demanded thereof.

231.     The Facility Defendants expressly deny the allegations stated against them in Paragraph 231 of the Third Amended Complaint. Strict proof is demanded thereof.

**"Defendants' Failure to Adequately Respond to and
Discipline Instances of Prisoner Misconduct"**

232.     The Facility Defendants expressly deny the allegations stated against them in Paragraph 232 of the Third Amended Complaint. Strict proof is demanded thereof.

233.     The Facility Defendants expressly deny the allegations stated against them in Paragraph 233 of the Third Amended Complaint. Strict proof is demanded thereof.

234.     The Facility Defendants expressly deny the allegations stated against them in Paragraph 234 of the Third Amended Complaint. Strict proof is demanded thereof.

235.     The Facility Defendants expressly deny the allegations stated against them in Paragraph 235 of the Third Amended Complaint. Strict proof is demanded thereof.

236.     The Facility Defendants expressly deny the allegations stated against them in Paragraph 236 of the Third Amended Complaint. Strict proof is demanded thereof.

237.     The Facility Defendants expressly deny the allegations stated against them in Paragraph 237 of the Third Amended Complaint. Strict proof is demanded thereof.

238.     The Facility Defendants expressly deny the allegations stated against them in Paragraph 238 of the Third Amended Complaint. Strict proof is demanded thereof.

239.     The Facility Defendants expressly deny the allegations stated against them in Paragraph 239 of the Third Amended Complaint. Strict proof is demanded thereof.

240.     The Facility Defendants expressly deny the allegations stated against them in Paragraph 240 of the Third Amended Complaint. Strict proof is demanded thereof.

241.     The Facility Defendants expressly deny the allegations stated against them in Paragraph 241 of the Third Amended Complaint. Strict proof is demanded thereof.

242.     The Facility Defendants expressly deny the allegations stated against them in Paragraph 242 of the Third Amended Complaint. Strict proof is demanded thereof.

243. The Facility Defendants expressly deny the allegations stated against them in Paragraph 243 of the Third Amended Complaint. Strict proof is demanded thereof.

244. The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 244 of the Third Amended Complaint. Strict proof is demanded thereof.

245. The Facility Defendants expressly deny the allegations stated against them in Paragraph 245 of the Third Amended Complaint. Strict proof is demanded thereof.

246. The Facility Defendants expressly deny the allegations stated against them in Paragraph 246 of the Third Amended Complaint. Strict proof is demanded thereof.

247. The Facility Defendants expressly deny the allegations stated against them in Paragraph 247 of the Third Amended Complaint. Strict proof is demanded thereof.

248. The Facility Defendants expressly deny the allegations stated against them in Paragraph 248 of the Third Amended Complaint. Strict proof is demanded thereof.

**"Defendants' Failure to Adequately Prevent, Detect, and Respond to Prior Instances of Sexual Abuse at St. Clair"**

249. The Facility Defendants expressly deny the allegations stated against them in Paragraph 249 of the Third Amended Complaint. Strict proof is demanded thereof.

250. The Facility Defendants expressly deny the allegations stated against them in Paragraph 250 of the Third Amended Complaint. Strict proof is demanded thereof.

251. The Facility Defendants expressly deny the allegations stated against them in Paragraph 251 of the Third Amended Complaint. Strict proof is demanded thereof.

252. The Facility Defendants expressly deny the allegations stated against them in Paragraph 252 of the Third Amended Complaint. Strict proof is demanded thereof.

253. The Facility Defendants expressly deny the allegations stated against them in Paragraph 253 of the Third Amended Complaint. Strict proof is demanded thereof.

254. The Facility Defendants expressly deny the allegations stated against them in Paragraph 254 of the Third Amended Complaint. Strict proof is demanded thereof.

255. With respect to the allegations contained in Paragraph 255 of the Third Amended Complaint, the Facility Defendants admit their recognition of a duty to protect inmates from harm, including sexual abuse, under the Eighth Amendment. Otherwise, the Facility Defendants deny as stated the allegations contained in Paragraph 255 of the Third Amended Complaint. Strict proof is demanded thereof.

256. Paragraph 256 of the Third Amended Complaint contains only legal averments, not factual allegations requiring a response from the Facility Defendants.

257. Paragraph 257 of the Third Amended Complaint contains only legal averments, not factual allegations requiring a response from the Facility Defendants.

258. Paragraph 258 of the Third Amended Complaint contains only legal averments, not factual allegations requiring a response from the Facility Defendants.

259. With respect to the allegations contained in Paragraph 259 of the Third Amended Complaint, Defendants Malone, White, Graham, Gordy, Ragsdale, Estelle, and Ary admit that they were and are aware of PREA and of ADOC's PREA-related policies. Otherwise, Paragraph 259 of the Third Amended Complaint contains legal averments, not factual allegations requiring a response from the Facility Defendants.

260. The Facility Defendants expressly deny the allegations stated against them in Paragraph 260 of the Third Amended Complaint. Strict proof is demanded thereof.

261. The Facility Defendants expressly deny the allegations stated against them in Paragraph 261 of the Third Amended Complaint. Strict proof is demanded thereof.

262. The Facility Defendants expressly deny the allegations stated against them in Paragraph 262 of the Third Amended Complaint. Strict proof is demanded thereof.

263. The Facility Defendants expressly deny the allegations stated against them in Paragraph 263 of the Third Amended Complaint. Strict proof is demanded thereof.

264. The Facility Defendants expressly deny the allegations stated against them in Paragraph 264 of the Third Amended Complaint. Strict proof is demanded thereof.

265. The Facility Defendants expressly deny the allegations stated against them in Paragraph 265 of the Third Amended Complaint. Strict proof is demanded thereof.

266. The Facility Defendants expressly deny the allegations stated against them in Paragraph 266 of the Third Amended Complaint. Strict proof is demanded thereof.

267. The Facility Defendants expressly deny the allegations stated against them in Paragraph 267 of the Third Amended Complaint. Strict proof is demanded thereof.

268. The Facility Defendants expressly deny the allegations stated against them in Paragraph 268 of the Third Amended Complaint. Strict proof is demanded thereof.

269. The Facility Defendants expressly deny the allegations stated against them in Paragraph 269 of the Third Amended Complaint. Strict proof is demanded thereof.

270. The Facility Defendants expressly deny the allegations stated against them in Paragraph 270 of the Third Amended Complaint. Strict proof is demanded thereof.

271. The Facility Defendants expressly deny the allegations stated against them in Paragraph 271 of the Third Amended Complaint. Strict proof is demanded thereof.

**"Defendants' Failure to Respond to and Discipline Excessive Force at St. Clair"**

272.    The Facility Defendants expressly deny the allegations stated against them in Paragraph 272 of the Third Amended Complaint. Strict proof is demanded thereof.

273.    The Facility Defendants expressly deny the allegations stated against them in Paragraph 273 of the Third Amended Complaint. Strict proof is demanded thereof.

274.    (a.) Defendant Malone expressly denies the allegations stated against him in Paragraph 274(a) of the Third Amended Complaint. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 274(a) of the Third Amended Complaint. Strict proof is demanded thereof.

(b.) Defendant Malone expressly denies the allegations stated against him in Paragraph 274(b) of the Third Amended Complaint. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 274(b) of the Third Amended Complaint. Strict proof is demanded thereof.

(c.) The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 274(c) of the Third Amended Complaint. Strict proof is demanded thereof.

(d.) The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 274(d) of the Third Amended Complaint. Strict proof is demanded thereof.

(e.) The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 274(e) of the Third Amended Complaint. Strict proof is demanded thereof.

(f.) Defendants McMillian and McLemore expressly deny the allegations stated against them in Paragraph 274(f) of the Third Amended Complaint. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 274(f) of the Third Amended Complaint. Strict proof is demanded thereof.

(g.) The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 274(g) of the Third Amended Complaint. Strict proof is demanded thereof.

(h.) Defendant McLemore expressly denies the allegations stated against him in Paragraph 274(h) of the Third Amended Complaint. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 274(h) of the Third Amended Complaint. Strict proof is demanded thereof.

(i.) The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 274(i) of the Third Amended Complaint. Strict proof is demanded thereof.

(j.) The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 274(j) of the Third Amended Complaint. Strict proof is demanded thereof.

(k.) The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 274(k) of the Third Amended Complaint. Strict proof is demanded thereof.

(l.) Defendant McMillian expressly denies the allegations stated against him in Paragraph 274(l) of the Third Amended Complaint. Otherwise, the Facility Defendants are without

knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 274(l) of the Third Amended Complaint. Strict proof is demanded thereof.

(m.) Defendant Malone expressly denies the allegations stated against him in Paragraph 274(m) of the Third Amended Complaint. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 274(m) of the Third Amended Complaint. Strict proof is demanded thereof.

(n.) The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 274(n) of the Third Amended Complaint. Strict proof is demanded thereof.

(o.) The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 274(o) of the Third Amended Complaint. Strict proof is demanded thereof.

(p.) Defendant McLemore expressly denies the allegations stated against him in Paragraph 274(p) of the Third Amended Complaint. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 274(p) of the Third Amended Complaint. Strict proof is demanded thereof.

275. The Facility Defendants expressly deny the allegations stated against them in Paragraph 275 of the Third Amended Complaint. Strict proof is demanded thereof.

276. The Facility Defendants expressly deny the allegations stated against them in Paragraph 276 of the Third Amended Complaint. Strict proof is demanded thereof.

277. The Facility Defendants expressly deny the allegations stated against them in Paragraph 277 of the Third Amended Complaint. Strict proof is demanded thereof.

278.     The Facility Defendants expressly deny the allegations stated against them in Paragraph 278 of the Third Amended Complaint. Strict proof is demanded thereof.

279.     The Facility Defendants expressly deny the allegations stated against them in Paragraph 279 of the Third Amended Complaint. Strict proof is demanded thereof.

280.     The Facility Defendants expressly deny the allegations stated against them in Paragraph 280 of the Third Amended Complaint. Strict proof is demanded thereof.

281.     The Facility Defendants expressly deny the allegations stated against them in Paragraph 281 of the Third Amended Complaint. Strict proof is demanded thereof.

## PLAINTIFF'S DAMAGES

282.     The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 282 of the Third Amended Complaint. Strict proof is demanded thereof.

## CLAIMS

### Count I - 42 U.S.C. § 1983
### "Eighth Amendment Failure to Protect
### Against Defendants Dunn, Culliver, Daniels, Williams, and Ellington
### Policy and Practice Liability Based on Deliberate Indifferent to Prisoners Including D.S."

283.     Count I asserts no allegations against the Facility Defendants and seeks no recovery from the Facility Defendants. Therefore, no response is required from the Facility Defendants with respect to the allegations contained in Paragraph 283 thereof.

284.     Count I asserts no allegations against the Facility Defendants and seeks no recovery from the Facility Defendants. Therefore, no response is required from the Facility Defendants with respect to the allegations contained in Paragraph 284 thereof.

285.     Count I asserts no allegations against the Facility Defendants and seeks no recovery from the Facility Defendants. Therefore, no response is required from the Facility Defendants with respect to the allegations contained in Paragraph 285 thereof.

286.     Count I asserts no allegations against the Facility Defendants and seeks no recovery from the Facility Defendants. Therefore, no response is required from the Facility Defendants with respect to the allegations contained in Paragraph 286 thereof.

287.     Count I asserts no allegations against the Facility Defendants and seeks no recovery from the Facility Defendants. Therefore, no response is required from the Facility Defendants with respect to the allegations contained in Paragraph 287 thereof.

288.     Count I asserts no allegations against the Facility Defendants and seeks no recovery from the Facility Defendants. Therefore, no response is required from the Facility Defendants with respect to the allegations contained in Paragraph 288 thereof.

289.     Count I asserts no allegations against the Facility Defendants and seeks no recovery from the Facility Defendants. Therefore, no response is required from the Facility Defendants with respect to the allegations contained in Paragraph 289 thereof.

290.     Count I asserts no allegations against the Facility Defendants and seeks no recovery from the Facility Defendants. Therefore, no response is required from the Facility Defendants with respect to the allegations contained in Paragraph 290 thereof.

291.     Count I asserts no allegations against the Facility Defendants and seeks no recovery from the Facility Defendants. Therefore, no response is required from the Facility Defendants with respect to the allegations contained in Paragraph 291 thereof.

292.     Count I asserts no allegations against the Facility Defendants and seeks no recovery from the Facility Defendants. Therefore, no response is required from the Facility Defendants with respect to the allegations contained in Paragraph 292 thereof.

**Count II - 42 U.S.C. § 1983**
**"Eighth Amendment Failure to Protect**
**Against Defendants Jones, Givens, Brooks, Sanders, Malone, White, Graham**
**Policy and Practice Liability Based on Deliberate Indifferent to Prisoners Including D.S."**

293.     Paragraph 293 of the Third Amended Complaint contains only legal averments, not factual allegations requiring a response from the Facility Defendants.

294.     Defendants Malone, White, and Graham expressly deny the allegations stated against them in Paragraph 294 of the Third Amended Complaint. Strict proof is demanded thereof.

295.     Defendants Malone, White, and Graham expressly deny the allegations stated against them in Paragraph 295 of the Third Amended Complaint. Strict proof is demanded thereof.

296.     Defendants Malone, White, and Graham deny as stated the allegations contained in Paragraph 296 of the Third Amended Complaint. Strict proof is demanded thereof.

297.     With respect to the allegations contained in Paragraph 297 of the Third Amended Complaint, Defendants Malone, White, and Graham admit that Jones served as Warden III at St. Clair and otherwise are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 297 of the Third Amended Complaint. Strict proof is demanded thereof.

298.     With respect to the allegations contained in Paragraph 298 of the Third Amended Complaint, Defendants Malone, White, and Graham admit that Givens served as Warden II at St. Clair and otherwise are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 298 of the Third Amended Complaint. Strict proof is demanded thereof.

299.     With respect to the allegations contained in Paragraph 299 of the Third Amended Complaint, Defendants Malone, White, and Graham admit that Brooks served as Warden I at St. Clair and otherwise are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 299 of the Third Amended Complaint. Strict proof is demanded thereof.

300.     With respect to the allegations contained in Paragraph 300 of the Third Amended Complaint, Defendants Malone, White, and Graham admit that they served as Captains at St. Clair and, in that capacity, supervised security staff at St. Clair. Otherwise, Defendants Malone, White, and Graham deny as stated the allegations contained in Paragraph 300 of the Third Amended Complaint. Strict proof is demanded thereof.

301.     Defendants Malone, White, and Graham expressly deny the allegations stated against them in Paragraph 301 of the Third Amended Complaint. Strict proof is demanded thereof.

302.     Defendants Malone, White, and Graham expressly deny the allegations stated against them in Paragraph 302 of the Third Amended Complaint. Strict proof is demanded thereof.

303.     Defendants Malone, White, and Graham expressly deny the allegations stated against them in Paragraph 303 of the Third Amended Complaint. Strict proof is demanded thereof.

304.     Defendants Malone, White, and Graham expressly deny the allegations stated against them in Paragraph 304 of the Third Amended Complaint. Strict proof is demanded thereof.

305.     Defendants Malone, White, and Graham expressly deny the allegations stated against them in Paragraph 305 of the Third Amended Complaint. Strict proof is demanded thereof.

306.     Defendants Malone, White, and Graham expressly deny the allegations stated against them in Paragraph 306 of the Third Amended Complaint. Strict proof is demanded thereof.

**Count III - 42 U.S.C. § 1983**
**"Eighth Amendment Failure to Protect**
**Against Defendants Jones, Givens, Brooks, Sanders, Malone and White**
**Liability Based on Deliberate Indifference to D.S.'s Individualized Risks"**

307.     Paragraph 307 of the Third Amended Complaint contains only legal averments, not factual allegations requiring a response from the Facility Defendants.

308.     Defendant White expressly denies the allegations stated against him in Paragraph 308 of the Third Amended Complaint. Strict proof is demanded thereof.

309.     Defendant White expressly denies the allegations stated against him in Paragraph 309 of the Third Amended Complaint. Strict proof is demanded thereof.

310.     Defendant White is without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 310 of the Third Amended Complaint. Strict proof is demanded thereof.

311.     Defendant White is without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 311 of the Third Amended Complaint. Strict proof is demanded thereof.

312.     Defendant White is without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 312 of the Third Amended Complaint. Strict proof is demanded thereof.

313.     Defendant White expressly denies the allegations stated against him in Paragraph 313 of the Third Amended Complaint. Strict proof is demanded thereof.

314.     Defendant White is without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 314 of the Third Amended Complaint. Strict proof is demanded thereof.

315. Defendant White expressly denies the allegations stated against him in Paragraph 315 of the Third Amended Complaint. Strict proof is demanded thereof.

316. Defendant White expressly denies the allegations stated against him in Paragraph 316 of the Third Amended Complaint. Strict proof is demanded thereof.

317. Defendant White expressly denies the allegations stated against him in Paragraph 317 of the Third Amended Complaint. Strict proof is demanded thereof.

318. Defendant White expressly denies the allegations stated against him in Paragraph 318 of the Third Amended Complaint. Strict proof is demanded thereof.

319–339. Because all claims asserted against Facility Defendants in Counts IV and V have been dismissed from this lawsuit, no response is required from any of the Facility Defendants with respect to the allegations contained in Paragraphs 319–339 of the Third Amended Complaint.

**Count VI**
**"Eighth Amendment Failure to Protect**
**Against Defendant Estelle**
**Policy and Practice Liability Based on Deliberate Indifferent to Prisoners Including D.S."**

340. Paragraph 340 of the Third Amended Complaint contains only legal averments, not factual allegations requiring a response from the Facility Defendants.

341. Defendant Estelle expressly denies the allegations stated against her in Paragraph 341 of the Third Amended Complaint. Strict proof is demanded thereof.

342. Defendant Estelle expressly denies the allegations stated against her in Paragraph 342 of the Third Amended Complaint. Strict proof is demanded thereof.

343. With respect to the allegations contained in Paragraph 343 of the Third Amended Complaint, Defendant Estelle admits that she served as Head of Classification at St. Clair. Otherwise, Defendant Estelle denies as stated the allegations contained in Paragraph 343 of the Third Amended Complaint. Strict proof is demanded thereof.

344. Defendant Estelle expressly denies the allegations stated against her in Paragraph 344 of the Third Amended Complaint. Strict proof is demanded thereof.

345. Defendant Estelle expressly denies the allegations stated against her in Paragraph 345 of the Third Amended Complaint. Strict proof is demanded thereof.

346. Defendant Estelle expressly denies the allegations stated against her in Paragraph 346 of the Third Amended Complaint. Strict proof is demanded thereof.

347. Defendant Estelle expressly denies the allegations stated against her in Paragraph 347 of the Third Amended Complaint. Strict proof is demanded thereof.

348. Defendant Estelle expressly denies the allegations stated against her in Paragraph 348 of the Third Amended Complaint. Strict proof is demanded thereof.

349–363. Because all claims asserted against Facility Defendants in Count VII have been dismissed from this lawsuit, no response is required from any of the Facility Defendants with respect to the allegations contained in Paragraphs 349–363 of the Third Amended Complaint.

### Count VIII - 42 U.S.C. § 1983
### "Eighth Amendment Failure to Protect
### Against Defendants McMillian, Boyd, and McLemore
### Liability Based on Deliberate Indifference to D.S.'s Individualized Risks"

364. Paragraph 364 of the Third Amended Complaint contains only legal averments, not factual allegations requiring a response from the Facility Defendants.

365. Defendants McMillian and McLemore expressly deny the allegations stated against them in Paragraph 365 of the Third Amended Complaint. Strict proof is demanded thereof.

366. Defendants McMillian and McLemore expressly deny the allegations stated against them in Paragraph 366 of the Third Amended Complaint. Strict proof is demanded thereof.

367. With respect to the allegations contained in Paragraph 367 of the Third Amended Complaint, Defendant McMillian admits that he served as a Corrections Officer and expressly

denies the remaining allegations stated against him in Paragraph 367 of the Third Amended Complaint. Otherwise, Defendants McMillian and McLemore are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 367 of the Third Amended Complaint. Strict proof is demanded thereof.

368.    Defendant McMillian expressly denies the allegations stated against him in Paragraph 368 of the Third Amended Complaint. Otherwise, Defendants McMillian and McLemore are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 368 of the Third Amended Complaint. Strict proof is demanded thereof.

369.    Defendant McMillian expressly denies the allegations stated against him in Paragraph 369 of the Third Amended Complaint. Otherwise, Defendants McMillian and McLemore are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 369 of the Third Amended Complaint. Strict proof is demanded thereof.

370.    Defendants McMillian and McLemore expressly deny the allegations stated against them in Paragraph 370 of the Third Amended Complaint. Strict proof is demanded thereof.

371.    Defendants McMillian and McLemore expressly deny the allegations stated against them in Paragraph 371 of the Third Amended Complaint. Strict proof is demanded thereof.

372.    Defendants McMillian and McLemore expressly deny the allegations stated against them in Paragraph 372 of the Third Amended Complaint. Strict proof is demanded thereof.

**Count IX - 42 U.S.C. § 1983**
**"First, Eighth, and Fourteenth Amendment Unlawful Retaliation**
**Against Defendants Estelle, Ary, Gordy"**

373.     Defendants Estelle, Ary, and Gordy expressly deny the allegations stated against them in Paragraph 373 of the Third Amended Complaint. Strict proof is demanded thereof.

374.     Defendants Estelle, Ary, and Gordy expressly deny the allegations stated against them in Paragraph 374 of the Third Amended Complaint. Strict proof is demanded thereof.

375.     Defendants Estelle and Gordy expressly deny the allegations stated against them in Paragraph 375 of the Third Amended Complaint. Strict proof is demanded thereof.

376.     Defendants Estelle and Gordy expressly deny the allegations stated against them in Paragraph 376 of the Third Amended Complaint. Strict proof is demanded thereof.

377.     Defendants Estelle, Ary, and Gordy expressly deny the allegations stated against them in Paragraph 377 of the Third Amended Complaint. Strict proof is demanded thereof.

378.     Defendants Estelle, Ary, and Gordy expressly deny the allegations stated against them in Paragraph 378 of the Third Amended Complaint. Strict proof is demanded thereof.

379.     Defendants Estelle, Ary, and Gordy expressly deny the allegations stated against them in Paragraph 379 of the Third Amended Complaint. Strict proof is demanded thereof.

380–401. Because all claims asserted against Facility Defendants in Counts X and XI have been dismissed from this lawsuit, no response is required from any of the Facility Defendants with respect to the allegations contained in Paragraphs 380–401 of the Third Amended Complaint.

**Count XII – State Law**
**"Intentional Infliction of Emotional Distress**
**Against All Defendants"**

402.     The Facility Defendants adopt and incorporate their responses as set out in each of the preceding paragraphs.

403. The Facility Defendants expressly deny the allegations stated against them in Paragraph 403 of the Third Amended Complaint. Strict proof is demanded thereof.

404. The Facility Defendants expressly deny the allegations stated against them in Paragraph 404 of the Third Amended Complaint. Strict proof is demanded thereof.

405. The Facility Defendants expressly deny the allegations stated against them in Paragraph 405 of the Third Amended Complaint. Strict proof is demanded thereof.

406. The Facility Defendants expressly deny the allegations stated against them in Paragraph 406 of the Third Amended Complaint. Strict proof is demanded thereof.

407. Defendants Malone, White, Estelle, Gordy, McMillian, Ary, and Bonner expressly deny the allegations stated against them in Paragraph 407 of the Third Amended Complaint. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 407 of the Third Amended Complaint. Strict proof is demanded thereof.

408. Defendants McLemore and McMillian expressly deny the allegations stated against them in Paragraph 408 of the Third Amended Complaint. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 408 of the Third Amended Complaint. Strict proof is demanded thereof.

409. Defendants Malone, White, Graham, Gordy, Ragsdale, and Estelle expressly deny the allegations stated against them in Paragraph 409 of the Third Amended Complaint. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 409 of the Third Amended Complaint. Strict proof is demanded thereof.

410.     Defendants Malone, White, and Graham expressly deny the allegations stated against them in Paragraph 410 of the Third Amended Complaint. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 410 of the Third Amended Complaint. Strict proof is demanded thereof.

411.     Defendants Malone, White, Graham, Gordy, Ragsdale, Estelle, Bonner, and Ary expressly deny the allegations stated against them in Paragraph 411 of the Third Amended Complaint. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 411 of the Third Amended Complaint. Strict proof is demanded thereof.

412.     Defendants Malone, White, Graham, Gordy, Ragsdale, and Estelle expressly deny the allegations stated against them in Paragraph 412 of the Third Amended Complaint. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 412 of the Third Amended Complaint. Strict proof is demanded thereof.

413.     Defendants Malone, White, Graham, Gordy, Ragsdale, Estelle, and Ary expressly deny the allegations stated against them in Paragraph 413 of the Third Amended Complaint. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 413 of the Third Amended Complaint. Strict proof is demanded thereof.

414.     Defendants Malone, White, Graham, McMillian, and McLemore expressly deny the allegations stated against them in Paragraph 414 of the Third Amended Complaint. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny

the factual allegations contained in Paragraph 414 of the Third Amended Complaint. Strict proof is demanded thereof.

415. Defendants Estelle, Gordy, and Ary expressly deny the allegations stated against them in Paragraph 415 of the Third Amended Complaint. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 415 of the Third Amended Complaint. Strict proof is demanded thereof.

416. The Facility Defendants expressly deny the allegations stated against them in Paragraph 416 of the Third Amended Complaint. Strict proof is demanded thereof.

417. The Facility Defendants expressly deny the allegations stated against them in Paragraph 417 of the Third Amended Complaint. Strict proof is demanded thereof.

**Count XIII – State Law**
**"Negligence**
**Against All Defendants"**

418. The Facility Defendants adopt and incorporate their responses as set out in each of the preceding paragraphs.

419. With respect to the allegations contained in Paragraph 419 of the Third Amended Complaint, Defendants Malone, White, Graham, Gordy, Ragsdale, Estelle, McMillian, McLemore, and Ary deny as stated the allegations contained in Paragraph 419 of the Third Amended Complaint. Defendant Bonner expressly denies the allegations stated against her in Paragraph 419 of the Third Amended Complaint. Strict proof is demanded thereof.

420. The Facility Defendants expressly deny the allegations stated against them in Paragraph 420 of the Third Amended Complaint. Strict proof is demanded thereof.

421. Defendants Malone, White, Estelle, Gordy, McMillian, Bonner, and Estelle expressly deny the allegations stated against them in Paragraph 421 of the Third Amended

Complaint. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 421 of the Third Amended Complaint. Strict proof is demanded thereof.

422. Defendants McLemore and McMillian expressly deny the allegations stated against them in Paragraph 422 of the Third Amended Complaint. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 422 of the Third Amended Complaint. Strict proof is demanded thereof.

423. Defendants Malone, White, Graham, Gordy, Ragsdale, and Estelle expressly deny the allegations stated against them in Paragraph 423 of the Third Amended Complaint. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 423 of the Third Amended Complaint. Strict proof is demanded thereof.

424. Defendants Malone, White, and Graham expressly deny the allegations stated against them in Paragraph 424 of the Third Amended Complaint. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 424 of the Third Amended Complaint. Strict proof is demanded thereof.

425. Defendants Malone, White, Graham, Gordy, Ragsdale, Estelle, Bonner, and Ary expressly deny the allegations stated against them in Paragraph 425 of the Third Amended Complaint. Otherwise, the Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 425 of the Third Amended Complaint. Strict proof is demanded thereof.

426.    Defendants Malone, White, Graham, Gordy, Ragsdale, and Estelle expressly deny the allegations stated against them in Paragraph 426 of the Third Amended Complaint. Otherwise, The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 426 of the Third Amended Complaint. Strict proof is demanded thereof.

427.    Defendants Malone, White, Graham, Gordy, Ragsdale, Estelle, and Ary expressly deny the allegations stated against them in Paragraph 427 of the Third Amended Complaint. Otherwise, The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 427 of the Third Amended Complaint. Strict proof is demanded thereof.

428.    Defendants Malone, White, Graham, McMillian, and McLemore expressly deny the allegations stated against them in Paragraph 428 of the Third Amended Complaint. Otherwise, The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 428 of the Third Amended Complaint. Strict proof is demanded thereof.

429.    Defendants Estelle, Ary, and Gordy expressly deny the allegations stated against them in Paragraph 429 of the Third Amended Complaint. Otherwise, The Facility Defendants are without knowledge or information sufficient to either admit or deny the factual allegations contained in Paragraph 429 of the Third Amended Complaint. Strict proof is demanded thereof.

430.    The Facility Defendants expressly deny the allegations stated against them in Paragraph 430 of the Third Amended Complaint. Strict proof is demanded thereof.

431.    The Facility Defendants expressly deny the allegations stated against them in Paragraph 431 of the Third Amended Complaint. Strict proof is demanded thereof.

The Facility Defendants deny that Plaintiff is entitled to any damages or relief whatsoever, whether monetary damages, punitive damages, attorney's fees, injunctive relief, declaratory judgment, or any other equitable relief. The Facility Defendants expressly deny that they violated the Plaintiff's constitutional rights, including any rights under the Eighth and Fourteenth Amendments, or any federal or state law, on any occasion whatsoever.

## AFFIRMATIVE DEFENSES

The Facility Defendants assert the following affirmative and additional defenses to the Third Amended Complaint, but they do not assume the burden of proof of any such defenses, except as required by law with respect to a particular defense asserted.

## FIRST DEFENSE

Plaintiff's Third Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff failed to allege a violation of the Eighth and Fourteenth Amendments to the United States Constitution.

## THIRD DEFENSE

Plaintiff is not entitled to any relief or damages requested in the Third Amended Complaint.

## FOURTH DEFENSE

Plaintiff is not entitled to any relief or damages under 42 U.S.C. § 1983.

## FIFTH DEFENSE

Plaintiff's claims are barred because the Facility Defendants did not breach any duty allegedly owed to the Plaintiff.

## SIXTH DEFENSE

Plaintiff's claims are barred because of the lack of damages suffered due to any of the alleged wrongs asserted against the Facility Defendants.

## SEVENTH DEFENSE

Plaintiff's claims are barred because the Facility Defendants did not act with deliberate indifference.

## EIGHTH DEFENSE

Plaintiff is unable to establish any causal connection, legal or proximate, between any action or inaction of the Facility Defendants and any purported injury or damages alleged in the Third Amended Complaint or for which relief is sought.

## NINTH DEFENSE

The Facility Defendants are entitled to Eleventh Amendment immunity from the claims asserted against them pursuant to 42 U.S.C. § 1983.

## TENTH DEFENSE

Plaintiff's claims are barred because the action asserted is "frivolous, malicious, and fails to state a claim upon which relief can be granted." 42 U.S.C. § 1997e(c)(1) (2005).

## ELEVENTH DEFENSE

Plaintiff's claims do not fall within any judicially recognized exception to the doctrine of Eleventh Amendment immunity.

## TWELFTH DEFENSE

The Facility Defendants assert all privileges and immunities provided to the Facility Defendants as state officials, employees, and/or actors including, but not limited to sovereign

immunity, qualified immunity, statutory immunity, state and state-agent, and discretionary function immunity.

## THIRTEENTH DEFENSE

The Facility Defendants cannot be held liable under 42 U.S.C. § 1983 based on a theory of *respondeat superior* for the acts and/or omissions of others.

## FOURTEENTH DEFENSE

No single Defendant in this cause can be held liable under 42 U.S.C. § 1983 for any alleged act and/or omission of any other Defendant.

## FIFTEENTH DEFENSE

Plaintiff's claims are barred because of the existence of superseding, intervening, or independent causes.

## SIXTEENTH DEFENSE

The Facility Defendants aver that the wrongs and damages alleged by Plaintiff were caused solely by the acts and/or omissions of persons for whom they are not responsible.

## SEVENTEENTH DEFENSE

A third-party is comparatively at fault for Plaintiff's alleged damages, and this comparative fault by non-party tortfeasors must be excluded from any damage award against the Facility Defendants.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred as Plaintiff has not exhausted all available administrative remedies and/or accomplished all conditions precedent to maintain this action.

## NINETEENTH DEFENSE

Plaintiff's claims are barred by the doctrine of contributory negligence and/or last clear chance.

## TWENTIETH DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## TWENTY-FIRST DEFENSE

Plaintiff's claims are barred by the doctrine of assumption of risk.

## TWENTY-SECOND DEFENSE

Plaintiff's claims are barred because the apparent equitable relief sought is not sufficiently narrowly drawn.  18 U.S.C. § 3626(a)(1)(A) (2005).

## TWENTY-THIRD DEFENSE

To the extent Plaintiff's claims seek monetary damages, the Facility Defendants demand a bifurcated jury trial to resolve those issues.

## TWENTY-FOURTH DEFENSE

To the extent Plaintiff seeks to recover attorneys' fees, the Facility Defendants object to any and all such requests for fees that are not asserted in the Amended Complaint or otherwise approved by court order.

## TWENTY-FIFTH DEFENSE

To the extent Plaintiff is claiming punitive damages against the Facility Defendants, the Facility Defendants state as follows:

The award of punitive damages as claimed by Plaintiffs violate Article I and/or the Fourth, Fifth, Sixth, Eighth, and/or Fourteenth Amendments of the United States Constitution and Article I, § 6, of the Alabama Constitution of 1901 on the following separate and several grounds:

a. The civil procedures pursuant to which punitive damages are awarded may wrongfully result in a punishment by a punitive damages award after the fact.

b. The civil procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

c. The civil procedures pursuant to which punitive damages are awarded fail to provide means for awarding separate judgments against alleged joint tortfeasors.

d. The civil procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the Facility Defendants.

e. The civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages.

f. The civil procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages.

g. The civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

h. The civil procedures pursuant to which punitive damages are awarded permit multiple awards of punitive damages for the same alleged act.

i. The civil procedures pursuant to which punitive damages are awarded fail to provide a clear consistent appellate standard of review of an award of punitive damages.

j. The civil procedures pursuant to which punitive damages are awarded permit the admission of evidence relative to punitive damages in the same proceedings during which liability and compensatory damages are determined.

k.      The standards of conduct upon which punitive damages are awarded are vague.

l.      The civil procedures pursuant to which punitive damages are awarded would permit the imposition of excessive fines.

m.      The civil procedures pursuant to which punitive damages are awarded permit the award of punitive damages upon satisfaction of a standard of proof which is not heightened in relation to the standard of proof for ordinary civil cases.

n.      The civil procedures pursuant to which punitive damages are awarded permit the imposition or arbitrary, capricious, or oppressive penalties.

o.      The civil procedures pursuant to which punitive damages are awarded fail to limit the discretion of the jury in the award of punitive damages.

### TWENTY-SIXTH DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

### TWENTY-SEVENTH DEFENSE

Plaintiff's claims are barred by the statute of limitations.

### TWENTY-EIGHTH DEFENSE

Plaintiff's civil or constitutional rights have not been violated.

### TWENTY-NINTH DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

### THIRTIETH DEFENSE

Plaintiff's claims are barred by the doctrine of estoppel.

### THIRTY-FIRST DEFENSE

Plaintiff's claims are barred by the doctrine of *res judicata* or claim preclusion.

## THIRTY-SECOND DEFENSE

Plaintiff's claims are barred by the doctrine of collateral estoppel or issue preclusion.

## THIRTY-THIRD DEFENSE

Plaintiff is unable to establish that the Facility Defendants' actions, omissions,  policies, or customs caused any of Plaintiff's purported injuries alleged in the Third Amended Complaint or for which relief is sought.

## THIRTY-FOURTH DEFENSE

Plaintiff's claims of unconstitutional policies or customs are due to be dismissed because such claims cannot be predicated upon isolated or sporadic instances of conduct.

## THIRTY-FIFTH DEFENSE

The Facility Defendants did not authorize, condone, or ratify any alleged unconstitutional conduct, and any such conduct would have been contrary to policies.

## THIRTY-SIXTH DEFENSE

The Facility Defendants did not subject Plaintiff to unnecessary and wanton inflictions of pain or to emotional or physical injuries.

## THIRTY-SEVENTH DEFENSE

The Facility Defendants claim any and all protections of the Prison Litigation Reform Act of 1995 ("PLRA"), as amended.

## THIRTY-EIGHTH DEFENSE

Under the PLRA, Plaintiff's claims fail because Plaintiff cannot show that he suffered any physical injuries that were caused by any act or omission on the part of the Facility Defendants. 42 U.S.C. § 1997e.

## THIRTY-NINTH DEFENSE

The Facility Defendants adopt all additional defenses asserted by other defendants and reserve the right to assert other and additional defenses as discovery proceeds.

**The Facility Defendants demand a trial by jury.**

Respectfully submitted this 29th day of June 2022.

*/s/* W. Allen Sheehan
W. ALLEN SHEEHAN (ASB-7274-L69S)
C. RICHARD HILL, JR. (ASB-0773-L72C)
JAMES N. WALTER, JR. (ASB-2722-R68J)
ROBERT F. NORTHCUTT (ASB-9358-T79R)
JOSEPH R. LATHAM (ASB-3044-S14R)

*Attorneys for Defendants Gary Malone, Kevin White, Carla Graham, Angelia Gordy, William Ragsdale, Neketris Estelle, Gerald McMillian, Christopher Boyd, Lisa Bonner, William McLemore, and Tanya Ary*

CAPELL & HOWARD, P.C.
150 South Perry Street (36104)
Post Office Box 2069
Montgomery, Alabama 36102-2069
Telephone: (334) 241-8049
Facsimile:(334) 323-8888
Email:  allen.sheehan@chlaw.com
          bob.northcutt@chlaw.com
          jimmy.walter@chlaw.com
          rick.hill@chlaw.com
          joseph.latham@chlaw.com

## CERTIFICATE OF SERVICE

       I hereby certify that on this 29th day of June 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record (and by U.S. Mail to non-CM/ECF participants) as indicated below:

Ruth Z. Brown
Megan C. Pierce
Quinn Rallins
LOEVY & LOEVY
311 North Aberdeen Street, 3rd Floor
Chicago, Illinois 60607
ruth@loevy.com
megan@loevy.com
rallins@loevy.com
*Attorneys for Plaintiff*

Stephanie Lynn Dodd Smithee
ALABAMA DEPARTMENT OF CORRECTIONS
LEGAL DIVISION
301 South Ripley Street
Montgomery, Alabama 36104
stephanie.smithee@doc.alabama.gov
*Attorneys for Defendants Jefferson Dunn,*
*Grantt Culliver, Charles Daniels, Jeffery*
*Williams, Edward Ellington, Karla Jones,*
*Gwendolyn Givens, Anthony Brooks, Christy*
*Vincent, Jeffery Baldwin, Gary Malone, Kevin*
*White, Carla Graham, Christ Vincent,*
*Angelia Gordy, William Ragsdale, Neketris*
*Estelle, Gerald McWilliams, Christopher*
*Boyd, Lisa Bonner, Tanya Ary, and William*
*McLemore*

Anil A. Mujumdar
DAGNEY JOHNSON LAW GROUP, LLC
2170 Highland Avenue S, Suite 250
Birmingham, Alabama 35205
anil@dagneylaw.com
*Attorney for Plaintiff*

William R. Lunsford
Mary Landon Whatley
Matthew B. Reeves
MAYNARD, COOPER & GALE, PC
655 Gallatin Street
Huntsville, Alabama 35801
blunsford@maynardcooper.com
lwhatley@maynardcooper.com
mreeves@maynardcooper.com
*Attorneys for Defendants Jefferson Dunn,*
*Grantt Culliver, Charles Daniels, Jeffery*
*Williams, Edward Ellington, Karla Jones,*
*Gwendolyn Givens, Anthony Brooks, Christy*
*Vincent, and Jeffery Baldwin*

                 /s/ W. Allen Sheehan
                 Of Counsel