IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| D.S., | ) |
| | ) |
| Plaintiff, | ) Case No. 2:20-cv-02012-RDP |
| | ) |
| v. | ) |
| | ) |
| JEFFERSON DUNN, et al., | ) JURY TRIAL DEMANDED |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S REPLY IN SUPPORT OF
MOTION FOR AMENDMENT OF THIS COURT'S ORDER
ON MOTIONS TO DISMISS (Doc. 171)**

Plaintiff D.S., by his attorneys with the law firms of Loevy & Loevy and Anil Mujumdar, hereby replies in support of his motion to this Court to amend and correct its order on the motions to dismiss (Doc. 171).

**I.   This Court dismissed Count IV in error, and Plaintiff states claims in Count IV against Defendants Vincent, Gordy, and Ragsdale.**

Plaintiff has moved this Court to amend or clarify its order on the motions to dismiss, explaining that the Court mistakenly mislabeled Count IV in its order, and the mislabeling was the sole basis for the Court's dismissal of Count IV. Doc. 171. The Court discussed "Claims Based on the History of Widespread Violence at St. Clair" in its order, including allegations against Vincent, Gordy, and Ragsdale, and held all such claims to have been well-plead, but inadvertently omitted mention of Count IV due to misclassifying that count. Doc. 171 at 1-4; Doc. 153 at 14-16. Below, Plaintiff addresses the arguments raised by Defendant Vincent, and then Defendants Gordy and Ragsdale, in response to his motion. Docs. 174 & 175.

1

### A. Count IV against Defendant Vincent was dismissed in error and should have been upheld.

Defendant Vincent, in her response, does not dispute that the Court mistakenly mislabeled Count IV. Doc. 174 at 1-4. Nor does she dispute that the mislabeling was the basis for the Court's dismissal of the claim. *Id.* Nor does Vincent contend that the Court provided any reasoning for the dismissal of Count IV other than the mislabeling. *Id.*

Instead, Vincent asks for dismissal of Count IV on the basis that, she argues, Plaintiff did not allege any actions or omissions reflecting deliberate indifference on her part. Doc. 174 at 3-4. As a preliminary matter, Vincent raised such a challenge only generically in the ADOC Officials' motion to dismiss as to all ADOC Officials. Doc. 142 at 9-13. She did not raise any challenge specific to her role or the allegations against her personally (*id.*), and thus cannot challenge the complaint on the basis of arguments specific to her, such as her role, now. *See Garvich v. Georgia*, No. 21-10679, 2022 WL 1531701, at *1 (11th Cir. May 16, 2022) (arguments not made in initial motion are forfeited); Fed. R. Civ. P. 12(g) ("a party that makes a motion under [Federal Rule of Civil Procedure 12(b)] must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion"); *CGHH, LLC v. Cesta Punta Deportes, S.A. de C.V.*, No. 1:05-CV-1343-RWS, 2006 WL 8430970, at *3 (N.D. Ga. Mar. 31, 2006) ("To allow Defendants to assert, in their second motion to dismiss, arguments which could and should have been introduced in the first motion to dismiss would contravene the purpose of Rule 12(g)."); *Brooks v. Warden*, 706 F. App'x 965, 969 (11th Cir. 2017) ("The policy behind Rule 12(g) is to prevent piecemeal litigation in which a defendant moves to dismiss on one ground, loses, then files a second motion on another ground.").

As to the substance of Vincent's generic argument, Plaintiff responded to it at the motion to dismiss stage (Doc. 148 at 21-23 & 7-20), and this Court agreed with Plaintiff that, as to "Claims

Based on the History of Widespread Violence at St. Clair," his allegations stated a failure-to-protect claim (Doc. 159 at 14-16). Thus, for example, the Court concluded that "Plaintiff contends that despite having knowledge of the systemic violence at St. Clair, . . . . Vincent . . . failed to take meaningful corrective actions to reduce the substantial risk of serious harm"; that "Plaintiff has plausibly alleged that he had been specifically identified as a likely PREA victim prior upon his transfer to St. Clair, but he was placed in the general population and in a poorly supervised, dangerous housing block at St. Clair"; and that Plaintiff has plausibly alleged that supervisors (including Vincent) "fostered the culture of violence at St. Clair by failing to provide an established grievance system, failing to properly investigate and discipline acts of violence, discouraging victims from reporting incidents of violence, and retaliating against prisoners who reported violence." Doc. 159 at 8, 14, 9. Indeed, as Vincent herself acknowledges (Doc. 174 at 1), the Court permitted the analogous failure-to-intervene claims in Counts I, II, and VI, to proceed against all other ADOC Officials, without qualification (Doc. 153 at 14-16).[1]

Vincent's contrary argument rests on omitting—again—Plaintiff's allegations, even though he summarized those allegations at length in his recent motion. Dkt. 171 at 4-7. At the motion to dismiss stage, Plaintiff's allegations are to be taken as true with inferences drawn in his favor. *Lamm v. State St. Bank*, 749 F.3d 938, 942 (11th Cir. 2014).

Vincent also asks this Court to conclude as a matter of law that she lacked deliberate indifference because D.S. was placed for about a week in segregation upon arrival at St. Clair

---

[1] Vincent also asserts, apropos of nothing, that her role differed from that of the other ADOC Officials. Plaintiff has alleged the specifics of her role, and how she was responsible, as the PREA Director, for such duties as "ensuring that all ADOC facilities, including St. Clair, were implementing and complying with PREA requirements"; ensuring that facilities, including St. Clair, "adequately protected against sexual abuse and that incidents of sexual abuse were appropriately addressed"; and "ensuring that [facility staffing plans] provided for adequate staffing levels to protect prisoners against sexual abuse." Doc. 134 at ¶22.

before being housed in the dangerous P/Q blocks—despite documentation in his file identifying him as a PREA victim, given his two prior assaults. Doc. 134 ¶54, 64, 181-205. This argument has long been forfeited (*supra* at 2), as it was not raised in Vincent's motion to dismiss (Doc. 142 at 9-13). On the merits, Vincent's argument amounts to a factual defense and rests on inferences impermissibly taken in her favor, making it inappropriate as a basis for dismissal. *See Lamm*, 749 F.3d at 942. Vincent will have every opportunity to present this factual defense to the jury, but at the pleading stage, her factual defense in no way defeat Plaintiff's allegations that Vincent failing to protect prisoners such as D.S. from harm by engaging in, and knowingly allowing her subordinates to engage in, policies, practices, and omissions that fueled sexual violence at St. Clair.

### B. Count IV against Gordy and Ragsdale was dismissed in error and should have been upheld.

Plaintiff has also moved this Court to amend or clarify its order on the motions to dismiss to uphold Count IV against Defendants Gordy and Ragsdale, who were also dismissed pursuant to the Court's mislabeling of Count IV. Doc. 171. In response, Defendants Gordy and Ragsdale do not dispute that the Court mistakenly mislabeled Count IV; indeed, they acknowledge, "it is true that the Third Amended Complaint attempts to structure Count IV similarly" to the claims in Counts I, II, and VI that were upheld by this Court in its section on "Claims Based on the History of Widespread Violence at St. Clair." Doc. 175 at 3. Nor do Gordy and Ragsdale claim that the Court provided any reasoning for the dismissal of Count IV other than the mislabeling.

Instead, Gordy and Ragsdale posit that this Court, without so stating, intended to dismiss Count IV based on unstated reasons specific to Gordy and Ragsdale's roles as PREA officials. Doc. 175 at 3. Gordy and Ragsdale are incorrect; nothing in the Court's motion to dismiss order, or reasoning as to the "Claims Based on the History of Widespread Violence at St. Clair," more

4

specifically, supports the conclusion that this Court intended to except PREA officials, alone, from liability as to such failure-to-protect claims. Doc. 159.

Gordy and Ragsdale's laundry-list of arguments rehashing whether Plaintiff has stated a claim against them omits Plaintiff's allegations, contrary to the applicable standard on a motion to dismiss. Plaintiff has already responded to many of these arguments in his motion by citing and summarizing allegations which these Defendants continue to ignore. Doc. 171 at 5-7. As but one example, as Gordy and Ragsdale do not rebut, Plaintiff alleges that these two St. Clair PREA officials were specifically responsible for implementing and enforcing the separation of likely victims from likely perpetrators of sexual violence at St. Clair, as required by PREA, and for ensuring that incidents of sexual violence were appropriately addressed and that St. Clair prisoners were protected from further victimization and retaliation, so as to stem the tide of sexual violence. *Id.*; *see also*, *e.g.*, Doc. 134 at ¶324. Despite having knowledge of the systemic violence at St. Clair and the dangerous conditions that caused it, "Gordy [and] Ragsdale . . . failed to take meaningful corrective actions to reduce the substantial risk of serious harm." Doc. 159 at 8. Instead, they promoted and implemented contrary policies and practices such as allowing PREA victims to be housed alongside PREA predators, and sexual assault victims to experience retaliation—directly contrary to their job responsibilities—which contributed to causing a horrific epidemic of violence, including sexual violence, of which they were aware. Pursuant to Gordy and Ragsdale's problematic practices at St. Clair, Plaintiff was housed in general population, in the most violent and unsupervised "hot bay" P/Q unit, even though D.S. had been classified as a PREA victim who needed to be housed separately from potential predators—and he was housed alongside enemies and likely PREA perpetrators, who were themselves emboldened by the lax policies disciplining and responding to incidents of sexual assault. *Id.*; *see also, e.g.*, Doc. 134 ¶¶226-230, 58, 62.

Plaintiff has thus stated claims against Gordy and Ragsdale for deliberate indifference to prisoners such as D.S. that were foreseeably assaulted due to their policies, practices, and omissions.

Gordy and Ragsdale argue that Plaintiff's allegations are "not supported by substantive factual allegations," (Doc. 175 at 5), but the cases that they cite are all inapposite summary judgment decisions in which the cases were allowed to proceed at the pleading stage. *Id.* (citing, *Goebert v. Lee Cnty.*, 510 F.3d 1312, 1332 (11th Cir. 2007); *City of St. Louis v. Paprotnik*, 485 U.S. 112, 127 (1988); *Whittier v. City of Sunrise*, 395 F. App'x 648, 650 (11th Cir. 2010)). These decisions at best discuss the quantum of evidence to prove the existence of a custom or practice, not the level of allegations to state a claim, prior to discovery. Defendants ignore that Plaintiff need not prove his claims at the pleading stage (prior to access to discovery) and need only put Defendants on notice of his claim.

Moreover, Plaintiff has supported his allegations with factual detail; in arguing otherwise, Gordy and Ragsdale even omit allegations this Court, specifically, highlighted in its opinion. This includes Plaintiff's well-plead and detailed allegations that Gordy and Ragsdale were aware that "prison beatings, stabbings, and rapes were endemic, violence and terror reigned, and the threat of assault was constant, particularly in the P/Q blocks" (Doc. 159 at 4), supported by "specific factual assertions regarding numerous assaults at St. Clair," such as, for example, allegations of "a six-month-long ordeal, starting in January 2018 and lasting through June 2018, during which a prisoner was repeatedly raped by a group of individuals who said he owed them a debt" and "officers allegedly were aware of the situation but did nothing to intervene," and another incident in which "a prisoner was held hostage by four other prisoners who sexually assaulted him over two days," while officers "simply asked how many men were inside when they conducted counts," and "the victim did not press charges" after being told that "reporting would put his life in danger"

6

(Doc. 159 at 4-5). Defendants also omit mention of Plaintiff's allegations (summarized by this Court) describing the *Duke* litigation and how Gordy and Ragsdale were "aware both of the litigation and the deficiencies and practices identified therein" including as to, for example, "the creation of a dangerous culture of violence and abuse, and failure to respond appropriately to incidents of violence and rape" (Doc. 159 at 5, 7); that Gordy and Ragsdale knew of the Department of Justice investigation into sexual abuse at ADOC facilities including St. Clair (*id.*); and that Gordy was herself sued and deposed in litigation "filed by prisoners alleging rapes and assaults at St. Clair resulting from the systematic failure to protect prisoners from prisoner-on-prisoner beatings, stabbings, and sexual violence" (Doc. 159 at 8).

Plaintiff also specifies over two dozen illustrative reported sexual assaults, many of which took place in the unsafe P/Q units in which Gordy and Ragsdale housed documented PREA victims such as Plaintiff (*id.* ¶¶108, 113(b), 117(a), 118, 119(b), 120, 121(a), 121(c), 122, 124, 126, 128(d), 130(a), 131, 132(b), 133, 134(b), 136, 137, 139, 144(a)), 154-55, 165, 174-75, 177-78; illustrative instances in which vulnerable prisoners were housed in general population or alongside enemies, where they were again assaulted (*id.* ¶¶ 137, 126, 113(b), 141, 117(b), 149); and illustrative instances in which predatory prisoners were allowed to commit repeated acts of violence (*id.* ¶124, 126, 128(a)).

Defendants Gordy and Ragsdale also resort to impermissible outside-the-pleading factual defenses to Plaintiff's allegations, claiming to lack responsibility for sexual assault policies and practices at St. Clair despite their contrary job titles and responsibilities—an improper tactic at the motion to dismiss stage, in which the Court's role is to determine whether Plaintiff's allegations, accepted as true in with inferences in his favor, put Defendants on notice of the claim against them. Regardless, Defendants do not even address, let alone contest, D.S.'s central allegations that they

7

were responsible for separation of likely victims from likely perpetrators of sexual violence at St. Clair, as required by PREA, and for ensuring appropriate responses to incidents of sexual violence, including protection of prisoners from further victimization and retaliation, but did nothing in the face of horrific violence and sexual assault that was brought to their attention by multiple sources. This omission is fatal to their argument.

**II.     This Court has authority to correct errors in its orders pursuant to Rule 60(b).**

Defendants incorrectly cite Rule 59(e) as the basis for Plaintiff's motion, but pursuant to Rule 60(b), "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record" and "may do so on motion or on its own." Fed. R. Civ. P. 60(b). Plaintiff's motion to the Court to correct its clerical error is proper, and timely, and this Court has ample authority to amend, modify, or correct its order on the motions to dismiss, with or without a motion. *Id.*

Even pursuant to Rule 59, as Defendants' own authority recognizes, reconsideration is appropriate when the Court has committed a manifest error of law or fact, *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007), such as when the court has "misunderstood a party . . . or has made an error not of reasoning, but of apprehension." *Fletcher v. City of Madison*, No. 5:21-CV-01431-AKK, 2021 WL 5759752, at *1 (N.D. Ala. Dec. 3, 2021). The Court's mislabeling of Count IV is precisely the kind of issue that can be corrected pursuant to Rule 60(b), as well as Rule 59.

**III.    This Court lacks discretion to dismiss well-plead state law claims.**

Defendant Vincent again seeks dismissal of the state law claims against her. Doc. 174 at 4-5. As D.S. explained (Doc. 171 at 9-11), and Vincent declines to rebut (Doc. 174 at 4-5), D.S. states intentional infliction of emotional distress and negligence claims against Vincent. Because

D.S. properly alleges each claim, this Court has no "discretion" to dismiss them, as Vincent improperly requests. Doc. 174 at 4.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court amend its opinion at Docs. 159 & 160 to clarify that Plaintiff states federal failure to protect claims in Count IV against Defendants Vincent, Gordy, and Ragsdale. Plaintiff further asks this Court to deny Defendant Vincent's motion seeking dismissal from the case.

RESPECTFULLY SUBMITTED,

**D.S.**

BY: /s/ Ruth Brown

BY: /s/ Anil Mujumdar

*Local Counsel*

*Ruth Z. Brown (pro hac vice)
Megan Pierce (pro hac vice)
Quinn K. Rallins (pro hac vice)
Attorneys for Plaintiff
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
Telephone: 312-243-5900
Fax: 312-243-5902
Email: ruth@loevy.com, megan@loevy.com, rallins@loevy.com
*Counsel of Record

Anil A. Mujumdar (ASB-2004-L65M)
Dagney Johnson Law Group
2170 Highland Avenue, Suite 250
Birmingham, AL 35205
T: 205.590.6986
F: 205.809.7899
E: anil@dagneylaw.com

# CERTIFICATE OF SERVICE

I, Ruth Brown, hereby certify that a copy of the foregoing has been served upon all parties in this matter, including without limitation the following, by the Court's CM/ECF system or by U.S. Mail on August 17, 2022.

| | |
|---|---|
| *Ruth Z. Brown (pro hav vice)<br>Megan Pierce (pro hac vice)<br>Quinn Rallins (pro hac vice)<br>LOEVY & LOEVY<br>311 N. Aberdeen, 3rd Floor<br>Chicago, IL 60607<br>T: 312-243-5900<br>F: 312-243-5902<br>E: ruth@loevy.com, megan@loevy.com,<br>rallins@loevy.com<br>*Counsel of Record<br><br>Anil A. Mujumdar (ASB-2004-L65M)<br>DAGNEY JOHNSON LAW GROUP<br>2170 Highland Avenue, Suite 250<br>Birmingham, AL 35205<br>T: 205.590.6986<br>F: 205.809.7899<br>E: anil@dagneylaw.com<br><br>*Attorneys for Plaintiff* | Robert F. Northcutt<br>C. Richard Hill, Jr.<br>James N. Walter, Jr.<br>CAPELL & HOWARD, PC<br>P.O. Box 2029<br>Montgomery, AL 36102<br>T: (334) 241-8000<br>F: (334) 323-8888<br>bob.northcutt@chlaw.com<br>rick.hill@chlaw.com<br>jimmy.walter@chlaw.com<br><br>*Attorneys for Carl Sanders, Gary Malone,<br>Kevin White, Carla Graham, Angelia Gordy,<br>Williams Ragdale, Neketris Estelle,<br>Gerald McMillan, Christopher Boyd,<br>Lisa Bonner, and Tanya Ary*<br><br>William R. Lunsford<br>Matthew B. Reeves<br>M. Landon Whatley<br>MAYNARD, COOPER & GALE<br>655 Gallatin Street, S.W.<br>Huntsville, AL 35801<br>T: (256) 551-0171<br>F: (256) 512-0119<br>blunsford@maynardcooper.com<br>mreeves@maynardcooper.com<br>lwhatley@maynardcooper.com |

/s/ Ruth Brown
*One of the Attorneys for Plaintiff*