UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| D.S., } | |
| } | |
|     Plaintiff, } | |
| } | |
| v. } | Case No.: 2:20-CV-2012-RDP |
| } | |
| JEFFERSON DUNN, et al., } | |
| } | |
|     Defendants. } | |

**MEMORANDUM OPINION**

    This matter is before the court on Defendant Christy Vincent's ("Vincent") Motion to Alter, Amend, or Vacate the Court's Order and Opinion on Motion to Dismiss. (Doc. # 164). In her Motion, Vincent asks the court to amend its June 1, 2022 Memorandum Opinion and Order on Defendants' Motions to Dismiss to further dismiss the two remaining state law claims of negligence and intentional infliction of emotional distress against her. (*Id.*). The Motion has been fully briefed. (Docs. # 171, 174).

    Additionally, Plaintiff's response to Vincent's Motion requests that the court clarify that Count IV of Plaintiff's Third Amended Complaint states claims in against Vincent, Gordy, and Ragsdale and should have survived Defendants' Motions to Dismiss. (Doc. # 171). This request for relief has also been fully briefed. (Docs. # 175, 176).

    For the reasons discussed below, the Vincent's Motion (Doc. # 164) is due to be denied, and Plaintiff's request to clarify (Doc. # 171) is due to be granted.

    **A. Count IV of Plaintiff's Third Amended Complaint**

    In its Memorandum Opinion on Defendants' Motions to Dismiss, the court intended to allow Plaintiff's Eighth Amendment failure to protect claims based on deliberate indifference to

the generalized risk to prisoners at St. Clair to proceed. The court intended that the Eighth Amendment failure to protect claims based on deliberate indifference to Plaintiff's individualized risks (except that claim against Defendant White, who is alleged to have been informed of a specific threat against Plaintiff) to be dismissed without prejudice. (Doc. # 159).

Count IV of Plaintiff's Third Amended Complaint asserts an Eighth Amendment failure to protect claim against Vincent, Gordy, and Ragsdale based on deliberate indifference to the generalized risk to prisoners at St. Clair. (Doc. # 134 at 65). Vincent was the PREA Director for the ADOC immediately prior to and during the events described in Plaintiff's Complaint. (Doc. # 134 at ¶ 22). Gordy was the Institutional PREA Compliance Manager at St. Clair immediately prior to and during the events described in Plaintiff's Complaint. (Doc. # 134 at ¶ 32). Ragsdale was the Backup Institutional PREA Compliance Manager at St. Clair immediately prior to and during the events described in Plaintiff's Complaint (Doc. # 134 at ¶ 33). Vincent, Gordy, and Ragsdale all had responsibilities that included "implementing and complying with PREA requirements, including the separation of likely victims from likely perpetrators of sexual violence." (Doc. # 134 at ¶¶ 22, 32, 33).

Plaintiff's Third Amended Complaint alleges that, despite the fact that "D.S. was [] specifically identified as a likely PREA victim prior to his assault at St. Clair because of his history of victimization," Vincent, Gordy, and Ragsdale "[n]onetheless, [placed D.S. in housing] along with his enemies in general population, in a poorly-supervised housing block at St. Clair." (Doc. # 134 at ¶¶ 229, 230).

Plaintiff has plausibly alleged that there is a history of exceptionally widespread prisoner on prisoner violence at St. Clair. (*Id*. at ¶¶ 106-149). He has also plausibly alleged that the prisoner population at St. Clair was heavily armed and that that the contraband search protocols at St. Clair

2

were inadequate. (*Id*. at ¶ 209). And, Plaintiff has plausibly alleged that all Defendants had knowledge of the substantial risk of serious harm facing prisoners at St. Clair based on incident reports regarding the chronic, specifically-enumerated assaults, reports by the ADOC Investigations & Intelligence division, duty officer reports, disciplinary records, medical records, annual and monthly ADOC data reports, prisoner progress reports, direct observation, internal communications, and/or prisoner lawsuits. (*Id*. at ¶ 150). In particular, Plaintiff has alleged that, even with his PREA designation, he was placed in the P/Q block, where "[t]he combination of the prevalence of contraband weapons and the free and unhindered movement of prisoners throughout the at St. Clair facility resulted in assaults and sexual violence being commonplace…." (*Id*. at ¶ 75).

Plaintiff is correct that the court "inadvertently omitted Plaintiff's Count IV from" the court's analysis of the first type of claim, *i.e*., Eighth Amendment failure to protect claims based on deliberate indifference to the generalized risk to prisoners at St. Clair which the court intended should survive Defendants' Motion to Dismiss. (*See* Doc. # 171 at 4). Count IV is titled: "Count IV – 42 U.S.C. § 1983 Eighth Amendment Failure to Protect Against Defendants Vincent, Gordy, and Ragsdale Policy and Practice Liability Based on Deliberate Indifferent to Prisoners Including D.S." (Doc. # 134 at 65). Yet, in the Order on Defendants' Motion to Dismiss, the court included this claim on the list of those claims to be dismissed without prejudice. (Doc. # 160). This was a mistake. The court did misidentify Count IV as the second type of claim which the court found to be subject to dismissal. Defendants' Motions to Dismiss Count IV of Plaintiff's Third Amended Complaint are due to be denied as to Count IV.

**B. Plaintiff's State Law Claims of Negligence and IIED**

The specific allegations made against Vincent, Gordy, and Ragsdale are sufficient for Plaintiff's IIED and negligence claims to survive a motion to dismiss for failure to state a claim, regardless of how the Eighth Amendment claims against them are treated.

Under Alabama law, in order to establish the tort of outrage, one must prove that the defendant's conduct: "(1) was intentional or reckless; (2) was extreme and outrageous; and (3) caused emotional distress so severe that no reasonable person could be expected to endure it." *Harrelson v. R.J.*, 882 So. 2d 317, 322 (Ala. 2003) (quoting *Thomas v. BSE Indus. Contractors, Inc.*, 624 So. 2d 1041, 1043 (Ala. 1993)). Under a negligence claim, "[p]rison officials have a duty to exercise ordinary and reasonable care for the protection of persons in their custody." *Patton v. Thompson*, 958 So. 2d 303, 310 (Ala. 2006). "The defendant must exercise reasonable care for the protection of the inmate's life and health under the circumstances of the particular case." *Patton*, 958 So. 2d at 310.

> As the court explained in its Memorandum Opinion on Defendants' Motions to Dismiss,
>
> Plaintiff has plausibly alleged that there is a history of exceptionally widespread prisoner on prisoner violence at St. Clair. (Id. at ¶¶ 106-149). He has also plausibly alleged that the prisoner population at St. Clair was heavily armed and that that the contraband search protocols at St. Clair were inadequate. (Id. at ¶ 209). And, Plaintiff has plausibly alleged that all Defendants had knowledge of the substantial risk of serious harm facing prisoners at St. Clair based on incident reports regarding the chronic, specifically-enumerated assaults, reports by the ADOC Investigations & Intelligence division, duty officer reports, disciplinary records, medical records, annual and monthly ADOC data reports, prisoner progress reports, direct observation, internal communications, and/or prisoner lawsuits. (Id. at ¶ 150). Moreover, Plaintiff has plausibly alleged that he had been specifically identified as a likely PREA victim prior upon his transfer to St. Clair, but he was placed in the general population and in a poorly supervised, dangerous housing block at St. Clair. (Id. at ¶¶ 229-230). Finally, Plaintiff has similarly plausibly alleged that Defendants failed to take sufficient action to correct the knowingly dangerous situation or fulfill agreed-upon obligations to improve prison conditions related to the Duke settlement, establish a grievance system, properly investigate and discipline acts of violence. There are also plausible allegations that Defendants discouraged victims

from reporting incidents of violence, and retaliated against prisoners who reported violence. (Id. at ¶¶ 233-254).

(Doc. # 159 at 14-15). These and the other plausible allegations set forth in Plaintiff's Third Amended Complaint are sufficient to state both IIED and negligence claims against Vincent and the other Defendants.

### C. Conclusion

For the foregoing reasons discussed below, Vincent's Motion (Doc. # 164) is due to be denied, and Plaintiff's request to clarify (Doc. # 171) is due to be granted. A separate order will be entered.

**DONE** and **ORDERED** this August 18, 2022.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE