# IN THE UNITED STATES DISTRICT COURT
# FOR THENORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| D.S., | ) | |
| | ) | |
| Plaintiff, | ) | Honorable Judge R. David Proctor |
| | ) | |
| v. | ) | Case No.: 2:20-cv-02012-RDP |
| | ) | |
| JEFFERSON DUNN, et al., | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |
| | ) | |

## JOINT AMENDED REPORT OF THE PARTIES' PLANNING MEETING

1. **Conference**: The following persons participated in a second Rule 26(f) conference on January 26, 2023, by phone:

   - Ruth Brown, Anil Mujumdar, and Megan Pierce, representing the Plaintiff, D.S.

   - Ellie Putman, representing Defendants Jefferson Dunn, Grantt Culliver, Jeffery Williams, Charles Daniels, Edward Ellington, Christy Vincent, Gwendolyn Givens, Anthony Brooks, Karla Jones, and Jeffery Baldwin (the "ADOC Officials").

   - Allen Sheehan and Joseph Latham representing Defendants Gary Malone, Kevin White, Carla Graham, Angelia Gordy, William Ragsdale, Nekitris Estelle, Gerald McMillian, Christopher Boyd, Lisa Bonner, William McLemore, and Tanya Ary (the "Facility Defendants").

2. **Initial Disclosures**: The parties exchanged Rule 26(a)(1) initial disclosures on July 19, 2021.

1

3. **Discovery Plan. The parties propose this discovery plan:**

   (a) <u>Nature of the case, and claims and subjects on which discovery will be needed</u>:

   The case concerns whether, as Plaintiff D.S. contends, Defendants failed to protect Plaintiff D.S. from prisoner-on-prisoner assault, exhibited deliberate indifference to D.S.'s safety, and perpetrated policies and customs that created a substantial risk of serious harm to D.S. Plaintiff asserts the following claims: failure to protect, failure to intervene, unlawful retaliation, civil conspiracy, intentional infliction of emotional distress, and negligence. Defendants deny Plaintiff's allegations and the claims asserted against them.

   Discovery may be sought on any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable.

   (b) <u>Agreed discovery dates</u>:

   | EVENT | DATE |
   |---|---|
   | Fact Discovery Closes: | January 15, 2024 |

| | |
|---|---|
| Supplementation under Rule 26(e) | 45 days before the close of discovery |
| Plaintiff's Expert Reports and Disclosures: | February 9, 2024 |
| Defendants' Expert Reports and Disclosures: | March 11, 2024 |
| Plaintiff's Reply Expert Reports: | April 15, 2024 |
| Expert Discovery Closes: | June 17, 2024 |

4. **Interrogatories:**

    - Agreed Proposal: The maximum number of interrogatories is 45 per side, including subparts, meaning 45 for Plaintiff and 45 total for Defendants. Each of Plaintiff's 45 interrogatories may be served on one or more Defendants, and if served on multiple Defendants, will be answered individually by the responding Defendants. Fed. R. Civ. P. 33 governs the response time and other interrogatory procedures.

5. **Requests for Production:**

    - Plaintiff's Proposal: Fed. R. Civ. P. 34 governs all procedures applicable to the timing and number of requests for productions. Any party shall be able to move the Court for a protective order should they believe that the number of requests for production that has been served is harassing or disproportionate. Parties will not redact documents based on relevance objections. Any redactions in documents such as for privilege or personal identifying information shall be produced contemporaneously with a log that explains the basis and nature of each redaction. Any party shall be able to seek an extension from the opposing party or the Court should they not be able to tender objections and responses to requests for production

3

within the 30 days provided by Rule 34(b)(2)(A), despite diligent efforts.

- <u>Defendants' Proposal</u>: The maximum number of requests for production is 45 per side, including subparts. Objections and responses to requests for production are due 60 days from service. Defendants object to Plaintiff's proposal that no redactions be made to documents based on relevance and believe it is premature to address the issue in a Rule 26(f) Report. Defendants do not know the universe of documents that might be discoverable, nor the universe of documents in which redactions may be appropriate, and cannot agree to the unknown.

6. **Subpoenas**:
    - <u>Agreed Proposal</u>: Any party wishing to serve a subpoena for documents or things on a third party shall give notice of the subpoena to the opposing party at least three (3) business days before the subpoena is to be issued to allow the opposing party an opportunity to raise any applicable objections. Any objections to the subpoena shall be raised in writing prior to the issue-date for the subpoena. If the parties can reach no resolution on objections, the party objecting to the subpoena may file a motion for protective order and/or to quash the subpoena.

7. **Depositions:**
    - <u>Agreed Proposal:</u> Each side is entitled to take the deposition of all opposing parties, any experts, and 10 additional witnesses, absent stipulation or good cause for additional depositions. Each deposition will be limited to a maximum of 7 hours absent stipulation or good cause. Deposition hours means hours on the record, excluding off-the-record time for breaks.

8. The parties agree that the Federal Rules of Civil Procedure and the Local Rules of the Northern District of Alabama will govern discovery issues not addressed in this report.

9. To the extent that a party requires additional discovery beyond the limits contemplated in this report, the parties propose that they be allowed, as the need arises, to come before the Court to request modification of the proposed discovery limits.

10. **Other Items**:

    (a) The parties suggest a pretrial conference on or about January 6, 2025, which would be six weeks prior to the trial date.

    (b) The parties suggest the deadline for Plaintiff to amend pleadings or join parties be on or before:

    - Plaintiff's Proposal: 120 days before the close of fact discovery, consistent with Rule 15(a)(2), Rule 15(b), and Rule 15(d) of the Federal Rules of Civil Procedure.

    - Defendants' Proposal: Consistent with Rules 15, 19, and 20 of the Federal Rules of Civil Procedure. It is inappropriate to amend pleadings or join parties after substantial fact and expert discovery have been completed.

    (c) The parties suggest the deadline for Defendants to amend pleadings or join parties be on or before:

    - Plaintiff's Proposal: 90 days before the close of fact discovery.

    - Defendants' Proposal: Defendants will seek amendment of their pleadings or will respond to an amended pleading or joinder of additional parties, consistent with applicable Federal Rules of Civil Procedure.

    (d) The parties suggest the deadline for filing dispositive motions be August 1,

2024, 45 days after the close of expert discovery.

(e) The parties suggest that the filing or Rule 26(a)(3) witness lists, deposition designations, and exhibit lists be completed no later than December 10, 2024, 14 days prior to the pretrial conference.

(f) The parties suggest that all objections to Rule 26(a)(3) filings be filed no later than December 20, 2024, 7 days prior to the pretrial conference.

(g) The parties suggest the deadline for filing motions in limine, proposed jury instructions, and questions for voir dire be January 27, 2025.

(h) The parties suggest the deadline for filing responses to Rule 26(a)(3) objections be January 27, 2025.

(i) The parties suggest a trial date on or about <u>February 17, 2025</u>.

(j) The parties believe that discussion of settlement is premature, pending an opportunity for the parties to conduct initial discovery in this case. After completing initial discovery, the parties will confer about whether mediation could help resolve this case through settlement.

(k) The parties stipulate to service of case documents by email under Rule 5(b)(2)(E). The parties consent to electronic service of discovery requests and responses.

(l) The parties stipulate under Rule 30(b)(4) that a party may notice a deposition by remote means, absent objection from another party. The Parties further stipulate that depositions may be taken remotely by video conference software (e.g., Zoom, Skype), with any attorney defending the deposition who is in in the physical presence of the witness appearing on camera. Should any objections arise regarding whether a deposition is in

person or remote, the parties agree to confer in good faith and raise any issues with the Court if necessary.

Dated: March 14, 2023

*/s/ William R. Lunsford*

*Attorney for the ADOC Officials*

William R. Lunsford
Matthew B. Reeves
M. Landon Whatley
**MAYNARD, COOPER & GALE, P.C.**
655 Gallatin Street, S.W.
Huntsville, AL 35801
Telephone: (256) 551-0171
Facsimile: (256) 512-0119
blunsford@maynardcooper.com
mreeves@maynardcooper.com
lwhatley@maynardcooper.com

*/s/ W. Allen Sheehan*

*Attorney for the Facility Defendants*

W. Allen Sheehan
C. Richard Hill, Jr.
James N. Walter, Jr.
Joseph R. Latham
**CAPELL & HOWARD, PC**
P.O. Box 2069
Montgomery, AL 36102
Telephone: (334) 241-8000
Facsimile: (334) 323-8888
allen.sheehan@chlaw.com
rick.hill@chlaw.com
jimmy.walter@chlaw.com
joseph.latham@chlaw.com

*/s/ Ruth Z. Brown*

*Attorney for Plaintiff*

Ruth Z. Brown (pro hac vice)

Megan Pierce
**LOEVY & LOEVY**
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
Telephone: (312) 243-5900
Facsimile: (312) 243-5902
ruth@loevy.com
megan@loevy.com

Anil A. Mujumdar
**DAGNEY JOHNSON LAW GROUP**
2170 Highland Avenue, Suite 250
Birmingham, AL 35205
Telephone: (205) 590-6986
Facsimile: (205) 809-7899
anil@dagneylaw.com