IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| D.S., ) | |
| ) | |
| Plaintiff, ) | Honorable Judge R. David Proctor |
| ) | |
| v. ) | Case No.: 2:20-cv-02012-RDP |
| ) | |
| JEFFERSON DUNN, et al., ) | |
| ) | |
| Defendants. ) | JURY TRIAL DEMANDED |
| ) | |

**JOINT REPORT REGARDING REQUESTS FOR ADMISSION**

Pursuant to the Court's April 5, 2023 order (Dkt. 191), the parties, through their counsel, respectfully submit this joint report outlining their positions regarding the maximum number of requests for admission ("RFA") by each party in this matter:

**RULE 37 STATEMENT**

On April 5, 2023, the Court issued an order instructing the parties, within 45 days, to submit a joint report regarding the maximum number of RFAs by each party to any other party. Dkt. 191 ¶5. The parties conferred via email and during a phone conference on May 18, 2023. They could not reach agreement, so are submitting separate proposals below.

**PLAINTIFF'S POSITION**

Plaintiff proposes that he be permitted to serve upon Defendants a set of 50 RFAs, to be answered by Defendants, plus up to an additional 5 RFAs per documented, serious incident of violence that occurred at St. Clair in the one-year period leading up to the assault of D.S. (January 30, 2018 to January 29, 2019). Plaintiff further proposes that Defendants be permitted to collectively serve a set of 60 RFAs on Plaintiff.

As indicated to the Court during the scheduling conference, Plaintiff has a unique and particularized need for requests for admission in this case. As the Court indicated in its motion to dismiss ruling, Plaintiff's claims require a showing of a substantial risk of serious harm based on the generalized threat of prisoner-on-prisoner violence, as well as Defendants' knowledge of that risk. *See, e.g.*, Dkt. 159 at 14. To satisfy this challenging standard and streamline the issues for discovery and trial, Plaintiff intends to serve on Defendants specific requests for admission regarding the occurrence of, and Defendants' knowledge of, serious incidents of violence at St. Clair in the year leading up to D.S.'s assault. These requests will be based on the content of documents Plaintiff anticipates receiving in discovery: namely, Alabama Department of Corrections reports documenting serious incidents of violence. Plaintiff has served a discovery request seeking all incident and duty reports for prisoner-on-prisoner violence at St. Clair, but has not yet received responsive documents from Defendants, and thus cannot identify the exact number of incidents that will be the subject of the proposed RFAs.

Plaintiff has a particularized need to serve these requests because, although Plaintiff has already alleged a number of particular instances of violence at St. Clair in his Third Amended Complaint (Dkt. 134 ¶¶105-249), Defendants indicated in response that they could not admit or deny those allegations without review of accompanying records about those incidents. *See* Dkt. 165 (ADOC Defendants' Answer to Plaintiff's Third Amended Complaint) at ¶11 ("The ADOC Officials lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 105 through 149 of the Third Amended Complaint, including the subparagraphs . . ., and, therefore, deny these allegations."); Dkt. 166 (Facility Defendants' Answer to Plaintiff's Third Amended Complaint) at ¶¶105-149 (similar). Accordingly, given Defendants' Answers and to make summary judgment and trial manageable, it will be imperative that Plaintiff have an opportunity to attempt to narrow the parties' disputes about these other incidents of violence

through the use of the Alabama Department of Corrections' records about the incidents. *See Lingelbach v. Smith*, 2020 WL 2084774, at *2 (M.D. Fla. April 30, 2020) (the purpose of Rule 36 is to narrow the issues for trial).

Specifically, Plaintiff will seek admissions based on the documents of (1) certain facts about the incident as documented in the associated reports; (2) the injuries as documented in the associated reports; (3-4) the nature of any discipline, response, and or follow-up as documented in the associated reports; and, (5) Defendants' notice of the reports about the incident. To enable efficient responses, Plaintiff will identify in his requests for admission specific page references to where the content appears in the associated reports, as well as provide the reports themselves.

Because the admissions will be based on specific accompanying records of the Alabama Department of Corrections' documents, along with specific Bates references, responses will not be burdensome. Defendants raise a concern about how Plaintiff will define "incidents," and he clarifies here that he will do so based on the Alabama Department of Corrections' definitions (e.g., each incident report and associated duty report corresponds with one incident only).

Given the requirements of Plaintiff's Eighth Amendment claims, these requests are directly proportional to the needs of the case. Each request will assist in streamlining and narrowing the parties' disputes as to whether: (a) there existed a substantial risk of serious harm of prisoner-on-prisoner violence at St. Clair, and (b) whether Defendants were aware of such a risk. In that way, the requests will conserve the resources of the Court at summary judgement and of the jury at trial.

To the extent Defendants complain that there were too many serious incidents of violence at St. Clair over the one-year period leading up to D.S.'s assault to admit, that is a reflection of evidence necessary to prove Plaintiff's case and not a basis to deny discovery.

In sum, Plaintiff proposes that he be able to serve up to 5 RFAs per serious incident of violence, plus an additional set of 50 RFAs, on Defendants (each to be served on one or more Defendants), and that Defendants be permitted to collectively serve a set of 60 RFAs on Plaintiff.

As do Defendants below, Plaintiff also proposes that all parties be able to exceed the limit of requests for admission, either by stipulation of the parties or by moving this Court, should they have good cause to do so.

## DEFENDANTS' POSITION

Defendants cannot agree to Plaintiff's proposed number of requests for admission. Initially, it is unclear exactly how many requests for admission Plaintiff seeks. If the Defendants' understanding of Plaintiff's proposal is correct, Plaintiff proposes five (5) requests for admission per "incident of violence" that occurred at St. Clair Correctional Facility for one year prior to Plaintiffs alleged assault. Plaintiff's proposal is unreasonable and disproportionate to the needs of the case.

Plaintiff originally proposed to limit the requests for admission to only the specific instances alleged in the Third Amended Complaint – which Defendants believed was still disproportionate to the needs of the case. However, Plaintiff's current proposal is even broader, requesting five (5) requests for admission for every "incident of violence" that occurred at St. Clair for a years' time. Even if the Court were to grant Plaintiff's proposal only regarding the specific "incidents of violence" alleged in the Third Amended Complaint, dkt. 134 ¶¶105-149, that would result in a total of *three hundred and twenty-five (325)* requests for admission, i.e. five (5) requests for fifty-five (55) specific instances of violence, plus an additional fifty (50) requests that would be served on each Defendant. Meanwhile, Plaintiff's proposal would allow only *sixty (60)* requests for admission to be served on Plaintiff on behalf of all twenty-one (21) defendants.

And that would be under a conservative interpretation of Plaintiff's request. Plaintiff's proposal is problematic, in that it is vague and ambiguous as to how Plaintiff defines an "incident of violence" at St. Clair. If the Court were to grant Plaintiff's request as it is stated in the above proposal, depending on Plaintiff's interpretation of what type of conduct constitutes a "serious incidence of violence", this could substantially increase the actual number of requests for admission Plaintiff seeks.

In the parties' May 18, 2023 meet and confer regarding the number of requests for admission, counsel for the Defendants offered to compromise if Plaintiff's counsel were willing to reduce the proposed number of requests for admission to a tangible, reasonable number that the parties could agree upon; Defense counsel proposed approximately 130 requests for admission per side. However, Plaintiff to-date maintains that Plaintiff cannot agree to limit the number of proposed requests for admission to a specific, reasonable number.

Therefore, the Defendants propose **one-hundred and fifty (150) requests for admission per side, including subparts**. The parties will confer in good faith if any party seeks to exceed the limitation on the number of requests for admission. Additionally, as the Court suggested in the April 5, 2023, Rule 16(b) scheduling conference, the parties will also confer in good faith and determine if agreed-upon stipulations are adequate to narrow the issues for trial. The parties will work in good faith to accommodate additional requests for admission or stipulations to avoid involving the Court. However, if the parties cannot reach an agreement, the parties may seek permission from the Court to serve additional requests for admission.

Respectfully submitted,

Date: May 22, 2023

**D.S.**

BY**:** /s/ Megan Pierce
*One of Plaintiff's Attorneys*

5

BY: /s/ Anil Mujumdar
*Local Counsel*


*Ruth Z. Brown (pro hac vice) (IL No. 6299187)
Megan Pierce (pro hac vice) (CA No. 314044)
Attorneys for Plaintiff
LOEVY & LOEVY
311 N. Aberdeen, 3rd Floor
Chicago, IL 60607
Telephone: 312-243-5900
Fax: 312-243-5902
Email: ruth@loevy.com, megan@loevy.com
*Counsel of Record

Anil A. Mujumdar (ASB-2004-L65M)
Dagney Johnson Law Group
2170 Highland Avenue, Suite 250
Birmingham, Alabama 35205
T: 205.590.6986
F: 205.809.7899
E: anil@dagneylaw.com
* Local Counsel

/s/ William J. Cranford

*Attorney for the ADOC Officials*

William R. Lunsford
Matthew B. Reeves
William J. Cranford III
**BUTLER SNOW, LLP**
200 West Side Square
Suite 100
Huntsville, AL 35801
Telephone: (256) 936-5650
Facsimile: (256) 936-5651
bill.lunsford@butlersnow.com
matt.reeves@butlersnow.com
will.cranford@butlersnow.com

/s/ W. Allen Sheehan

*Attorney for the Facility Defendants*

W. Allen Sheehan
C. Richard Hill, Jr.
James N. Walter, Jr.

Joseph R. Latham
**CAPELL & HOWARD, PC**
P.O. Box 2069
Montgomery, AL 36102
Telephone: (334) 241-8000
Facsimile: (334) 323-8888
allen.sheehan@chlaw.com
rick.hill@chlaw.com
jimmy.walter@chlaw.com
joseph.latham@chlaw.com

## **CERTIFICATE OF SERVICE**

      I, Megan Pierce, hereby certify that on May 22, 2023, I caused the foregoing document to be filed using the Court's CM/ECF system, causing it to be served on counsel for all Defendants.

      /s/ Megan Pierce
      *One of Plaintiff's Attorneys*